**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TRACBEAM, L.L.C., a Colorado limited liability company,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AT&T INC., a Delaware corporation; AT&T MOBILITY L.L.C., a Delaware limited liability company; METROPCS COMMUNICATIONS, INC., a Delaware corporation; METROPCS WIRELESS, INC., a Delaware corporation; TEXAS RSA 7B3, L.P. D/B/A PEOPLES WIRELESS SERVICES, a Texas corporation; SPRINT NEXTEL CORPORATION, a Kansas corporation; SPRINT SPECTRUM L.P., a Delaware limited partnership; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC., a Delaware corporation; NEXTEL OF NEW YORK, INC., a Delaware corporation; NEXTEL SOUTH CORP., a Georgia corporation; NEXTEL OF TEXAS, INC., a Texas corporation; NEXTEL WEST CORP., a Delaware corporation; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, a Delaware partnership; GOOGLE, INC., a Delaware corporation; and SKYHOOK WIRELESS, INC., a Delaware corporation.<br><br>　　　　　　Defendants. | CASE NO. 6:11-cv-96<br><br>**Jury Trial Demanded** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff TracBeam, L.L.C., ("TracBeam"), by counsel and pursuant to Federal Rule of Civil Procedure 8(a), on information and belief, alleges the following in support of its Complaint for patent infringement against Defendants AT&T, Inc.; AT&T Mobility, L.L.C.; MetroPCS Communications, Inc.; MetroPCS Wireless, Inc.; Texas RSA 7B3, L.P. d/b/a Peoples Wireless Services; Sprint Nextel Corporation; Sprint Spectrum, L.P.; Nextel of California, Inc.; Nextel Communications of the Mid-Atlantic, Inc.; Nextel of New York, Inc.; Nextel South Corp.; Nextel of Texas, Inc.; Nextel West Corp.; Cellco Partnership d/b/a Verizon Wireless; Google, Inc.; and Skyhook Wireless, Inc. (collectively "Defendants"):

**Introduction**

1.  Plaintiff TracBeam owns the inventions described and claimed in United States Patent Nos. 7,764,231 entitled "Wireless Location Using Multiple Mobile Station Location Techniques" (the "'231 patent") and 7,525,484 entitled "Gateway and Hybrid Solutions for Wireless Location" (the "'484 patent") (collectively "the Patents"). Defendants have used and continue to use Plaintiff's patented technology in products and/or services that they make, use, import, sell, and/or offer to sell. TracBeam seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the technology claimed by the Patents without Plaintiff's permission.

**Plaintiff TracBeam**

2.  Plaintiff TracBeam is a limited liability company existing under and by virtue of the laws of the State of Colorado.

**Defendants**

AT&T Defendants

3. AT&T, Inc. is a Delaware corporation with its principal place of business in Dallas, Texas.

4. AT&T Mobility, L.L.C. is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. (AT&T, Inc. and AT&T Mobility, L.L.C. are collectively referred to as "AT&T.")

MetroPCS Defendants

5. MetroPCS Communications, Inc. is a Delaware corporation with its principal place of business in Richardson, Texas.

6. MetroPCS Wireless, Inc. is a Delaware corporation with its principal place of business in Richardson, Texas. (MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. are collectively referred to as "MetroPCS.")

Peoples Defendant

7. Texas RSA 7B3, L.P. d/b/a Peoples Wireless Services ("Peoples") is a Texas corporation with its principal place of business in Quitman, Texas.

Sprint Nextel Defendants

8. Sprint Nextel Corporation is a Kansas corporation with its principal place of business in Overland Park, Kansas.

9. Sprint Spectrum, L.P. is a Delaware limited partnership with its principal place of business in Overland Park, Kansas.

10. Nextel of California, Inc. is a Delaware corporation with its principal place of business in Overland Park, Kansas.

11. Nextel Communications of the Mid-Atlantic, Inc. is a Delaware corporation with its principal place of business in Overland Park, Kansas.

