**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TRACBEAM, L.L.C., a Colorado limited liability company,<br><br><br>Plaintiff,<br><br><br>v.<br><br>AT&T INC.; AT&T MOBILITY L.L.C.; METROPCS COMMUNICATIONS, INC.; METROPCS WIRELESS, INC.; TEXAS RSA 7B3, L.P. D/B/A PEOPLES WIRELESS SERVICES; SPRINT NEXTEL CORPORATION; SPRINT SPECTRUM L.P.; NEXTEL OF CALIFORNIA, INC.; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC.; NEXTEL OF NEW YORK, INC.; NEXTEL SOUTH CORP.; NEXTEL OF TEXAS, INC.; NEXTEL WEST CORP.; CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS; GOOGLE, INC.; SKYHOOK WIRELESS, INC.<br><br><br>Defendants. | C.A. No. 6:11-cv-00096-LED<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANTS METROPCS COMMUNICATIONS, INC.'S AND METROPCS
WIRELESS, INC.'S ANSWER TO PLAINTIFF TRACBEAM L.L.C.'S FIRST
<u>AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

Defendants MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. (collectively

"MetroPCS"), by and through its undersigned counsel, submit this Answer to this First Amended

Complaint ("Complaint") filed by Plaintiff TracBeam, L.L.C. ("TracBeam") as follows.  Except

as expressly admitted below, MetroPCS denies each and every allegation in TracBeam's

Complaint.

587803

**INTRODUCTION**

1.      MetroPCS admits that TracBeam purports to own the inventions described and

claimed in U.S. Patent Nos. 7,764,231 ("the '231 patent") and 7,525,484 ("the '484 patent")

(collectively "the patents-in-suit").  MetroPCS denies that it has used and continues to use

TracBeam's patented technology in products and/or services that they make, use, import, sell,

and/or offer to sell.  MetroPCS admits that TracBeam seeks damages for patent infringement and

injunctive relief for alleged acts of patent infringement of the '231 patent and the '484 patent, but

denies that any acts of infringement, directly, indirectly, by contribution, or by inducement have

occurred or that injunctive relief and damages are warranted.  MetroPCS expressly denies

engaging in any act of patent infringement of the patents-in-suit, and that Tracbeam lacks any

irreparable injury.

**PLAINTIFF TRACBEAM**

2.      MetroPCS lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 2 of the Complaint, and therefore denies those allegations.

**DEFENDANTS**

3.      MetroPCS lacks sufficient information to form a belief as to the allegations

contained in Paragraph 3 of the Complaint, which are directed at co-Defendant AT&T, Inc., and

therefore denies such allegations.

4.      MetroPCS lacks sufficient information to form a belief as to the allegations

contained in Paragraph 4 of the Complaint, which are directed at co-Defendant AT&T Mobility,

L.L.C., and therefore denies such allegations.

5.      MetroPCS Communications, Inc. admits that it is a Delaware corporation with its

principal place of business in Richardson, Texas.

6.      MetroPCS Wireless, Inc. admits that it is a Delaware corporation with its principal place of business in Richardson, Texas.

7.      MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 7 of the Complaint, which are directed at co-Defendant Texas RSA 7B3, L.P. d/b/a/ Peoples Wireless Services, and therefore denies such allegations.

8.      MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 8 of the Complaint, which are directed at co-Defendant Sprint Nextel Corporation, and therefore denies such allegations.

9.      MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 9 of the Complaint, which are directed at co-Defendant Sprint Spectrum, L.P., and therefore denies such allegations.

10.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 10 of the Complaint, which are directed at co-Defendant Nextel of California, Inc., and therefore denies such allegations.

11.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 11 of the Complaint, which are directed at co-Defendant Nextel Communications of the Mid-Atlantic, Inc., and therefore denies such allegations.

12.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 12 of the Complaint, which are directed at co-Defendant Nextel of New York, Inc., and therefore denies such allegations.

13.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 13 of the Complaint, which are directed at co-Defendant Nextel South Corp., and therefore denies such allegations.

14.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 14 of the Complaint, which are directed at co-Defendant Nextel of Texas, Inc., and therefore denies such allegations.

15.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 15 of the Complaint, which are directed at co-Defendant Nextel West Corp., and therefore denies such allegations.

16.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 16 of the Complaint, which are directed at co-Defendant Cellco Partnership d/b/a Verizon Wireless, and therefore denies such allegations.

