## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| TRACBEAM, L.L.C., a Colorado limited liability company,<br><br>             Plaintiff,<br><br>v.<br><br>AT&T INC., a Delaware corporation; AT&T MOBILITY L.L.C., a Delaware limited liability company; METROPCS COMMUNICATIONS, INC., a Delaware corporation; METROPCS WIRELESS, INC., a Delaware corporation; TEXAS RSA 7B3, L.P. D/B/A PEOPLES WIRELESS SERVICES, a Texas corporation; SPRINT NEXTEL CORPORATION, a Kansas corporation; SPRINT SPECTRUM L.P., a Delaware limited partnership; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL COMMUNICATION OF THE MID-ATLANTIC, INC., a Delaware corporation; NEXTEL OF NEW YORK, INC., a Delaware corporation; NEXTEL SOUTH CORP., a Georgia corporation; NEXTEL OF TEXAS, INC., a Texas corporation; NEXTEL WEST CORP., a Delaware corporation; CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, a Delaware partnership; GOOGLE, INC., a Delaware corporation; and SKYHOOK WIRELESS, INC., a Delaware corporation,<br><br>             Defendants. | Case No. 6:11-cv-96 |

## DEFENDANT SKYHOOK WIRELESS, INC.'S ANSWER TO PLAINTIFF TRACBEAM, L.L.C.'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Skyhook Wireless, Inc. ("Skyhook") hereby answers TracBeam, L.L.C.'s ("TracBeam" or "Plaintiff") First Amended Complaint for Patent Infringement ("Amended Complaint") as follows:

## INTRODUCTION

1.     Skyhook admits this is an action for damages and injunctive relief brought by TracBeam against defendants alleging patent infringement.  Skyhook also admits that United States Patent No. 7,764,231 (the "'231 patent") has the title "Wireless Location Using Multiple Mobile Station Location Techniques" and that United States Patent No. 7,525,484 (the "'484 patent") has the title "Gateway and Hybrid Solutions for Wireless Location."  To the extent the remaining allegations of paragraph 1 are directed at Skyhook, Skyhook denies them.  To the extent the remaining allegations of paragraph 1 are directed towards other entities, Skyhook lacks sufficient information to admit or deny these allegations, and therefore denies them.

## PARTIES

2.     Skyhook is informed and believes and on that basis admits that TracBeam is a limited liability company existing under and by virtue of the laws of the State of Colorado.

3.     The allegations of paragraph 3 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4.     The allegations of paragraph 4 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5.     The allegations of paragraph 5 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6.     The allegations of paragraph 6 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7.     The allegations of paragraph 7 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8.      The allegations of paragraph 8 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9.      The allegations of paragraph 9 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10.     The allegations of paragraph 10 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11.     The allegations of paragraph 11 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12.     The allegations of paragraph 12 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13.     The allegations of paragraph 13 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14.     The allegations of paragraph 14 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15.     The allegations of paragraph 15 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16.     The allegations of paragraph 16 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

17.     The allegations of paragraph 17 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18.     Skyhook admits the allegations set forth in paragraph 18 of the Amended Complaint.

## PATENTS

19.     Skyhook admits that, on its face, the '231 patent states that it was issued on July 27, 2010, and names TracBeam as the assignee.  Skyhook also admits that, on its face, the '484 patent states that it was issued on April 28, 2009, and names TracBeam as the assignee. Skyhook further admits that the documents attached as Exhibits A and B to the Amended Complaint speak for themselves.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19, and therefore denies them.

## JURISDICTION AND VENUE

20.     Skyhook admits that the Amended Complaint purports to state claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq.*, but denies the claims have any merit as to Skyhook.  Skyhook also admits that this Court has subject matter jurisdiction of claims for infringement of United States Patents pursuant to 28 U.S.C. § 1338(a).  Except as expressly admitted, Skyhook denies each and every allegation set forth in paragraph 20 of the Amended Complaint.

