IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TRACBEAM, L.L.C., a Colorado limited liability company,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AT&T INC., a Delaware corporation; AT&T MOBILITY L.L.C., a Delaware limited liability company; METROPCS COMMUNICATIONS, INC., a Delaware corporation; METROPCS WIRELESS, INC., a Delaware corporation; TEXAS RSA 7B3, L.P. D/B/A PEOPLES WIRELESS SERVICES, a Texas corporation; SPRINT NEXTEL CORPORATION, a Kansas corporation; SPRINT SPECTRUM L.P., a Delaware limited partnership; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC., a Delaware corporation; NEXTEL OF NEW YORK, INC., a Delaware corporation; NEXTEL SOUTH CORP., a Georgia corporation; NEXTEL OF TEXAS, INC., a Texas corporation; NEXTEL WEST CORP., a Delaware corporation; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, a Delaware partnership; GOOGLE, INC., a Delaware corporation; and SKYHOOK WIRELESS, INC., a Delaware corporation.<br><br>　　　　　　Defendants. | CASE NO. 6:11-cv-96<br><br>**Jury Trial Demanded** |

**Plaintiff TracBeam, L.L.C.'s Sur-Reply in Further Opposition to
Moving Defendants' Motion to Dismiss for Failure to State a Claim of Willful Infringement**

## **TABLE OF CONTENTS**

I. Introduction ............................................................................................................................1

II. Argument ..............................................................................................................................2

    A. TracBeam has pled a legally cognizable theory of willful infringement .................2

    B. TracBeam has alleged facts sufficient to plead a plausible claim for relief ............3

    C. Case law supports the adequacy of TracBeam's pleading of willful infringement ..............................................................................................................4

III. Conclusion ............................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .................................................................................. 3

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ................................................................... 1

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508 (Fed. Cir. 1990) ...................... 3

*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) .................................................. 1, 2, 3

*IPVenture, Inc. v. Cellco P'ship*, 2011 U.S. Dist. LEXIS 5955 (N.D. Cal. Jan. 21, 2011) ............ 5

*Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*,
    976 F.2d 1559 (Fed. Cir. 1992)............................................................................................... 4

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (U.S. 2007).................................................................. 3

*State Indus., Inc. v. A.O. Smith Corp.*, 751 F.3d 1226 (Fed. Cir. 1985) .......................................... 3

**Rules**

Fed. R. Civ. P. 12............................................................................................................................ 5

I.      Introduction

Consistent with the standard established by the *en banc* Federal Circuit in *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), TracBeam's First Amended Complaint asserts willful infringement against the Moving Defendants based on the allegations that each Moving Defendant (1) "has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of" valid, issued patents, and (2) "[t]his objectively defined risk has been known or so obvious that it should have been known" to each Moving Defendant. (Am. Compl. ¶¶ 25, 32, 36, 48, 58, 62)

In support of this claim of willful infringement, the First Amended Complaint alleges that the Moving Defendants "knew or should have known" of the patents-in-suit upon their issuance. *Id*. In addition to these allegations regarding post-issuance knowledge or recklessness, the First Amended Complaint details multiple instances in which TracBeam communicated with the Moving Defendants regarding relevant technology and applications prior to the issuance of the patents-in-suit. *Id*. In combination, these allegations regarding conduct prior and subsequent to the issuance of the patents-in-suit satisfy federal pleading standards by "rais[ing] a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

The Moving Defendants' Motion to Dismiss is predicated on two faulty premises that have evolved over the course of their briefs. First, the Moving Defendants claimed in their opening brief that TracBeam had failed to assert a legally cognizable claim of willful infringement. See Mot. at 6 ("the present Motion is predicated upon Plaintiff's failure to present a legally cognizable theory"). That argument, however, ignored the Federal Circuit's *en banc* holding in *Seagate*, and the Moving Defendants have acknowledged in their Reply that TracBeam's pleading adopts the *Seagate* standard. (Reply at 1 (conceding that TracBeam has used "the language of the *Seagate* willfulness standard").

