**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| TRACBEAM, L.L.C., | |
|       Plaintiff, | |
|   v. | |
| AT&T INC.; AT&T MOBILITY L.L.C.; METROPCS COMMUNICATIONS, INC.; METROPCS WIRELESS, INC.; TEXAS RSA 7B3, L.P. D/B/A PEOPLES WIRELESS SERVICES; SPRINT NEXTEL CORPORATION; SPRINT SPECTRUM L.P.; NEXTEL OF CALIFORNIA, INC.; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC.; NEXTEL OF NEW YORK, INC.; NEXTEL SOUTH CORP.; NEXTEL OF TEXAS, INC.; NEXTEL WEST CORP.; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; GOOGLE, INC.; and SKYHOOK WIRELESS, INC., | **Case No. 6:11-cv-00096-LED** |
|       Defendants. | |

## DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **Tuesday, November 12, 2013**<br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |

**ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:**

A.      <u>On the first day of trial</u>, each party is required to have on hand the following:

  (1)      One copy of their respective original exhibits.  Each exhibit shall be properly labeled with the following information:  Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.  In addition, exhibits shall be placed in properly marked manilla folders and contained in a box with handles.

  (2)      Three (3) hard copies of their exhibit list and witness list.  The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Orders & Forms."

B.      During trial on a daily basis, each party shall tender to the Court a list of exhibits admitted for each day.  A description of the exhibits is not necessary, just a list containing the exhibit numbers.  For example, Plaintiff will submit a document entitled, "Plaintiff's List of Exhibits Admitted on (*the date*)." Said daily lists are to be tendered the following day.  (If trial commences on Monday, Monday's list will be due Tuesday morning and so on until the conclusion of trial).

C.      At the conclusion of the evidentiary phase of trial, each party shall be responsible for pulling those exhibits admitted at trial and tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations.

D.      At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E.      Within five business days of the conclusion of trial, each party shall submit to the Court (to Chambers) the following:

  (1)      A Final Exhibit List of Exhibits Admitted During Trial, and in addition provide the Court a disk containing this document in WordPerfect or Word format.

  (2)      A disk or disks containing their respective admitted trial exhibits in PDF format, with the exception of sealed exhibits.  If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be copied on a separate disk.  If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph to be converted to a PDF file and shall be included in the Court's disk of admitted exhibits.

  (3)      A disk or disks containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.

F.      After verification of final exhibit lists, the Courtroom Deputy shall file and docket the lists, and the disk or disks containing the exhibits in PDF format shall be stored in the Clerk's Office.

| | |
|---|---|
| **Monday, November 4, 2013**<br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY SELECTION at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| **Thursday, October 24, 2013**<br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.**<br>All pending motions will be heard.<br>Lead trial counsel must attend the pretrial conference. |

| | |
|---|---|
| Thursday, October 17, 2013 | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| Thursday, October 10, 2013 | Responses to Motions in Limine due. |
| Thursday, October 3, 2013 | Motions in Limine due.  The parties are directed to meet and confer and attempt to resolve all limine issues before filing any motions in limine. |
| Thursday, October 3, 2013 | Pretrial Objections due. |
| Thursday, September 26, 2013 | Objections to Rebuttal Deposition Testimony due. |
| Thursday, September 19, 2013 | Rebuttal Designations and Objections to Deposition Testimony due.  Cross examination line and page numbers to be included.  In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| Friday, September 6, 2013 | Pretrial Disclosures due. <br><br> Video and Stenographic Deposition Designation due.  Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| Thursday, August 15, 2013 | Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.  Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. <br><br> Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.  If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. |

| | |
|---|---|
| Friday, June 28, 2013 | **Response to Dispositive Motions (including *Daubert* motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7.  <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| **Thursday, June 13, 2013** <br> Court designated date – not flexible without good cause – Motion Required | **Dispositive Motions due from all parties and any other motions that may require a hearing (including Daubert motions) due.**  Motions shall comply with Local Rule CV-56 and Local Rule CV-7.  <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| Thursday, June 6, 2013 | Parties to Identify Rebuttal Trial Witnesses. |
| Thursday, May 23, 2013 | Parties to Identify Trial Witnesses; Amend Pleadings (after *Markman* Hearing).  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline.  However, except as provided in Patent Rule 3-6, if the amendment would effect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |
| Tuesday, April 30, 2013 | Deadline for opening letter briefs for Daubert motions, motions to strike, and motions for summary judgment, according to Standing Order of August 12, 2011. |
| Friday, April 26, 2013 | **Discovery Deadline.** |
| Thursday, April 11, 2013 | Parties designate rebuttal expert witnesses (non-construction issues), Rebuttal expert witness reports due.  Refer to Local Rules for required information. |
| Thursday, March 14, 2013 | Parties with burden of proof designate expert witnesses (non-construction issues).  Expert witness reports due.  Refer to Local Rules for required information. |
| Thursday, January 31, 2013 | Comply with P.R. 3-7 - Furnishing documents and privilege logs pertaining to willful infringement. |

| | |
|---|---|
| **Thursday, November 8, 2012**<br>Court designated date – not flexible without good cause – Motion Required | ***Markman* hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| Thursday, November 1, 2012 | P.R. 4-5(d) Chart due.  Parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct in accordance with P.R. 4-5(d).<br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.**  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| Monday, October 22, 2012 | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing.  The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence due re response to claim construction.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due.**  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |

