**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TRACBEAM, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> AT&T INC.; AT&T MOBILITY L.L.C.; METROPCS COMMUNICATIONS, INC.; METROPCS WIRELESS, INC.; TEXAS RSA 7B3, L.P. D/B/A PEOPLES WIRELESS SERVICES; SPRINT NEXTEL CORPORATION; SPRINT SPECTRUM L.P.; NEXTEL OF CALIFORNIA, INC.; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC.; NEXTEL OF NEW YORK, INC.; NEXTEL SOUTH CORP.; NEXTEL OF TEXAS, INC.; NEXTEL WEST CORP.; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; GOOGLE, INC.; and SKYHOOK WIRELESS, INC., <br><br> Defendants. | **Case No. 6:11-cv-00096-LED** |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:[1]

1.  **Disclosures**. To the extent not already disclosed, by the date provided in the Docket Control Order each party shall disclose to every other party the following information:

    (a)  the correct names of the parties to the lawsuit;

---

[1] The deadlines in this case related to Sprint Nextel Corporation, Sprint Spectrum LP, Nextel of California, Inc., Nextel Communications of the MidAtlantic, Inc., Nextel of New York, Inc., Nextel South Corp., Nextel of Texas, Inc., and Nextel West Corp. have been stayed pursuant to the Court's Order of October 24, 2011 (D.I. 111). Consequently, this Order does not relate to obligations between Plaintiff and the stayed entities.

    (b)    the name, address, and telephone number of any potential parties;

    (c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

    (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation;

2. **Additional Disclosures**. Each party shall provide to every other party the following information:

    (a)    the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

    (b)    to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules, by the date provided in the Docket Control Order and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this

action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

(c) by the date provided in the Docket Control Order, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (see Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3. **Discovery Limitations**.

   A. **Interrogatories.** Plaintiff may serve up to twenty (20) interrogatories on each Defendant and an additional ten (10) common interrogatories on all Defendants. Each Defendant may serve up to 15 interrogatories on Plaintiff, and the group of Defendants may serve up to 15 common interrogatories.

   For purposes of this order:

   - AT&T Inc. and AT&T Mobility L.L.C. will be treated as one defendant; and
   - MetroPCS Wireless, Inc. and MetroPCS Communications, Inc. will be treated as one defendant.

B. **Requests for Admission.** The following limits will apply to requests for admission served in this case:

    i. Except as indicated below, Plaintiff may serve up to thirty (30) requests for admission on each Defendant and an additional ten (10) common requests for admission on all Defendants. Each Defendant may serve up to 20 requests for admission on Plaintiff, and the group of Defendants may serve up to 20 common requests for admission.

    ii. Requests for admission regarding the admissibility of documents: There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

C. **Subpoenas.** The parties may serve subpoenas for third parties to produce documents. The parties will serve each other with copies of any third party subpoenas on the same day the subpoena or notice is served on the third party. The parties will promptly serve each other with copies of any documents produced by third parties pursuant to subpoena or otherwise. The parties will produce all such documents no later than five (5) days before any deposition of the third party from whom the documents were originally produced if reasonably possible given the timing of receipt of such documents from the producing party.

D. **Testifying Experts.** Each side is limited to two testifying expert witnesses, plus two additional expert witnesses per party on that side. For the avoidance of

doubt, Plaintiff is limited to four testifying expert witnesses, and Defendants are limited to a total number of testifying expert witnesses equal to two plus two times the remaining number of Defendants. For example, if only one Defendant remains at the time of trial, that Defendant will be limited to four testifying expert witnesses. As another example, if only two Defendants remain at the time of trial, those Defendants will be limited to a total of six testifying expert witnesses, two to address issues common to both Defendants, and two for each Defendant to address issues particular to that Defendant. The foregoing limits relate to the number of testifying experts that may present expert reports and that will be the subject of discovery. These limits shall not be deemed an agreement by the parties or ruling by the Court that each party may present this number of experts at trial.

By the dates provided in the Docket Control Order, the relevant party shall disclose to the other party or parties:

    a. the expert's name, address, and telephone number;

    b. the subject matter on which the expert will testify;

    c. a report as required by Federal Rule of Civil Procedure 26(a)(2)(B) and disclosures and notices consistent with Local Rule CV-26;

    d. If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions; and

    e. If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party:

     (1) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

     (2) the expert's current resume and bibliography.

E. **Depositions**. The following limits apply to depositions taken in this case:

 i. **Depositions of fact witnesses**. Each side may take 120 hours of depositions of fact witnesses including third parties (*i.e.* all depositions excluding testifying experts), which will be increased by 20 additional hours for each defendant in the case, up to a maximum of 260 hours. For example, if there are three defendants in the case, the deposition limit at that point for each side is 180 hours (120 + 20 + 20 + 20). For purposes of this order, "side" means the Plaintiff, on the one hand, and Defendants, on the other.

 ii. **Depositions of parties**. The deposition of each employee of a party under Rule 30(a)(1) or witness designated by a party under Rule 30(b)(6) shall be limited to a maximum of seven (7) hours, which may be increased by no more than one (1) hour upon agreement of the parties attending the deposition.

 iii. **Deposition of Dennis J. Dupray**. Defendants may take up to 17 hours of deposition of Dennis J. Dupray on all relevant matters in his individual capacity or as a 30(b)(6) witness.

      iv.    **Depositions of testifying experts**. Each expert who submits an expert report in this case may be deposed subject to the following time limitations:

- Infringement / Non-infringement / Damages Experts: Seven hours, unless an expert report addresses more than one Defendant, in which case such expert may be deposed for three additional hours for each additional Defendant still in the case at the time of the deposition.

- Validity / Invalidity / Other Experts: Seven hours.

- An expert who submits more than one principal report (e.g., an initial report covering infringement and benefits of the patent, and a rebuttal report covering validity of the patent) shall be subject to a separate deposition on each such report. "Principal report" does not refer to a supplemental report by an expert that supplements, corrects, or amends an earlier report by that expert.

      v.    **Depositions of Third Parties**. The limitations in the Federal Rules of Civil Procedure will apply to depositions of all other third parties.

      vi.    **Depositions on Written Questions**. There shall be no limits on the number of depositions upon written questions taken pursuant to Fed. R. Civ. P. 31.

F.    **Modifications**. Any party may move to modify these discovery limitations for good cause.

4. **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Documents or information are not required to be logged on any privilege log if: (for plaintiff) they were created on or after 60 days before the date of the filing of the Complaint in the present case; (for Defendants) they were created on or after the date of the filing of the Complaint in the present case.

   A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact by the date provided in the Docket Control Order.

5. **Pre-trial disclosures**. By the date provided in the Docket Control Order, each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

    (a)    The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises. In addition to identifying witnesses as "will call," "may call," or "probably will not call," each side shall identify the witness's employer and topic the witness will address, *e.g.*, invalidity.

    (b)    The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

    (c)    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (b) above; and (2) any objections, together with the grounds therefore, that may be made to the admissibility of materials identified under subparagraph (c) above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

6.    **Signature**. The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

7. **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

8. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

9. **Duty to Supplement**. After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10. **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

11. **Disputes**. Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

12. **Discovery Conferences.** Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not

permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

13. **No Excuses**. A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

14. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

15. **Courtesy Paper Copies**. Paper copies will not be accepted by this Court unless specifically requested.

16. **Hearing Notebooks**. With the exception of providing notebooks to the appointed technical advisor, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.

So ORDERED and SIGNED this 27th day of October, 2011.

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**