UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TRACBEAM, L.L.C., | ) | |
| | ) | Civil Action No. 6:11-cv-96 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| AT&T INC., et al. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LOCATION LABS., | ) | |
| | ) | |
| Intervenor. | ) | |
| | ) | |

**LOCATION LABS' COMPLAINT
IN INTERVENTION PURSUANT TO FED. R. CIV. P. 24(C)**

For its Complaint in Intervention against Plaintiff TracBeam, L.L.C. ("TracBeam"), Intervenor Location Labs, Inc. ("Location Labs") states as follows:

## PARTIES

1. Intervenor Wavemarket, Inc, dba Location Labs, ("Location Labs") is Delaware corporation, having its principal place of business at 5980 Horton St., Suite 675, Emeryville, CA, 94608.

2. On information on belief, Plaintiff Tracbeam is a Colorado limited liability company.

## JURISDICTION AND VENUE

3. This action is for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 7,764,231 ("the '231 patent") entitled "Wireless Location Using Multiple Mobile Station Location Techniques," and U.S. Patent No. 7,525,484 ("the '484 patent"), entitled "Gateway and Hybrid Solutions for Wireless Location", both of which are attached as exhibits to Plaintiff's Amended Complaint. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and declaratory judgment jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202.

4. The court has personal jurisdiction over Tracbeam, which has submitted to the jurisdiction of this Court by filing the underlying lawsuit (Civil Action No. 6:11-CV-96)("the Existing Lawsuit").

5. Tracbeam has consented to venue in this Court by filing the Existing Lawsuit.

## FACTUAL BACKGROUND

6. Location Labs' Complaint arises of Plaintiff's attempt to enforce the '231 and '484 Patents in the Existing Lawsuit against Defendant AT&T Mobility, L.L.C. which is a partner and licensee of Location Labs.

7. Location Labs provides Internet based Software Services to named defendant AT&T Mobility. Mobile phone users having accounts with AT&T Mobility may sign up for a service called AT&T Family Map which uses Location Labs Software Services for location tracking services. Pursuant to a License and Service Agreement with AT&T Mobility, Location Labs provides the location tracking Software Services to Defendant AT&T Mobility used in the AT&T Family Map service. The AT&T Family Map service is available for an additional fee to mobile subscribers and provides the ability to track the location of mobile devices within a subscriber's account. Pursuant to the License and Service Agreement, Location Labs has agreed to indemnify AT&T Mobility for third party claims related to its Software Services.

8. Plaintiff Tracbeam claims to be the owner and assignee of the '231 and '484 patent. (Amended Complaint, ¶ 1, ¶ 19).

9. Plaintiff's Amended Complaint filed May 19, 2011 alleges patent infringement by Defendants of one or more claims of the '231 and 484 Patents. Specifically, with respect to defendant AT&T Mobility, the Amended Complaint alleges that the '231 and '484 patents are infringed by AT&T's "products and services for determining the location of wireless mobile devices (*e.g.*, the locations of AT&T subscribers' cellular phones)." (Amended Complaint, ¶ 24, ¶ 47).

10. On September 16, 2011, Tracbeam submitted its Patent Local Rule 3-1 Infringement Contentions. (Dkt. No. 99). Tracbeam's Infringement Contentions identify AT&T Mobility's Family Map service as infringing one or more claims of the '231 patent (claims 65, 69, 185) and '484 patent (claims 27, 36, 67).

11. On October 3, 2011, pursuant to the License and Service Agreement between Location Labs and AT&T Mobility, counsel for AT&T Mobility requested indemnification from Location Labs for any claims of liability resulting from any claim of infringement based

on AT&T's use of Location Labs' Software services used in the AT&T Family Map service.

12. On October 27, 2011, Tracbeam provided Location Labs select portions of its P.L.R. 3-1 claim charts for the accused AT&T instrumentalities, but did not provide the complete pleading or claim charts for all defendants. Tracbeam's claim charts include allegations of infringement against AT&T Family Map for one or more claims from the '231 and 484 Patents.

