# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| TRACBEAM, L.L.C., | ) |
|           Plaintiff, | ) Civil Action No. 6:11-cv-96 ) ) |
| v. | ) JURY TRIAL DEMANDED ) |
| AT&T INC., et al. | ) ) |
|           Defendants, | ) ) |
| and | ) ) |
| LOCATION LABS., | ) ) |
|           Intervenor. | ) ) |

## LOCATION LABS'
## UNOPPOSED MOTION TO INTERVENE UNDER FED. R. CIV. P. 24

## TABLE OF CONTENT

I. INTRODUCTION ........................................................................................................... 1

II. FACTS ............................................................................................................................ 2

III. LEGAL STANDARD ..................................................................................................... 4

IV. ARGUMENT .................................................................................................................. 5

    A. **Location Labs May Intervene Under Rule 24(a)(2) as a Matter of Right.** ....... 5

        1. Location Lab's Motion To Intervene Is Timely And Will Not Prejudice Any of the Existing Parties ........................................................................ 5

        2. Location Labs Has An Interest Relating To Subject Matter Of This Lawsuit Because It's Software Services Are Implicated In the Accused Instrumentalities Identified By Plaintiff Pursuant to Patent Local Rule 3-1 .................................................................................................... 6

        3. A Disposition of the Action Without Location Labs' Participation Will Impair and Impede Location Labs' Ability to Protect Its Interest. ............. 8

        4. Location Labs' Interest Is Not Adequately Represented by The Existing Parties ........................................................................................................ 8

    B. **Permissive Intervention Under Rule 24(b)(2) Is Also Proper** ........................... 9

V. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
    732 F.2d 452 (5th Cir. 1984) .................................................................................................5

*Reid v. General Motors Corp.*,
    240 F.R.D. 257 (E.D. Tex. 2006) ...........................................................................................7

*Sierra Club v. Espy*,
    18 F.3d 1202 (5th Cir. 1994) ............................................................................................4, 5

**RULES**

Fed. R. Civ. P. 24 ................................................................................................................ passim

Local Rule 3-1 ....................................................................................................................1, 3, 6

Local Rule 3-2/3-3/3-4 ....................................................................................................................6

Rule 24(a) ......................................................................................................................................4

Rule 24(a)(2) .................................................................................................................................5

Rule 24(b) .....................................................................................................................................5

Rule 24(b)(2) .................................................................................................................................9

Rule 26 ..........................................................................................................................................6

I.      **INTRODUCTION**

Location Labs brings the present motion to intervene and Declaratory Judgment Complaint under Fed. R. Civ. P. 24 after learning that its "Software Services" are at implicated by Plaintiff's Infringement Contentions against defendants AT&T Mobility, L.L.C. ("AT&T Mobility").

Defendants AT&T and AT&T Mobility do not oppose Location Labs motion to intervene for the purposes of bringing a declaratory judgment action for non-infringement and invalidity of the patents-in suit. (Khaliq Declaration ISO of Location Labs' Motion to Intervene, ¶ 8, hereinafter "Khaliq Decl.").

Pursuant to a License and Service Agreement, Location Labs provides Software Services to its customer and defendant in this lawsuit AT&T Mobility.  Location Labs' Software Services are used in AT&T Mobility's "Family Map" service, an accused instrumentality in Plaintiff's Patent Local Rule 3-1 Infringement Contentions.

After receiving Plaintiff's Infringement Contentions on September 16, 2011, defendant AT&T Mobility has demanded that Location Labs indemnify the defendant pursuant to the License and Service Agreement for any claim of infringement against AT&T's Family Map product.  Accordingly, Location Labs has agreed to indemnify AT&T Mobility to defend against any claims of infringement that implicate its Software Services.

As will be discussed below, Location Labs has a vested interest in the outcome of this litigation because the infringement allegations against AT&T Mobility directly implicate its Software Services under the current License and Service Agreement with AT&T Mobility. Further, so long as Location Labs' services are accused of infringement, it has an interest in the invalidity issues concerning the patents-in-suit.  If Location Labs is not permitted to intervene in the lawsuit, it may not be able to adequately protect its interests regarding any infringement

claims involving its Software Services and to further challenge the validity of the patents-in-suit. Furthermore, without intervening in this case, Location Labs is unable to view confidential documents filed in this case that pertain to its own Software Services. Accordingly, Location Labs seeks a Court order permitting it to intervene in this litigation under Rule 24 and to allow it to file a Declaratory Judgment Complaint against Tracbeam.

