**BAKER BOTTS** LLP

620 HANSEN WAY
PALO ALTO, CALIFORNIA
94304-1014

TEL +1 650.739.7500
FAX +1 650.739.7699
www.bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
**PALO ALTO**
RIYADH
WASHINGTON

February 3, 2012

**VIA ECF**

Christopher W. Kennerly
TEL: 650.739.7502
FAX: 650.739.7602
chris.kennerly@bakerbotts.com

Hon. Judge Leonard Davis
United States District Court
Eastern District of Texas
211 W. Ferguson Third Floor
Tyler, Texas 75702

Re: *TracBeam LLC v. AT&T Inc. et al.,* C.A. No. 6:11-CV-00096 in the U.S. District Court for the Eastern District of Texas, Tyler Division

Dear Honorable Judge Davis:

Pursuant to the Court's August 12, 2011 standing order regarding letter briefs, Defendant AT&T Inc. submits this letter brief requesting permission to file a motion for summary judgment of non-infringement. Plaintiff TracBeam LLC ("Plaintiff") has accused both AT&T Inc. and AT&T Mobility LLC of infringing U.S. Patent Nos. 7,764,231 and 7,525,484 (the "Asserted Patents"). The requested motion does not challenge Plaintiff's naming of AT&T Mobility LLC as a defendant in this lawsuit. AT&T Inc., however, is not a proper defendant in this lawsuit, as it does not engage in any conduct relevant to the alleged infringement of the Asserted Patents. Summary judgment as to Defendant AT&T Inc. is therefore warranted.

First, AT&T Inc. cannot directly infringe the Asserted Patents because it does not make, use, sell, offer to sell, or import ***any*** products or services in any state or jurisdiction. AT&T Inc. is and always has been a holding company and does not (indeed, cannot) directly infringe the Asserted Patents. Furthermore, AT&T Inc. cannot directly infringe under a joint infringement theory because AT&T Inc. does not direct or control its subsidiaries or any other entities to perform activities relevant to the claims of the Asserted Patents. AT&T Inc. is a legally and factually distinct corporate entity, separate from its subsidiaries, and AT&T Inc. does not dictate any technical decisions regarding wireless location features and functionality to its subsidiaries or other entities.

Second, AT&T Inc. cannot indirectly infringe the Asserted Patents. Plaintiff's indirect infringement theory is predicated on the direct infringement of the users of AT&T Inc.'s products and services. However, because AT&T Inc. is merely a holding company that provides no products or services, there clearly cannot be any users directly infringing the Asserted Patents by virtue of these nonexistent products and services.

**I.     Plaintiff's Claim of Direct Infringement Fails as a Matter of Law**

Liability for direct infringement generally requires that a single party has practiced each and every element of the claimed invention. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007); *see also* 35 U.S.C. § 271(a). However, if the claim

Honorable Judge Davis　　　　　　　　　　Page 2

elements are not satisfied by a single party but that party nevertheless directs or controls the satisfaction of each claim element, the controlling party may still be liable for direct infringement under the doctrine of joint infringement. *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008). AT&T Inc. cannot directly infringe the Asserted Patents under either theory.

### A.　　AT&T Inc. Does Not Itself Directly Infringe the Asserted Patents

AT&T Inc. is incapable of direct infringement by itself, as it does not make, use, sell, offer to sell, or import *any* products or services in any state or jurisdiction. Prior to filing this letter brief, AT&T Inc. repeatedly informed Plaintiff of these facts and AT&T Inc.'s intention to file a sworn declaration with the Court in support of them. Throughout the parties' correspondence on this issue, Plaintiff identified various inadequate grounds as allegedly supporting its refusal to dismiss AT&T Inc. For example, Plaintiff relied on AT&T Inc.'s Form 10-K filing with the SEC on March 1, 2011 (hereinafter, "AT&T Inc.'s Form 10-K") as identifying various wireless products and services offered by AT&T Inc., identifying www.att.com as being maintained by AT&T Inc., and containing consolidated financial statements for AT&T Inc.'s various subsidiaries.[1] However, AT&T Inc.'s Form 10-K clearly identifies AT&T Inc. as a "holding company," and thus the statements identified in AT&T Inc.'s Form 10-K are clearly referring to activities of AT&T Inc.'s subsidiaries. Moreover, the filing of consolidated financial statements is also immaterial and is consistent with the SEC's Form 10-K filing requirements. Plaintiff additionally identified two accused products — AT&T Navigator and AT&T FamilyMap — as being publicly offered by AT&T Inc. on the Apple App Store website.[2] However, the websites identified by Plaintiff are provided by Apple, not AT&T Inc. Furthermore, the websites clearly indicate that the "Seller" is "AT&T Services, Inc." and not AT&T Inc. Nothing identified by Plaintiff refutes the fact that AT&T Inc. does not make, use, sell, offer to sell, or import *any* products or services.