12. Nextel of New York, Inc. is a Delaware corporation with its principal place of business in Overland Park, Kansas.

13. Nextel South Corp. is a Georgia corporation with its principal place of business in Overland Park, Kansas.

14. Nextel of Texas, Inc. is a Texas corporation with its principal place of business in Overland Park, Kansas.

15. Nextel West Corp. is a Delaware corporation with its principal place of business in Overland Park, Kansas. (Sprint Nextel Corporation; Sprint Spectrum, L.P.; Nextel of California, Inc.; Nextel Communications of the Mid-Atlantic, Inc.; Nextel of New York, Inc.; Nextel South Corp.; Nextel of Texas, Inc.; and Nextel West Corp are collectively referred to as "Sprint Nextel.")

Verizon Defendant

16. Cellco Partership d/b/a Verizon Wireless ("Verizon") is a Delaware partnership with its principal place of business in Basking Ridge, New Jersey.

Google Defendant

17. Google, Inc. ("Google") is a Delaware corporation with its principal place of business in Mountain View, California.

Skyhook Defendant

18. Skyhook Wireless, Inc. ("Skyhook") is a Delaware corporation with its principal place of business in Boston, Massachusetts.

**The Patents**

19. The United States Patent and Trademark Office issued the '231 patent (attached as exhibit A) on July 27, 2010; and the '484 patent (attached as exhibit B) on April 28, 2009. Through assignment, Plaintiff is the owner of all right, title, and interest in the Patents, including all rights to pursue and collect damages for infringement of the Patents.

**Jurisdiction and Venue**

20. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

21. Each of the Defendants has committed acts and continues to commit acts within this judicial district giving rise to this action. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

**First Claim for Patent Infringement**
**(Infringement of the '231 patent)**

22. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 21 above and further alleges as follows:

23. The United States Patent and Trademark Office issued the '231 patent on July 27, 2010. Plaintiff is the owner of the '231 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

24. Without a license or permission from Plaintiff, AT&T has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. AT&T's infringing products and services include, without limitation, its products

and services for determining the locations of wireless mobile devices (*e.g.*, the locations of AT&T subscribers' cellular phones). AT&T, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of AT&T's products and services.

25. AT&T's infringement of the '231 patent has been and continues to be willful. AT&T knew or should have known of a provisional patent application that led to the '231 patent as early as 1996, when Plaintiff contacted AT&T in written correspondence regarding Plaintiff's wireless location technology and patent applications; AT&T was then directly informed by Plaintiff in 1998 of the international application that later issued as the '231 patent; and AT&T knew or should have known of the '231 patent upon its issuance. AT&T has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '231 patent. This objectively-defined risk has been known or so obvious that it should have been known to AT&T.

26. As a result of AT&T's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless AT&T is enjoined from continuing to infringe the '231 patent.

27. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from AT&T to compensate it for AT&T's infringement of the '231 patent.

28. Without a license or permission from Plaintiff, MetroPCS has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. MetroPCS's infringing products and services include, without limitation,

its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of MetroPCS subscribers' cellular phones). MetroPCS, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of MetroPCS's products and services.

29. As a result of MetroPCS's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless MetroPCS is enjoined from continuing to infringe the '231 patent.

30. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from MetroPCS to compensate it for MetroPCS's infringement of the '231 patent.

31. Without a license or permission from Plaintiff, Sprint Nextel has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Sprint Nextel's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Sprint Nextel subscribers' cellular phones). Sprint Nextel, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Sprint Nextel's products and services.

32. Sprint Nextel's infringement of the '231 patent has been and continues to be willful. Sprint Nextel knew or should have known of a provisional patent application that led to the '231 patent as early as 1996, when Plaintiff contacted Sprint Nextel (or one of its

predecessor corporations) regarding its wireless location technology and patent applications; Plaintiff then provided detailed information both orally and in writing regarding its wireless location technology to Sprint Nextel (or one of its predecessor corporations) in 1997 pursuant to a non-disclosure agreement that was executed after Plaintiff had filed the international application that later issued as the '231 patent; and Sprint Nextel (or one of its predecessor corporations) knew or should have known of the '231 patent upon its issuance. Sprint Nextel has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '231 patent. This objectively-defined risk has been known or so obvious that it should have been known to Sprint Nextel.

33. As a result of Sprint Nextel's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Sprint Nextel is enjoined from continuing to infringe the '231 patent.

34. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Sprint Nextel to compensate it for Sprint Nextel's infringement of the '231 patent.

35. Without a license or permission from Plaintiff, Verizon has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Verizon's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Verizon subscribers' cellular phones). Verizon, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Verizon's products and services.