17.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 17 of the Complaint, which are directed at co-Defendant Google, Inc., and therefore denies such allegations.

18.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 18 of the Complaint, which are directed at co-Defendant Skyhook Wireless, Inc., and therefore denies such allegations.

## THE PATENTS

19.     MetroPCS admits that the U.S. Patent and Trademark Office issued the '231 patent on July 27, 2010, and the '484 patent on April 28, 2009, and that TracBeam attached each patent as Exhibits A and B, respectively.  MetroPCS admits that the United States Patent and Trademark Office assignment database for the '231 patent reflects assignment from the inventors to Intellabs, LLC recorded October 25, 1999 and a subsequent assignment from Intellabs, LLC to TracBeam, LLC recorded November 27, 2000.  MetroPCS further admits that the face of the '484 patent reflects a claimed continuation status of the '231 patent, but because the assignment

data for the '484 patent is not available from the United States Patent and Trademark Office

assignment database, MetroPCS lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 19 of the Complaint, and therefore denies

those allegations.

## JURISDICTION AND VENUE

20.     MetroPCS admits that TracBeam has brought an action for patent infringement

under 35 U.S.C. §§ 271 and 281, *et seq.*, but denies that any such infringement has occurred.

MetroPCS admits that this Court has jurisdiction over patent infringement actions under 28

U.S.C. § 1338(a).

21.     MetroPCS denies that it has committed or continues to commit any infringing acts

within this judicial district that give rise to this action.  MetroPCS admits, for purposes of this

action, that venue is proper as to MetroPCS in this district pursuant to 28 U.S.C. § 1391(b) and §

1400.

## FIRST CLAIM FOR PATENT INFRINGEMENT
### (Infringement of the '231 patent)

22.     MetroPCS incorporates by reference its responses to Paragraphs 1-21 of the

Complaint.

23.     MetroPCS admits that the U.S. Patent and Trademark Office issued the '231

patent on July 27, 2010.  MetroPCS incorporates by reference Paragraph 19 with respect to the

ownership of the '231 patent, but lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 23 of the Complaint, and therefore denies

those allegations.

24.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 24 of the Complaint, which are directed at co-Defendant AT&T, and therefore denies such allegations.

25.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 25 of the Complaint, which are directed at co-Defendant AT&T, and therefore denies such allegations.

26.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 26 of the Complaint, which are directed at co-Defendant AT&T, and therefore denies such allegations.

27.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 27 of the Complaint, which are directed at co-Defendant AT&T, and therefore denies such allegations.

28.     MetroPCS admits that it does not have a license to the '231 patent, but denies that a license, authority, or permission is necessary or required because it does not infringe on any valid claim of the '231 patent.  MetroPCS further denies that its products and services for determining the locations of wireless mobile devices infringe one or more of the claims of the '231 patent.  MetroPCS also denies that it had any knowledge of the '231 patent until around the February 25, 2011 filing of this Complaint, and denies that it has infringed or continues to infringe the claims of the '231 patent in any way, whether actively, knowingly, by contribution, or by inducement.

29.     MetroPCS denies that it infringes the '231 patent, and denies that TracBeam lacks any irreparable injury, or has been damaged or injured by MetroPCS, irreparably or otherwise. MetroPCS further denies that TracBeam is entitled to any damages or an injunction, because no

infringement by MetroPCS of any valid claim of the '231 patent has occurred or continues to occur.

30.     MetroPCS denies that it has infringed the '231 patent, and therefore denies that TracBeam is entitled to recover damages from MetroPCS.

31.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 31 of the Complaint, which are directed at co-Defendant Sprint Nextel, and therefore denies such allegations.

32.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 32 of the Complaint, which are directed at co-Defendant Sprint Nextel, and therefore denies such allegations.

33.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 33 of the Complaint, which are directed at co-Defendant Sprint Nextel, and therefore denies such allegations.

34.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 34 of the Complaint, which are directed at co-Defendant Sprint Nextel, and therefore denies such allegations.

35.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 35 of the Complaint, which are directed at co-Defendant Verizon, and therefore denies such allegations.

36.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 36 of the Complaint, which are directed at co-Defendant Verizon, and therefore denies such allegations.

37.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 37 of the Complaint, which are directed at co-Defendant Verizon, and therefore denies such allegations.

38.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 38 of the Complaint, which are directed at co-Defendant Verizon, and therefore denies such allegations.