21.     Skyhook admits that Plaintiff contends that venue is proper in this Court under 28 U.S.C. § 1391(b) and § 1400.  Skyhook denies that the Eastern District of Texas is the most suitable venue for the resolution of this case.  Skyhook further denies any allegations of wrongdoing or infringement, and specifically denies that it has committed acts of direct or indirect infringement within the Eastern District of Texas or anywhere else.  Skyhook lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Amended Complaint, and therefore denies them.

## FIRST CLAIM FOR PATENT INFRINGEMENT
### (Infringement of the '231 Patent)

22.     Skyhook reiterates and incorporates its responses to the preceding paragraphs as though expressly stated herein.

23.     Skyhook admits that Plaintiff claims rights under the '231 patent.  Skyhook also admits that, on its face, the '231 patent states that it was issued on July 27, 2010, and names TracBeam as the assignee.  Except as expressly admitted, Skyhook denies each and every allegation set forth in paragraph 23 of the Amended Complaint.

24.     The allegations of paragraph 24 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25.     The allegations of paragraph 25 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26.     The allegations of paragraph 26 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27.     The allegations of paragraph 27 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28.     The allegations of paragraph 28 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore denies them.

29.     The allegations of paragraph 29 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore denies them.

30.     The allegations of paragraph 30 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore denies them.

31.     The allegations of paragraph 31 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies them.

32.     The allegations of paragraph 32 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

33.     The allegations of paragraph 33 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and therefore denies them.

34.     The allegations of paragraph 34 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore denies them.

35.     The allegations of paragraph 35 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, and therefore denies them.

36.     The allegations of paragraph 36 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore denies them.

37.     The allegations of paragraph 37 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore denies them.

38.     The allegations of paragraph 38 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore denies them.

39.     The allegations of paragraph 39 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore denies them.

40.     The allegations of paragraph 40 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and therefore denies them.

41.     The allegations of paragraph 41 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, and therefore denies them.

42.     Skyhook denies each and every allegation set forth in paragraph 42 of the Amended Complaint.

43.     Skyhook denies each and every allegation set forth in paragraph 43 of the Amended Complaint.

44.     Skyhook denies each and every allegation set forth in paragraph 44 of the Amended Complaint.

## SECOND CLAIM FOR PATENT INFRINGEMENT
### (Infringement of the '484 Patent)

45.     Skyhook reiterates and incorporates its responses to paragraphs 1–21 as though expressly stated herein.

46.     Skyhook admits that Plaintiff claims rights under the '484 patent.  Skyhook also admits that, on its face, the '484 patent states that it was issued on April 28, 2009, and names TracBeam as the assignee.  Except as expressly admitted, Skyhook denies each and every allegation set forth in paragraph 46 of the Amended Complaint.

47.     The allegations of paragraph 47 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47, and therefore denies them.

48.     The allegations of paragraph 48 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and therefore denies them.

49.     The allegations of paragraph 49 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49, and therefore denies them.

50.     The allegations of paragraph 50 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, and therefore denies them.

51.     The allegations of paragraph 51 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, and therefore denies them.

52.     The allegations of paragraph 52 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52, and therefore denies them.

53.     The allegations of paragraph 53 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53, and therefore denies them.

54.     The allegations of paragraph 54 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54, and therefore denies them.

55.     The allegations of paragraph 55 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55, and therefore denies them.

56.     The allegations of paragraph 56 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56, and therefore denies them.

57.     The allegations of paragraph 57 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57, and therefore denies them.

58.     The allegations of paragraph 58 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58, and therefore denies them.

59.     The allegations of paragraph 59 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59, and therefore denies them.

60.     The allegations of paragraph 60 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60, and therefore denies them.

61.     The allegations of paragraph 61 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61, and therefore denies them.

62.     The allegations of paragraph 62 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62, and therefore denies them.

63.     The allegations of paragraph 63 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63, and therefore denies them.

64.     The allegations of paragraph 64 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64, and therefore denies them.

65.     The allegations of paragraph 65 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65, and therefore denies them.

66.     The allegations of paragraph 66 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66, and therefore denies them.

67.     The allegations of paragraph 67 are not directed at Skyhook, and therefore no answer is required.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67, and therefore denies them.