1

The Moving Defendants must now therefore rely solely upon their second faulty premise: that TracBeam has failed to plead sufficient facts in support of its claim for willful infringement. See Mot. at 6 ("[T]he present Motion is also predicated upon Plaintiff's failure to plead legally relevant facts to supports its willfulness theory."). Although arguing in their opening brief that conduct prior to the issuance of patents-in-suit was irrelevant to willful infringement (Mot. at 9-10), the Moving Defendants now acknowledge that pre-issuance conduct may "certainly" be pertinent to willful infringement. (Reply at 3) But the Moving Defendants insist that pre-issuance conduct is legally irrelevant when pled in isolation and as the sole basis for willful infringement. (Reply at 2-5) Because TracBeam has not pled pre-issuance conduct in isolation or as the sole basis for willful infringement, the Moving Defendants' argument is unavailing.

Accordingly, the Court should deny the Moving Defendants' motion to dismiss.

## II. Argument

### A. TracBeam has pled a legally cognizable theory of willful infringement.

Plaintiffs' Motion to Dismiss was "predicated upon Plaintiff's failure to present a legally cognizable theory to support its claim—here for willfulness." (Mot. at 6) The Moving Defendants' argument was, however, based upon a crucial omission: In their opening papers, the Moving Defendants failed to acknowledge that TracBeam had pled willful infringement consistent with the Federal Circuit's recent *en banc* decision on willful infringement. *Compare Seagate*, 497 F.3d at 1371 *with* Am. Compl. ¶¶ 25, 32, 36, 48, 58, 62. Now, the Moving Defendants acknowledge that TracBeam has adhered to the *Seagate* standard for willfulness. *See* Reply at 1 (stating that TracBeam has "parroted the language of the *Seagate* willfulness standard"). Furthermore, the Moving Defendants do not—and cannot—argue that the *Seagate* standard is inconsistent with federal pleading requirements or otherwise not legally cognizable. See Opp. at 4 ("The Moving Defendants cite no authority for the proposition that a court should

dismiss as legally deficient a claim for willful infringement that satisfies the standard for willfulness articulated by the Federal Circuit in *Seagate*.").

Nonetheless, at various points in their briefs, the Moving Defendants misleadingly suggest that willful infringement requires actual knowledge—as opposed to objective recklessness—regarding a patent. *See, e.g.*, Mot. at 8 ("willfulness requires, among other things, knowledge of an *issued* patent" (citing *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.3d 1226, 1236 (Fed. Cir. 1985) & *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990))); Mot. at 8 ("knowledge of an *issued* patent…is one of the prerequisites for a legally viable claim for willfulness"). Whereas older Federal Circuit decisions, such as *A.O. Smith* and *Gustafson*, indicated that willful infringement could be based upon actual knowledge (though *A.O. Smith* also discussed willful infringement in terms of "reckless" behavior (751 F.2d at 1237)), the *en banc* Federal Circuit has left no doubt in *Seagate* that objective recklessness is an adequate, alternative basis for willful infringement. 497 F.3d at 1371; *cf. Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (U.S. 2007) ("where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well").

The Moving Defendants have therefore failed to demonstrate that TracBeam's claim of willful infringement should be dismissed because of an unacceptable legal theory of willfulness.

**B.  TracBeam has alleged facts sufficient to plead a plausible claim for relief.**

The Moving Defendants' Motion to Dismiss was "also predicated upon Plaintiff's failure to plead legally relevant facts to supports its willfulness theory." (Mot. at 6)  This argument fails because TracBeam has pled facts sufficient to state a "plausible" claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

The Moving Defendants previously claimed that "[k]nowledge of a patent application

3

…is of no legal moment for willfulness purposes." (Mot. at 9; *see also id*. at 10 ("For knowledge to be pertinent to willfulness, the law draws the line at issuance.")) Yet in response to TracBeam's citation of several cases in which the Federal Circuit and this Court considered an infringer's knowledge of a patent application to be relevant to that infringer's willfulness (Opp. at 10), the Moving Defendants have conceded that a "court may certainly consider pre-issuance conduct in assessing willfulness" (Reply at 3).

Having recognized that pre-issuance conduct can be relevant to willful infringement, the Moving Defendants now claim that "the alleged knowledge of the unissued applications is legally irrelevant in isolation, and that's precisely how Plaintiff pled it."[1] (Reply at 3) But TracBeam does not plead pre-issuance conduct in isolation. Instead, allegations of pre- and post-issuance conduct are pled in the same sentence and logically connected. *See* Am. Compl. ¶¶ 25, 32, 36, 48, 58, 62 (alleging, together with relevant pre-issuance conduct, that each of the Moving Defendants "knew or should have known" of the patents upon issuance). TracBeam's allegations of pre-issuance conduct are used—as the Federal Circuit has held that they may be— "to support a finding of willfulness" regarding issued patents based on "the totality of the circumstances of the case." *Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc*., 976 F.2d 1559, 1581 (Fed. Cir. 1992).