| | |
|---|---|
| Tuesday, September 25, 2012 | **Comply with P.R. 4-5(b)** - Responsive brief and supporting evidence due to party claiming patent infringement.  If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Motion for Summary Judgment of Indefiniteness due.**  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Motions to extend page limits will only be granted in exceptional circumstances. |
| Friday, September 14, 2012 | Deadline for opening letter briefs for motion for summary judgment of indefiniteness, according to Standing Order of August 12, 2011. |
| Wednesday, August 22, 2012 | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.  If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Motions to extend page limits will only be granted in exceptional circumstances. |
| Thursday, August 16, 2012 | Tutorials due.  Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent.  If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| Thursday, August 9, 2012 | **Discovery Deadline - Claim Construction Issues.** |
| Thursday, August 2, 2012 | Respond to Amended Pleadings. |
| Thursday, July 26, 2012 | Proposed Technical Advisors due.  Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor.  If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. |

| | |
|---|---|
| Thursday, July 19, 2012 | Amended Pleadings (pre-claim construction) due from all parties.  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline.  However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-7 irrespective of whether the amendment is made prior to this deadline. |
| Thursday, July 12, 2012 | Comply with P.R. 4-3 - Filing of Joint Claim Construction and Prehearing Statement. |
| Tuesday, May 29, 2012 | Deadline for letter to the Court stating that there are no disputes as to claims of privileged documents. |
| Tuesday, May 8, 2012 | Comply with P.R. 4-2 - Exchange of Preliminary Claim Constructions and Extrinsic Evidence.  Privilege Logs to be exchanged by parties. |
| Thursday, March 22, 2012 | Comply with P.R. 4-1 - Exchange Proposed Terms and Claim Elements for Construction. |
| Wednesday, February 15, 2012 | Service of "Additional Disclosures" pursuant to Paragraph 2 of Discovery Order |
| Friday, December 16, 2011 | **Comply with P.R. 3-3 and 3-4**- Invalidity Contentions due.  Thereafter, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6.<br><br>Defendant shall join additional parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Defendant shall assert any counterclaims.  After this deadline, leave of Court must be obtained to assert any counterclaims.<br><br>Add any inequitable conduct allegations to pleadings.  It is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings prior to this date.  Thereafter, it is necessary to obtain leave of Court to add inequitable conduct allegations to pleadings. |
| Thursday, November 17, 2011 | Service of "Disclosures" pursuant to Paragraph 1 of Discovery Order |

| | |
|---|---|
| Friday, September 16, 2011 | **Comply with P.R. 3-1 and P.R. 3-2** - Disclosure of Asserted Claims and Infringement Contentions due.  Thereafter, it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6.<br><br>Plaintiff shall join additional parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Plaintiff shall add new patents and/or claims for patents-in-suit.  It is not necessary to file a motion to add additional patents or claims prior to this date.  Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| Thursday, November 1, 2012 | Pre-Markman mediation to be completed.  Hon. Edward A. Infante (Ret.), JAMS, Two Embarcadero Center, Suite 1500, San Francisco, CA 94111 (phone: 415-982-5267) is appointed as mediator in this case (with Plaintiff and Defendant Google, Inc. reserving the option to have an alternative mediator appointed to mediate their dispute).  Mediation shall be conducted in accordance with the Court-Annexed Mediation Plan.  *See* Appendix H to Local Rules, available on the Court's website at www.txed.uscourts.gov. |
| Friday, October 18, 2013 | Pre-trial mediation to be completed.  Hon. Edward A. Infante (Ret.), JAMS, Two Embarcadero Center, Suite 1500, San Francisco, CA 94111 (phone: 415-982-5267) is appointed as mediator in this case (with Plaintiff and Defendant Google, Inc. reserving the option to have an alternative mediator appointed to mediate their dispute).  Mediation shall be conducted in accordance with the Court-Annexed Mediation Plan.  *See* Appendix H to Local Rules, available on the Court's website at www.txed.uscourts.gov. |
| Plaintiff:  6 days Defendants:  10 days | **EXPECTED LENGTH OF TRIAL** – Plaintiff does not anticipate that trial will last longer than six days.  In view of the number of parties, if this case is not severed for trial, Defendants anticipate that trial will last at least 10 days. |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition."  Local Rule CV-7(e) provides that a party opposing a motion has 15 days in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a)     All depositions to be read into evidence as part of the parties' case-in-chief shall
        be EDITED so as to exclude all unnecessary, repetitious, and irrelevant
        testimony; ONLY those portions which are relevant to the issues in controversy
        shall be read into evidence.

(b)     The following excuses will not warrant a continuance nor justify a failure to
        comply with the discovery deadline:

        (i)     The fact that there are motions for summary judgment or motions to
                dismiss pending;

        (ii)    The fact that one or more of the attorneys is set for trial in another court on
                the same day, unless the other setting was made prior to the date of this
                order or was made as a special provision for the parties in the other case;

        (iii)   The failure to complete discovery prior to trial, unless the parties can
                demonstrate that it was impossible to complete discovery despite their
                good faith effort to do so.

**So ORDERED and SIGNED this 19th day of October, 2011.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**