13. An actual justiciable controversy therefore exists between Location Labs and Tracbeam as to whether Location Labs or any of its customers, including AT&T Mobility infringe any claim of the '231 and '484 Patens, directly or indirectly, by making, using, distributing, selling or offering to sell Location Labs' Software Services to valued customers such as AT&T Mobility. Location Labs and Tracbeam have adverse legal interests, and the disputes between the parties is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

14. Further, an actual justiciable controvery exists between Location Labs and Tracbeam as to whether or not the claims of the '231 and '484 Patent are valid.

## COUNT 1

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,764,231)**

15. Location Labs restates, realleges, and incorporates by reference paragraphs 1 through 14.

16. Location Labs does not infringe any claim of the '231 patent, either directly, or indirectly (e.g., by inducing or contributing to infringement) by making, using, distributing, selling or offering to sell its Software Services to AT&T Mobility or any other customer.

17. None of Location Labs' customers, including AT&T Mobility, infringe any claim of the '231 patent, directly or indirectly (e.g., by inducing or contributing to

- 5 -

infringement) by making, using, distributing, selling or offering to sell Location Labs' Software Services.

18. A judicial declaration that Location Labs and its customers do not infringe any claim of the '231 Patent is necessary and appropriate at this time to enable Location Labs and its customers to ascertain their rights and duties with respect to the making, using distributing, selling or offering to sell any of Location Labs' Software Services. Absent such a declaration, Tracbeam will continue to assert the '231 Patent against Location Labs and/or Location Labs' customers, and thereby cause irreparable injury and damage. Location Labs has no other adequate remedy at law.

19. This is an exceptional case under 35 U.S.C. § 285, entitling Location Labs an award of its attorneys' fees incurred in connection with this action.

## COUNT 2

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,525,484)

20. Location Labs restates, realleges, and incorporates by reference paragraphs 1 through 19.

21. Location Labs does not infringe any claim of the '484 patent, either directly, or indirectly (e.g., by inducing or contributing to infringement) by making, using, distributing, selling or offering to sell its Software Services to AT&T Mobility or any other customer.

22. None of Location Labs' customers, including AT&T Mobility, infringe any claim of the '484 patent, directly or indirectly (e.g., by inducing or contributing to infringement) by making, using, distributing, selling or offering to sell Location Labs' Software Services.

23. A judicial declaration that Location Labs and its customers do not infringe any claim of the '484 Patent is necessary and appropriate at this time to enable Location Labs and

its customers to ascertain their rights and duties with respect to the making, using distributing, selling or offering to sell any of Location Labs' Software Services. Absent such a declaration, Tracbeam will continue to assert the '484 Patent against Location Labs and/or Location Labs' customers, and thereby cause irreparable injury and damage. Location Labs has no other adequate remedy at law.

24. This is an exceptional case under 35 U.S.C. § 285, entitling Location Labs an award of its attorneys' fees incurred in connection with this action.

## COUNT 3

**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,764,231)**

25. Location Labs restates, realleges, and incorporates by reference paragraphs 1-24.

26. One or more claims of the '231 Patent are invalid under the patent laws of the United States as follows:

(a) One or more claims of the '231 Patent are not patentable because the claims do not constitute patentable subject matter as set forth in 35 U.S.C. § 101;

(b) One or more claims of the '231 Patent are invalid under 35 U.S.C. § 102 because the alleged inventions claimed therein are anticipated by one ore more prior art references or disclosures.

(c) One or more claims of the '231 Patent are invalid under 35 U.S.C. § 103 because the alleged inventions claimed therein are obvious to one having ordinary skill in the art in view of one or more prior art reference(s) or disclosures; and

(d) One or more claims of the '231 Patent are invalid under 35 U.S.C. § 112 because the specifications thereof do not contain adequate written descriptions of the alleged inventions, the manner and process of making and using the alleged inventions, and/or do not

conclude with one or more claims particularly pointing out and distinctly claiming the subject matter.