## II. FACTS

Plaintiff Tracbeam, L.L.C., a Colorado Corporation, filed this Complaint on February 25, 2011 against Defendants AT&T, Inc., AT&T Mobility, L.L.C.; MeroPCS Communications, Inc.; MetroPCS Wireless, Inc.; Texas RSA 7B3, L.P. d/b/a People's Wireless Services; Sprint Nextel Corporation; Sprint Spectrum, L.P. Nextel South Corp.; Nextel of Texas, Inc.; Nextel West Corp., and Cellco Parnership d/b/a Verizon Wireless (collectively "Defendants"). (Dkt. No. 1) Plaintiff filed an Amended Complaint on May 19, 2011. (Dkt No. 57, hereinafter "Amended Complaint").

Intervenor Wavemarket, Inc. dba Location Labs, ("Location Labs") is Delaware corporation, having its principal place of business at 5890 Horton St., Suite 675, Emeryville, CA, 94608. Pursuant to a License and Service Agreement with AT&T Mobility, Location Labs provides location tracking software services to Defendant AT&T Mobility used in the AT&T Family Map service. (Khaliq Decl, ¶ 2). The AT&T Family Map service is available for an additional fee to mobile subscribers and provides the ability to track the location of mobile devices within a subscriber's account. (Khaliq Decl, ¶ 3). Pursuant to the License and Service Agreement, Location Labs has agreed to indemnify AT&T Mobility for third party claims related to its software services. (Khaliq Decl., ¶ 5).

Plaintiff's Amended Complaint alleges patent infringement by Defendants of one or more claims of U.S. Pat. Nos. 7,764,231 entitled "Wireless Location Using Multiple Mobile Station

Location Techniques" (the "'231 patent") and 7,525,484 entitled "Gateway and Hybrid Solutions for Wireless Location" (the "'484 patent"). (Amended Complaint, ¶ 1). Specifically, with respect to defendants AT&T and AT&T Mobility (collectively "AT&T"), the Amended Complaint alleges that the '231 and '484 patents are infringed by AT&T's "products and services for determining the location of wireless mobile devices (*e.g.,* the locations of AT&T subscribers' cellular phones)." (*Id..,*Amended Complaint, ¶ 24, ¶ 47).

On September 16, 2011, Tracbeam submitted its Patent Local Rule 3-1 Infringement Contentions. (Dkt. No. 99). Tracbeam's Infringement Contentions identify AT&T Mobility's Family Map service as infringing one or more claims of the '231 patent (claims 65, 69, 185) and '484 patent (claims 27, 36, 67). (Khaliq Decl., ¶ 7).

On October 3, 2011, pursuant to the License and Service Agreement between Location Labs and AT&T Mobility, AT&T Mobility sent an indemnification letter to Location Labs. (Khaliq Decl., ¶ 4). The letter requested that Location Labs indemnify AT&T Mobility in this lawsuit for any claims of liability resulting from any claim of infringement based on AT&T's use of Location Labs' "Software Services" used in the AT&T Family Map product offering. (*Id.*).

On October 11, 2011, Location Labs agreed to indemnify AT&T pursuant to the License and Service Agreement to the extent that Location Labs' Software Services were implicated in Tracbeam's Infringement Contentions. (Khaliq Decl., ¶ 5). At this time, Location Labs did not have access to Plaintiff's Infringement Contentions which were designated "Confidential" by Tracbeam. (*Id.,* ¶, 5). On October 24, 2011, Location Labs requested a copy of Plaintiff's Infringement Contentions to determine whether it was necessary to indemnify AT&T Mobility and intervene in the present lawsuit. (*Id.,* ¶, 6). Tracbeam agreed to provide claim charts to Location Labs on the condition that Location Labs enter into a non-disclosure agreement (NDA) with Tracbeam. (*Id*). After Location Labs executed the NDA, on October 27, 2011, Tracbeam

provided Location Labs a copy of its P.L.R. 3-1 claim charts for the accused AT&T instrumentalities. (*Id*). Tracbeam's claim charts include allegations of infringement against AT&T Family Map. (*Id.*, ¶ 7).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 24 ("Rule 24") allows for intervention in certain circumstances either as a matter of right or by permission. Rule 24 is aimed at preventing multiple lawsuits when common questions of law or fact are involved. Rule 24 states:

(a) Intervention of Right. Upon timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless the existing parties adequately represent that interest.

(b) Permissive Intervention. On timely motion, the court may permit anyone to intervene who:

(1) is given a conditional right to intervene by a federal statute; or

(2) has a claim or defense that shares with the main action a common question of law or fact

(3) Delay or Prejudice. In exercising its discretion. the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights of the original parties.

Rule 24(a) allows a party to intervene as a matter of right if four requirements are met. *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994). The four requirements are: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *Id.* ("Sierra Club factors").

- 4 -

The determination of allowing permissive intervention under Rule 24(b) is discretionary where there is a common question of law or fact. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984).