### B.　　AT&T Inc. Does Not Jointly Infringe the Asserted Patents

Under the theory of joint or divided infringement, when the actions of multiple entities combine to practice the steps of a claimed method, the actions may be attributable to a single-entity direct infringer if the entity exercises "control or direction" over the other entities' performance of the patented steps. *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d at 1329. Direction or control sufficient to establish joint infringement requires a showing that the accused party would be vicariously liable for another's participation in satisfaction of the claims; even controlling access to necessary components and instructing another party to satisfy the remaining claim elements is insufficient. *Muniauction*, 532 F.3d at 1329-30; *see also PA Advisors, LLC v. Google, Inc.*, No. 2:07-CV-480-RRR, 2010 WL 986618 at *7-8 (E.D. Tex. Mar. 11, 2010).

---

[1] Plaintiff also notes that AT&T Inc. is the registrant of www.att.com. However, whether AT&T Inc. is the registrant of www.att.com is immaterial, as that website is not maintained by AT&T Inc. nor are any of the products or services identified on that website provided by AT&T Inc.

[2] http://itunes.apple.com/us/app/at-t-familymap/id353334746?mt=8
http://itunes.apple.com/us/app/at-t-navigator-gps-navigation/id315659984?mt=8

Plaintiff has not alleged that AT&T Inc. directed or controlled, nor is vicariously liable for, the acts of another party, including any of AT&T Inc.'s subsidiaries. Plaintiff cannot offer facts supporting a joint infringement theory because AT&T Inc. does not direct or control its subsidiaries or other entities to perform activities relevant to the claims of the Asserted Patents. AT&T Inc. is a legally and factually distinct corporate entity, separate from its subsidiaries, and AT&T Inc. does not dictate any technical decisions regarding wireless location features and functionality to its subsidiaries.

## II.    Plaintiff's Claim of Indirect Infringement Fails as a Matter of Law

Plaintiff also accuses AT&T Inc. of indirect infringement. Plaintiff again declines to support these assertions with factual allegations, and they fail as a matter of law. Both varieties of indirect infringement, active inducement and contributory infringement, "require[], as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement." *BMC Resources*, 498 F.3d at 1379 (citations omitted). Plaintiff has alleged direct infringement by the "users" of AT&T Inc.'s "products and services." (Compl. at ¶¶ 24, 47.) However, because AT&T Inc. is merely a holding company that does not provide *any* products or services, there clearly cannot be any users directly infringing the Asserted Patents by virtue of these nonexistent products and services.

Moreover, although Plaintiff's indirect infringement theory relies exclusively on the alleged direct infringement of the users of AT&T Inc.'s products and services, an indirect infringement theory based on alleged infringement by any other entities, including AT&T Inc.'s subsidiaries, would also fail. Active inducement requires proof "that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002). However, as noted above, AT&T Inc. is a legally and factually distinct corporate entity, separate from its subsidiaries, and AT&T Inc. does not dictate any technical decisions to its subsidiaries or any other entities such that it could be said to actively induce those entities to infringe the patents.[3] Moreover, contributory infringement requires that a "defendant supplie[s] an important component of the infringing part of the method, the component is not a staple article of commerce suitable for non-infringing use, and defendant supplie[s] the component with knowledge of the patent-in-suit and knowledge that the component was especially made or adapted for use in an infringing manner."[4] *Advanceme Inc. v. RapidPlay, LLC*, 509 F.Supp.2d 593, 607 (E.D. Tex. 2007) (citations omitted). However, AT&T Inc. does not supply *any* components, whether staples suitable for non-infringing use or otherwise.

---

[3] Moreover, specific intent "necessarily includes the requirement that [the accused party] knew of the patent," and "requires more than just intent to cause the acts that produce direct infringement." *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305-06 (Fed. Cir. 2006). Because AT&T Inc. was not aware of the Asserted Patents until receiving a letter from Plaintiff one day prior to the filing of this lawsuit, AT&T Inc. could not have actively induced a direct infringer to engage in any conduct relevant to this lawsuit.

[4] As with active inducement, AT&T Inc. similarly lacks the requisite knowledge for a finding of contributory infringement.

There are no genuine issues of material fact regarding AT&T Inc.'s alleged indirect infringement under either an active inducement or contributory infringement theory, and summary judgment is warranted on those claims.

### III. Conclusion

The requested motion does not challenge Plaintiff's naming of AT&T Mobility LLC as a defendant in this lawsuit. AT&T Inc., however, is not a proper defendant in this lawsuit. AT&T Inc. is a holding company. It does not engage in any activities relevant to the Asserted Patents, and thus cannot directly infringe them, either individually or jointly. Likewise, since AT&T Inc. does not provide any products or services, dictate technical decisions, or supply components to its subsidiaries or any other entities, it cannot indirectly infringe the Asserted Patents. AT&T Inc.'s limited activities are insufficient as a matter of law to satisfy the requirements of either direct or indirect infringement, and the Court should grant permission for Defendant AT&T Inc. to file a motion for summary judgment on these issues.

Very truly yours,

Christopher W. Kennerly

Honorable Judge Davis               Page 5

## CERTIFICATE OF SERVICE

I certify that on February 3, 2012 all counsel of record were served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                              */s/ Jon V. Swenson*
                              Jon V. Swenson