36. Verizon's infringement of the '231 patent has been and continues to be willful. Verizon (or one of its predecessor corporations) knew of a provisional patent application that led to the '231 patent as early as 1996, when Plaintiff contacted Verizon (or one of its predecessor corporations) regarding Plaintiff's wireless location technology and patent applications; Plaintiff provided additional information regarding its technology to Verizon (or one of its predecessor corporations) in 1997 after Plaintiff had filed the international application that later issued as the '231 patent; and Verizon knew or should have known of the '231 patent upon its issuance. Verizon has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '231 patent. This objectively-defined risk has been known or so obvious that it should have been known to Verizon.

37. As a result of Verizon's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Verizon is enjoined from continuing to infringe the '231 patent.

38. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Verizon to compensate it for Verizon's infringement of the '231 patent.

39. Without a license or permission from Plaintiff, Google has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Google's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices, including its My Location product. Google, which has knowledge of the '231 patent, has also actively and knowingly

contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Google's products and services.

40. As a result of Google's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Google is enjoined from continuing to infringe the '231 patent.

41. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Google to compensate it for Google's infringement of the '231 patent.

42. Without a license or permission from Plaintiff, Skyhook has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Skyhook's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices. Skyhook, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Skyhook's products and services.

43. As a result of Skyhook's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Skyhook is enjoined from continuing to infringe the '231 patent.

44. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Skyhook to compensate it for Skyhook's infringement of the '231 patent.

**Second Claim for Patent Infringement**
**(Infringement of the '484 patent)**

45. Plaintiff incorporates by reference each of the allegations in paragraphs 1 – 21 above and further alleges as follows:

46. The United States Patent and Trademark Office issued the '484 patent on April 28, 2009. Plaintiff is the owner of the '484 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

47. Without a license or permission from Plaintiff, AT&T has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. AT&T's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of AT&T subscribers' cellular phones). AT&T, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of AT&T's products and services.

48. AT&T's infringement of the '484 patent has been and continues to be willful. As described above, AT&T knew or should have known of the '231 patent, of which the '484 patent is a continuation; and AT&T knew or should have known of the '484 patent upon its issuance. AT&T has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '484 patent. This objectively-defined risk has been known or so obvious that it should have been known to AT&T.

49. As a result of AT&T's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet

determined, and will suffer an impairment of the value of its patent rights unless AT&T is enjoined from continuing to infringe the '484 patent.

50. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from AT&T to compensate it for AT&T's infringement of the '484 patent.

51. Without a license or permission from Plaintiff, MetroPCS has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. MetroPCS's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of MetroPCS subscribers' cellular phones). MetroPCS, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of MetroPCS's products and services.

52. As a result of MetroPCS's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless MetroPCS is enjoined from continuing to infringe the '484 patent.

53. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from MetroPCS to compensate it for MetroPCS's infringement of the '484 patent.

54. Without a license or permission from Plaintiff, Peoples has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Peoples' infringing products and services include, without limitation, its

products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Peoples subscribers' cellular phones). Peoples, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Peoples' products and services.

56. 55. As a result of Peoples' infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Peoples is enjoined from continuing to infringe the '484 patent.

56. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Peoples to compensate it for Peoples' infringement of the '484 patent.

57. Without a license or permission from Plaintiff, Sprint Nextel has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Sprint Nextel's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Sprint Nextel subscribers' cellular phones). Sprint Nextel, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Sprint Nextel's products and services.

58. Sprint Nextel's infringement of the '484 patent has been and continues to be willful. As described above, Sprint Nextel knew or should have known of the '231 patent, of which the '484 patent is a continuation; and Sprint Nextel knew or should have known of the '484 patent upon its issuance. Sprint Nextel has disregarded and continues to disregard an

objectively high likelihood that its actions constitute infringement of the '484 patent. This objectively-defined risk has been known or so obvious that it should have been known to Sprint Nextel.

59. As a result of Sprint Nextel's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Sprint Nextel is enjoined from continuing to infringe the '484 patent.

60. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Sprint Nextel to compensate it for Sprint Nextel's infringement of the '484 patent.

61. Without a license or permission from Plaintiff, Verizon has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Verizon's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Verizon subscribers' cellular phones). Verizon, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Verizon's products and services.