39.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 39 of the Complaint, which are directed at co-Defendant Google, and therefore denies such allegations.

40.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 40 of the Complaint, which are directed at co-Defendant Google, and therefore denies such allegations.

41.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 41 of the Complaint, which are directed at co-Defendant Google, and therefore denies such allegations.

42.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 42 of the Complaint, which are directed at co-Defendant Skyhook, and therefore denies such allegations.

43.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 43 of the Complaint, which are directed at co-Defendant Skyhook, and therefore denies such allegations.

44.     MetroPCS lacks sufficient information to form a belief as to the allegations

contained in Paragraph 44 of the Complaint, which are directed at co-Defendant Skyhook, and

therefore denies such allegations.

### SECOND CLAIM FOR PATENT INFRINGEMENT
**(Infringement of the '484 patent)**

45.     MetroPCS incorporates by reference its responses to Paragraphs 1-44 of the

Complaint.

46.     MetroPCS admits that the U.S. Patent and Trademark Office issued the '484

patent on April 28, 2009.  MetroPCS incorporates by reference Paragraph 19 with respect to the

purported ownership of the '484 patent, but lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 46 of the Complaint, and therefore

denies those allegations.

47.     MetroPCS lacks sufficient information to form a belief as to the allegations

contained in Paragraph 47 of the Complaint, which are directed at co-Defendant AT&T, and

therefore denies such allegations.

48.     MetroPCS lacks sufficient information to form a belief as to the allegations

contained in Paragraph 48 of the Complaint, which are directed at co-Defendant AT&T, and

therefore denies such allegations.

49.     MetroPCS lacks sufficient information to form a belief as to the allegations

contained in Paragraph 49 of the Complaint, which are directed at co-Defendant AT&T, and

therefore denies such allegations.

50.     MetroPCS lacks sufficient information to form a belief as to the allegations

contained in Paragraph 50 of the Complaint, which are directed at co-Defendant AT&T, and

therefore denies such allegations.

51.     MetroPCS admits that it does not have a license to the '484 patent, but denies that a license, authority, or permission is necessary because it does not infringe on any valid claim of the '484 patent.  MetroPCS further denies that its products and services for determining the locations of wireless mobile devices infringe one or more of the claims of the '484 patent. MetroPCS also denies that it had any knowledge of the '484 patent until around the February 25, 2011 filing of this Complaint, and denies that it has infringed or continues to infringe the claims of the '484 patent in any way, whether actively, knowingly, by contribution, or by inducement.

52.     MetroPCS denies that it infringes the '484 patent, and denies that TracBeam lacks any irreparable injury, or has been damaged or injured by MetroPCS, irreparably or otherwise. MetroPCS further denies that TracBeam is entitled to any damages or an injunction, because no infringement by MetroPCS of any valid claim of the '484 patent has occurred or continues to occur.

53.     MetroPCS denies that it has infringed the '484 patent, and therefore denies that TracBeam is entitled to recover damages from MetroPCS.

54.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 54 of the Complaint, which are directed at co-Defendant Peoples, and therefore denies such allegations.

55.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 55 of the Complaint, which are directed at co-Defendant Peoples, and therefore denies such allegations.

56.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 56 of the Complaint, which are directed at co-Defendant Peoples, and therefore denies such allegations.

57.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 57 of the Complaint, which are directed at co-Defendant Sprint Nextel, and therefore denies such allegations.

58.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 58 of the Complaint, which are directed at co-Defendant Sprint Nextel, and therefore denies such allegations.

59.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 59 of the Complaint, which are directed at co-Defendant Sprint Nextel, and therefore denies such allegations.

60.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 60 of the Complaint, which are directed at co-Defendant Sprint Nextel, and therefore denies such allegations.

61.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 61 of the Complaint, which are directed at co-Defendant Verizon, and therefore denies such allegations.

62.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 62 of the Complaint, which are directed at co-Defendant Verizon, and therefore denies such allegations.

63.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 63 of the Complaint, which are directed at co-Defendant Verizon, and therefore denies such allegations.

64.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 64 of the Complaint, which are directed at co-Defendant Verizon, and therefore denies such allegations.

65.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 65 of the Complaint, which are directed at co-Defendant Google, and therefore denies such allegations.

66.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 66 of the Complaint, which are directed at co-Defendant Google, and therefore denies such allegations.