68.     Skyhook denies each and every allegation set forth in paragraph 68 of the Amended Complaint.

69.     Skyhook denies each and every allegation set forth in paragraph 69 of the Amended Complaint.

70.     Skyhook denies each and every allegation set forth in paragraph 70 of the Amended Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

71.     Plaintiff's demand for a jury trial requires no answer.

## RESPONSE TO PRAYER FOR RELIEF

72.     As to the allegations directed towards Skyhook, Skyhook denies that Plaintiff is entitled to any relief and, in particular, the relief demanded in Paragraphs A and C–F of the "Prayer for Relief" section of the Amended Complaint.  The remaining allegations are directed towards the other defendants, and therefore require no answer.  Skyhook is without knowledge or information sufficient to form a belief as to the truth of these remaining allegations, and therefore denies them.

## AFFIRMATIVE AND OTHER DEFENSES

Skyhook asserts the following affirmative and other defenses.  By pleading these defenses, Skyhook does not in any way agree or concede that Skyhook has the burden of proof or persuasion on any of these issues.  In addition to the defenses below, Skyhook expressly reserves the right to allege additional defenses and to amend its Answer as such defenses become known throughout the course of discovery.

## FIRST DEFENSE
### (Non-Infringement of the '231 and '484 Patents)

1.      Skyhook has not infringed, contributed to the infringement of, or induced the infringement of any claim of the '231 and '484 patents, and is not liable for infringement of the '231 and '484 patents.

## SECOND DEFENSE
### (Invalidity of the '231 and '484 Patents)

2.      One or more claims of the '231 and '484 patents are invalid for failure to comply with the conditions for patentability specified by Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE
### (Laches/Estoppel/Waiver)

3.      Plaintiff's claim of alleged infringement of the '231 and '484 patents is barred by laches, estoppel, and/or other equitable defenses, including waiver.

## FOURTH DEFENSE
### (Failure to Provide Notice)

4.      Plaintiff's ability to recover for any alleged infringement is barred or limited by its failure to meet the requirements of 35 U.S.C. § 287.

## FIFTH DEFENSE
### (Time Limitation on Damages)

5.      Plaintiff's ability to recover for any alleged infringement is barred or limited under 35 U.S.C. § 286.

## SIXTH DEFENSE
### (Bar on Costs)

6.      Plaintiff's ability to recover costs associated with this action is barred by 35 U.S.C. §288.

## SEVENTH DEFENSE
### (Adequate Remedy at Law)

7.      Plaintiff's Amended Complaint makes claims for injunctive relief that are barred in light of the adequate remedy at law available to Plaintiff.

## EIGHTH DEFENSE
### (Failure to State a Claim)

8.      The Amended Complaint fails to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, Skyhook respectfully requests a judgment against Plaintiff as follows:

A.      That the Amended Complaint be dismissed with prejudice, and that Plaintiff takes nothing by the Amended Complaint;

B.      That the Court declare that Skyhook has not infringed and is not infringing any claim of the '231 or '484 patents;

C.      That the Court declare that one or more claims of the '231 or '484 patents are invalid;

D.      That the Court determine this is an exceptional case under 35 U.S.C. § 285, and that an award of attorneys' fees and costs to Skyhook is warranted in this action; and

E.      For any such other and further relief as the court deems just and proper.

DATED:  July 13, 2011.

Respectfully submitted,


/s/  *Morgan Chu (by permission Wesley Hill)*
Morgan Chu – Lead Attorney
Samuel K. Lu
Lina F. Somait
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010
mchu@irell.com
slu@irell.com

lsomait@irell.com

Wesley Hill
Tex. Bar No. 24032294
WARD & SMITH LAW FIRM
111 W. Tyler St.
Longview, Texas 75601
Telephone: (903) 757-6400
Fax: (903) 757-2323
Email: wh@wsfirm.com

ATTORNEYS FOR DEFENDANT SKYHOOK
WIRELESS, INC.


CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have
consented to electronic service are being served with a copy of this document via the Court's
CM/ECF system per Local Rule CV-5(a)(3) this 13th day of July, 2011.


/s/ *Wesley Hill*
Wesley Hill