### C. Case law supports the adequacy of TracBeam's pleading of willful infringement.

In its Opposition, TracBeam cited numerous, recent cases in which courts have declined to dismiss claims of willful infringement based on less specific and/or fewer allegations than TracBeam has pled. (Opp. at 8) The Moving Defendants incorrectly argue that these cases are distinguishable on three grounds.

---

[1] The Moving Defendants have not supported in their Reply—and have therefore perhaps abandoned—their prior arguments regarding the purported vagueness of TracBeam's allegations, which were countered in TracBeam's Opposition at pages 11 to 13.

First, the Moving Defendants claim that none of these decisions "permitted a willfulness claim predicated solely on knowledge of an application." (Reply at 4) Yet, as discussed above, TracBeam has not asserted willfulness based solely on knowledge of an application. Second, the Moving Defendants claim that these cases are not persuasive because "[i]t's the legal quality of Plaintiff's willfulness allegations that is determinative here—not their quantity." (Reply at 4) But the Moving Defendants fail to explain how the quality of any of the plaintiffs' allegations in those decisions was superior to TracBeam's allegations. Finally, the Moving Defendants argue that the several cases cited by TracBeam should be disregarded because they arose in districts other than the Eastern District of Texas (Reply at 4); yet the Moving Defendants then urge this Court to follow a decision from the Northern District of California (Reply at 5 (discussing *IPVenture, Inc. v. Cellco P'ship*, 2011 U.S. Dist. LEXIS 5955 (N.D. Cal. Jan. 21, 2011)).

*IPVenture* is distinguishable because TracBeam has pled qualitatively and quantitatively more than the plaintiff in *IPVenture*, whose claim of willful infringement rested on "the allegation that the patent application was cited in Defendants' patents." *Id*. at *3, *7. *Contrast* Am. Compl. ¶¶ 25, 32, 36, 48, 58, 62 (alleging multiple, specific communications over the course of several years with the Moving Defendants and a non-disclosure agreement). To the extent that *IPVenture* stands for the proposition that specific allegations of pre-issuance conduct combined with allegations regarding post-issuance knowledge or recklessness are inadequate to plead willful infringement, TracBeam submits that the Court should not follow that decision.

## III. Conclusion

For the reasons discussed above, the Moving Defendants' motion to dismiss should be denied. If, however, the Court rules in the Moving Defendants' favor, then TracBeam requests—and the Moving Defendants do not oppose (Reply at 5)—that the paragraphs regarding willful infringement should be struck under Fed. R. Civ. P. 12(b)(6) with leave to amend.

Dated:  July 15, 2011                                  Respectfully submitted,


                                                       By: */s/ Jonathan Gottfried*

                                                       Gregory S. Dovel
                                                       CA State Bar No. 135387
                                                       Email: greg@dovellaw.com
                                                       Jonathan Gottfried
                                                       NY State Bar No. 4269163
                                                       Email: jonathan@dovellaw.com
                                                       DOVEL & LUNER, LLP
                                                       201 Santa Monica Blvd., Suite 600
                                                       Santa Monica, CA 90401
                                                       Telephone:  310-656-7066
                                                       Facsimile:  310-657-7069


                                                       S. Calvin Capshaw
                                                       State Bar No. 03783900
                                                       Elizabeth L. DeRieux
                                                       State Bar No. 05770585
                                                       CAPSHAW DERIEUX, L.L.P.
                                                       114 E. Commerce
                                                       Gladewater, Texas 75647
                                                       Telephone: (903) 236-9800
                                                       Facsimile: (903) 236-8787
                                                       Email:  capshaw@capshawlaw.com
                                                       Email:  ederieux@capshawlaw.com

                                                       Robert Christopher Bunt
                                                       State Bar No. 00787165
                                                       Email: cbunt@cox-internet.com
                                                       PARKER & BUNT, P.C.
                                                       100 East Ferguson, Ste. 1114
                                                       Tyler, TX 75702
                                                       Telephone:  903/531-3535
                                                       Facsimile: 903/533-9687

                                                       ATTORNEYS FOR PLAINTIFF
                                                       TRACBEAM, L.L.C.

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 15th day of July 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Jonathan Gottfried*
JONATHAN GOTTFRIED