27. A judicial declaration that the '231 Patent is invalid is necessary and appropriate at this time to enable Location Labs and its customers to ascertain their rights and duties with respect to the making, using, distributing, selling or offering to sell any of Location Labs' Software Services. Absent such a declaration, Tracbeam will continue to assert the '231 Patent against Location Labs and/or Location Labs' customers, and thereby cause Location Labs irreparable injury and damage. Location Labs has no other adequate remedy at law.

## COUNT 4

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,525,484)

28. Location Labs restates, realleges, and incorporates by reference paragraphs 1-27.

29. One or more claims of the '484 Patent are invalid under the patent laws of the United States as follows:

    (a) One or more claims of the '484 Patent are not patentable because the claims do not constitute patentable subject matter as set forth in 35 U.S.C. § 101;

    (b) One or more claims of the '484 Patent are invalid under 35 U.S.C. § 102 because the alleged inventions claimed therein are anticipated by one ore more prior art references or disclosures.

    (c) One or more claims of the '484 Patent are invalid under 35 U.S.C. § 103 because the alleged inventions claimed therein are obvious to one having ordinary skill in the art in view of one or more prior art reference(s) or disclosures; and

    (d) One or more claims of the '484 Patent are invalid under 35 U.S.C. § 112 because the specifications thereof do not contain adequate written descriptions of the alleged

inventions, the manner and process of making and using the alleged inventions, and/or do not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter.

30.   A judicial declaration that the '484 Patent is invalid is necessary and appropriate at this time to enable Location Labs and its customers to ascertain their rights and duties with respect to the making, using, distributing, selling or offering to sell any of Location Labs' Software Services.  Absent such a declaration, Tracbeam will continue to assert the '484 Patent against Location Labs and/or Location Labs' customers, and thereby cause Location Labs irreparable injury and damage.  Location Labs has no other adequate remedy at law.

## REQUESTED RELIEF

Wherefore, Location Labs requests Judgment against Plaintiff:

1. declaring that Location Labs and Location Labs' customers, including AT&T Mobility are not infringing, directly, or indirectly by way of inducing or contributing to infringement of, whether willfully or otherwise, any valid and/or enforceable claim of the '231 Patent;

2. declaring that Location Labs and Location Labs' customers, including AT&T Mobility are not infringing, directly, or indirectly by way of inducing or contributing to infringement of, whether willfully or otherwise, any valid and/or enforceable claim of the '484 Patent;

3. declaring all claims of the '231 patent to be invalid;

4. declaring all claims of the '484 patent to be invalid;

5. dismissing Plaintiff's Amended Complaint with prejudice;

6. enjoining Plaintiff, its agents, and all persons acting in concert or participation with Plaintiff from asserting claims against Location

Labs, and Location Labs' customers, including AT&T Mobility, for infringement of the '231 patent;

7. enjoining Plaintiff, its agents, and all persons acting in concert or participation with Plaintiff from asserting claims against Location Labs, and Location Labs' customers, including AT&T Mobility, for infringement of the '484 patent;

8. adjudging this case "exceptional" within the meaning of 35 U.S.C. § 285, entitling Location Labs to an award of its reasonable attorneys' fees, expenses and costs; and

9. granting such additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Location Labs hereby demands trial by jury on all issues so triable.

Dated: February 1, 2012

Respectfully submitted,

/s/ Mark L. Hogge
Mark L. Hogge (Lead Attorney)
Admitted to Eastern District of Texas
SNR Denton US LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
Telephone: (202) 408-6400
Facsimile: (202) 408-6399
Email: mark.hogge@snrdenton.com

Attorneys for Location Labs

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 1st day of February of 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                        */s/ Jocasta Wong*
                                        Jocasta Wong