IV. **ARGUMENT**

    A. **Location Labs May Intervene Under Rule 24(a)(2) as a Matter of Right.**

Location Labs should be permitted to intervene in this lawsuit as a matter of right. After reviewing Plaintiff's Infringement Contentions, Location Labs has now confirmed that Plaintiff's Infringement Contentions name Location Labs' Software Services as accused instrumentalities in one or more claims of the patents-in-suit. Also, having now agreed to indemnify AT&T Mobility for any claims pertaining to its Software Services used in the accused Family Map products, Location Labs will need access to materials filed in this lawsuit in order to assess the infringement claims against its Software Services. Hence, based on plaintiff's allegations of infringement implicating its Software Services, Location Labs has a vested interest in the outcome of this lawsuit and in seeking a declaratory judgment of non-infringement and invalidity as it pertains to its Software Services. Accordingly, as discussed below, Location Labs meets the requirements for intervention under Fed. R. Civ. P. 24 and the *Sierra Club* factors.

        1. <u>Location Lab's Motion To Intervene Is Timely And Will Not Prejudice Any of the Existing Parties</u>

Location Labs' Motion to Intervene is timely. Plaintiff recently submitted its Infringement Contentions on September 16, 2011. Location Labs did not receive a copy of Plaintiff's "Confidential" Infringement Contentions until October 27, 2011 after executing a non-disclosure agreement. Between October 27, 2011 and the filing of the present motion, Location Labs has been analyzing Plaintiff's Infringement allegations with respect to Family Map and has now agreed to indemnify AT&T Mobility for the allegations against Software Services provided

in the accused Family Map product.  Since the confirmation of Location Labs indemnity obligations was made just recently, Location Labs has not delayed in bringing this motion to intervene.

Furthermore, Location Labs' entry into the case at this nascent stage will not affect any existing court deadline or pose any prejudice to the parties.   As an initial matter, since the filing of Plaintiff's Amended Complaint on May 19, 2011, no significant deadlines have transpired other defendants' responsive pleadings, Plaintiff's service of its Patent Local Rule 3-1/3-2 Infringements on September 16, 2011 (Dkt. No. 99) and Defendants' service of the Invalidity Contentions under Patent Local Rule 3-3/3-4.   The Court just recently entered a Scheduling Order setting the pre-trial and trial deadlines.  (Dkt. No. 110).  Trial is scheduled for November 12, 2013, which is approximately 22 months away.  Initial disclosures under Rule 26 were just recently exchanged between November 17-18.  (Dkt. No. 118-123).  Claim constructions exchanges have not yet occurred, no dispositive motions have been filed, and discovery is now underway.  Accordingly, Location Labs' intervention at this point in the case is timely and opportune.

> 2. <u>Location Labs Has An Interest Relating To Subject Matter Of This Lawsuit Because It's Software  Services Are Implicated In the Accused Instrumentalities Identified By Plaintiff Pursuant to Patent Local Rule 3-1.</u>

First, Location Labs has an interest in litigating the liability issues of infringement and invalidity for the '231 and '484 patents ("patents in suit").  Tracbeam's Infringement Contentions identify AT&T's Family Map service as an accused instrumentality.  *See supra,* § III.  Location Labs provides Software Services to AT&T used in the Family Map product.  Therefore, Location Labs software services will be at issue in this case and Location Labs will have an interest in defending the infringement and validity issues with respect to the patents-in-suit as it pertains to its Software Services.

Second, Location Labs is responsible for the indemnification of any claim of infringement of the accused Family Map service which implicates its software services. (Khaliq Decl., ¶ 4). In *Reid v. General Motors Corp.,* 240 F.R.D. 257 (E.D. Tex. 2006), this Court previously held that the indemnification obligation of a licensor of accused software services used in a defendant's product provided sufficient basis to intervene under Rule 24. Similar to the facts in this case, in *Reid,* intervenor Microsoft was presented with an indemnity demand from named defendant Haliburton. The Court found that Microsoft's proposed Complaint for a declaratory judgment of non-infringement, invalidity and unenforceabilty of the '120 patent presented common questions of law and fact with the action of plaintiffs against defendants on the same patent. *Id.* at 260. Furthermore, the Court in *Reid* found that the motion to intervene was not untimely and would not cause prejudice to the adjudication of the action because Microsoft moved to intervene shortly after being presented with the indemnification demand and a new scheduling order was required in view of the recent transfer of the case from another court. *Id.*

Similar to *Reid,* Location Labs was recently provided with an indemnification demand pursuant to its License and Services Agreement with A&T Mobility. (*See supra,* § III). According to this agreement, Location Labs must indemnify AT&T Mobility for any claim of infringement against Family Map which implicates Location Labs' software services. (*Id.*). Since recently confirming that its Software Services may be implicated by Plaintiff's claims of infringement against Family Map, Location Labs has now agreed to indemnify AT&T Mobility. (*Id.* ¶ 7. Thus, according to the License and Service Agreement, Location Labs has a right and obligation to participate in the lawsuit. (*Id.* ¶¶ 4, 6). Furthermore, defendant AT&T Mobility has agreed not to oppose Location Labs intervention in this case. (*Id.,* ¶8 ). Location Labs therefore has a clearly defined interest in participating in this lawsuit and defending claims of infringement

against AT&T's Family Map product and hence its own Software Services.