62. Verizon's infringement of the '484 patent has been and continues to be willful. Verizon (or one of its predecessor corporations) knew or should have known of the '231 patent, of which the '484 patent is a continuation; and Verizon knew or should have known of the '484 patent upon its issuance. Verizon has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '484 patent. This

objectively-defined risk has been known or so obvious that it should have been known to Verizon.

63. As a result of Verizon's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Verizon is enjoined from continuing to infringe the '484 patent.

64. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Verizon to compensate it for Verizon's infringement of the '484 patent.

65. Without a license or permission from Plaintiff, Google has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Google's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices, including its My Location product. Google, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Google's products and services.

66. As a result of Google's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Google is enjoined from continuing to infringe the '484 patent.

67. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Google to compensate it for Google's infringement of the '484 patent.

68. Without a license or permission from Plaintiff, Skyhook has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Skyhook's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices. Skyhook, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Skyhook's products and services.

69. As a result of Skyhook's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Skyhook is enjoined from continuing to infringe the '484 patent.

70. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Skyhook to compensate it for Skyhook's infringement of the '484 patent.

## Jury Demand

71. Plaintiff demands trial by jury of all issues relating to its claims regarding the '231 and '484 patents.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment as follows:

A. A judgment in favor of Plaintiff that (a) AT&T, MetroPCS, Sprint, Verizon, Google, and Skyhook have infringed the '231 patent, and (b) AT&T, MetroPCS, Peoples, Sprint, Verizon, Google, and Skyhook have infringed the '484 patent;

B.     A judgment and order finding that AT&T, Sprint, and Verizon have willfully infringed the '231 and '484 patents;

C.     A decree preliminarily and permanently enjoining (a) AT&T, MetroPCS, Sprint, Verizon, Google, and Skyhook as well as their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe the '231 patent; and (b) AT&T, MetroPCS, Peoples, Sprint, Verizon, Google, and Skyhook as well as their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe the '484 patent;

D.     A judgment and order requiring (a) AT&T, MetroPCS, Sprint, Verizon, Google, and Skyhook to pay Plaintiff compensatory damages, costs, expenses, and pre- and post-judgment interest for Defendants' infringement of the '231 patent, as provided under 35 U.S.C. § 284; and (b) AT&T, MetroPCS, Peoples, Sprint, Verizon, Google, and Skyhook to pay Plaintiff compensatory damages, costs, expenses, and pre- and post-judgment interest for Defendants' infringement of the '484 patent, as provided under 35 U.S.C. § 284;

E.     A judgment and order finding that this patent infringement case is exceptional within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees; and

F.     Any and all other relief to which Plaintiff may be entitled.

Dated:  May 19, 2011	Respectfully submitted,


By: /s/ S. Calvin Capshaw

    Gregory S. Dovel
    CA State Bar No. 135387
    Email: greg@dovellaw.com
    Richard E. Lyon
    CA State Bar No. 229288
    Email: rick@dovellaw.com
    DOVEL & LUNER, LLP
    201 Santa Monica Blvd., Suite 600
    Santa Monica, CA 90401
    Telephone:  310-656-7066
    Facsimile:  310-657-7069

    S. Calvin Capshaw
    State Bar No. 03783900
    Elizabeth L. DeRieux
    State Bar No. 05770585
    CAPSHAW DERIEUX, L.L.P.
    114 E. Commerce Ave.
    Gladewater, Texas 75647
    Telephone: (903) 236-9800
    Facsimile: (903) 236-8787
    Email:  ccapshaw@capshawlaw.com
    Email:  ederieux@capshawlaw.com

    Robert Christopher Bunt
    State Bar No. 00787165
    Email: cbunt@cox-internet.com
    PARKER & BUNT, P.C.
    100 East Ferguson, Ste. 1114
    Tyler, TX 75702
    Telephone:  903/531-3535
    Facsimile: 903/533-9687

    ATTORNEYS FOR PLAINTIFF
    TRACBEAM, L.L.C.

## **CERTIFICATE OF SERVICE**

  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 19th day of May, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other parties will be served by electronic mail, facsimile transmission and/or first class mail or formal service of process on this same date.

                   /s/ S. Calvin Capshaw