67.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 67 of the Complaint, which are directed at co-Defendant Google, and therefore denies such allegations.

68.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 68 of the Complaint, which are directed at co-Defendant Skyhook, and therefore denies such allegations.

69.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 69 of the Complaint, which are directed at co-Defendant Skyhook, and therefore denies such allegations.

70.     MetroPCS lacks sufficient information to form a belief as to the allegations contained in Paragraph 70 of the Complaint, which are directed at co-Defendant Skyhook, and therefore denies such allegations.

## JURY DEMAND

71.     MetroPCS admits that TracBeam had demanded a trial by jury of all issues relating to its claims regarding the '231 and '484 patents so triable.

## PRAYER FOR RELIEF

72.     MetroPCS denies that TracBeam is entitled to any relief in this action with respect to the allegations against MetroPCS and asks the Court to deny any and all of such relief requested by TracBeam in its First Amended Complaint.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, MetroPCS asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated below.  MetroPCS reserves the right to amend this Answer with additional defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

MetroPCS does not directly infringe, indirectly infringe, contribute to any infringement, or induce the infringement of any valid claim of the patents-in-suit.  MetroPCS does not infringe and has not infringed any valid claim of the patents-in-suit, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

On information and belief, after a reasonable opportunity for further investigation and/or discovery, one or more of the asserted claims of the patents-in-suit are invalid for their failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, and

more particularly fail to comply with one or more of the requirements of 35 U.S.C. § 101, § 102, § 103, and/or § 112.

## THIRD AFFIRMATIVE DEFENSE
### (Limitation on Damages)

On information and belief, TracBeam's claims for relief and prayer for damages with respect to MetroPCS may be limited under 35 U.S.C. § 287(a).  To the extent that TracBeam is required to comply with the actual or constructive notice requirements of 35 U.S.C. § 287(a), MetroPCS did not receive notice of the patents-in-suit until around the February 25, 2011 filing of TracBeam's original Complaint.  Under these circumstances, MetroPCS cannot be liable for any alleged infringement of the patents-in-suit predating its receipt of actual notice of infringement from TracBeam.

## FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Liability for Indirect Infringement)

As MetroPCS was unaware of the patents-in-suit until around the February 25, 2011 filing of the Complaint, and therefore could not have had the requisite knowledge of the patents-in-suit that would be necessary for a finding that MetroPCS indirectly infringed the patents-in-suit before the Complaint was filed, MetroPCS cannot be liable for alleged indirect infringement, inducement, or contributory infringement of the patents-in-suit before learning of the patents-in-suit some time after the February 25, 2011 filing of the instant action.

## FIFTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

TracBeam is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for MetroPCS' alleged infringement of the patents-in-suit.

## PRAYER FOR RELIEF

WHEREAS, MetroPCS prays that this Court grant the following relief and judgment:

1.      Judgment for MetroPCS on TracBeam's Complaint;

2.      The First Amended Complaint be dismissed on the merits with prejudice with

respect to MetroPCS;

3.      This action be declared exceptional under 35 U.S.C. § 285, and judgment be

entered awarding MetroPCS its costs and reasonable attorneys fees, and such other relief as my

be appropriate; and

4.      Such other relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

MetroPCS demands trial by jury of all issues so triable.


Dated:  June 16, 2011                          Respectfully submitted,

                                               */s/ E. Glenn Thames, Jr.*
                                               E. Glenn Thames, Jr.
                                               Texas Bar No. 00785097
                                               glennthames@potterminton.com
                                               POTTER MINTON
                                               110 N. College Avenue, Suite 500
                                               Tyler, TX  75702
                                               Telephone:  903-597-8311
                                               Facsimile: 903-593-0846

                                               Edward A. Pennington (*pro hac vice*)
                                               Stephanie D. Scruggs (*pro hac vice*)
                                               Siddhesh V. Pandit (*pro hac vice*)
                                               Murphy & King, P.C.
                                               1055 Thomas Jefferson Street, N.W., Suite 400
                                               Washington, D.C. 20007
                                               Tel: (202) 403-2100
                                               Fax: (202) 429-4380
                                               eap@murphyking.com
                                               sds@murphyking.com
                                               svp@murphyking.com

                                               *Attorneys for Defendants MetroPCS*
                                               *Communications, Inc. and MetroPCS Wireless, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 16, 2011.  All other counsel of record will be served by first class mail.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.