### 3. A Disposition of the Action Without Location Labs' Participation Will Impair and Impede Location Labs' Ability to Protect Its Interest.

The disposition of this action without Location Labs will impair and impede Location Labs' interest. A finding of infringement against the accused AT&T Family Map service could result in a termination of Location Labs' License and Service Agreement with AT&T and further jeopardize Location Labs' ability to market and sell its Software Services to other customers. Furthermore, findings of infringement with respect to the patents-in-suit may collaterally estop Location Labs from re-litigating these issues as it pertains to the use of its Software Services in AT&T's Family Map product or other similar services employed with defendants. Therefore, if Location Labs is not permitted to intervene and raise defenses that relate to its Software Services in defendants' products, it may lose a large customer contract with AT&T Mobility and further be estopped from defending future allegations or lawsuits by plaintiff based on facts and arguments that were presented or could have been raised in the present lawsuit.

### 4. Location Labs' Interest Is Not Adequately Represented by The Existing Parties

Location Labs' interests are not adequately protected by the existing parties. Although Location Labs and AT&T Mobility have the same interest in defending claims of infringement against Family Map, Location Labs' has a greater interest in protecting against allegations involving its Software Services as a whole which may be provided to other carrier customers such as Sprint/Nextel, Verizon, T-mobile, etc.

Further, while a finding of infringement against AT&T Family Map may potentially preclude AT&T Mobility from offering that particular service in the future, AT&T's overall business and revenue will not be largely impacted because the majority of its revenues are derived from sources other than Family Map subscriptions. However, a finding of infringement

against Location Labs' Software Services may have the devastating effect of eliminating a major revenue source for small start-up company, which could result in bankruptcy of the company and layoffs of employees. Accordingly, Location Labs has a vested interest in intervening in the present action to protect its Software Services, access documents in this case and participate in the claims and defenses of its carrier partner, AT&T Mobility.

### B. Permissive Intervention Under Rule 24(b)(2) Is Also Proper

Although Location Labs believes it may intervene in this lawsuit as a matter of right, in the alternative, if the court were to find otherwise, it may nevertheless grant permissive intervention under Rule 24(b)(2) because Location Labs has claims or defenses that have common questions of law and fact to the existing lawsuit.

The common questions of law and fact can be tested by a hypothetical declaratory judgment action brought by Location Labs against Tracbeam. For example, if Location Labs were to bring a declaratory judgment action with claims of non-infringement and invalidity of the Tracbeam patents-in-suit, the common question of law and fact would include, without limitation: the facts and legal theories on infringement as it pertains to the AT&T's Family Map service which uses Location Labs' Software Services, the facts and legal theories of infringement concerning Location Labs' Software Services in general, and the facts and legal theories concerning the validity or invalidity of the patents in suit based on prior art that is used in this litigation. These are the same issues of law and fact that are raised by at least allegations in Plaintiff's Amended Complaint ¶ 24 and ¶ 47. Therefore, in the interest of judicial efficiency, it makes perfect sense to allow Location Labs to intervene in this action and participate in the adjudication of common questions of law or fact.

## V. CONCLUSION

Accordingly, for the reasons discussed herein, Location Labs' respectfully requests an Order permitting it to intervene in this lawsuit under Rule 24 and file its Declaratory Judgment Complaint.

Dated: February 1, 2012                                  Respectfully submitted,

                                                       /s/ Mark L. Hogge
                                         Mark L. Hogge (Lead Attorney)
                                         Admitted to Eastern District of Texas
                                         SNR Denton US LLP
                                         1301 K Street, N.W.
                                         Suite 600, East Tower
                                         Washington, D.C. 20005
                                         Telephone: (202) 408-6400
                                         Facsimile: (202) 408-6399
                                         Email: mark.hogge@snrdenton.com

                                         Attorneys for Location Labs

### CERTIFICATE OF CONFERENCE

Pursuant to meet and confer requirement in Local Rule CV-7(h), counsel for Location Labs, Imran Khaliq, has met and conferred with counsel for TracBeam, Jonathan Gottfried, and counsel for TracBeam stated they would not oppose this motion.

                                                     /s/ Imran A. Khaliq
                                                   Imran A. Khaliq, Esq.

### CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 1st day of February of 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                                   /s/ Jocasta Wong
                                                 Jocasta Wong