

# DOVEL & LUNER LLP

Jonathan Gottfried
Dovel & Luner LLP
201 Santa Monica Blvd.
Suite 600
Santa Monica, CA 90401
310.656.7066

<u>Via ECF</u>

February 21, 2012

Hon. Judge Leonard Davis
United States District Court for the Eastern District of Texas
211 W. Ferguson Third Floor
Tyler, Texas 75702

      Re:    *TracBeam, L.L.C. v. AT&T Inc. et al.* (6:11-cv-96)

Dear Honorable Judge Davis:

      TracBeam, L.L.C. opposes the request of defendant AT&T Inc. ("AT&T") to file a motion for summary judgment of non-infringement on the ground that it "is not a proper defendant in this lawsuit." (Letter of AT&T, Inc. of Feb. 3, 2012 ("Letter") at 1)  In particular, AT&T asserts that it cannot be liable for infringement because AT&T is "legally and factually" distinct from its operating subsidiaries (including co-defendant AT&T Mobility LLC), and provides no products or services. *Id*.  The Court should deny permission to AT&T to file a motion for summary judgment because genuine issues of material fact exist (and discovery has yet to occur) regarding whether AT&T is the alter ego of its operating subsidiaries, including defendant AT&T Mobility.

***

   "Summary judgment is appropriate when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law.  Fact questions are viewed in the light most favorable to the nonmoving party and questions of law are reviewed de novo." *Floyd v. Amite County Sch. Dist.*, 581 F.3d 244, 248 (5th Cir. 2009); *see also Andres Holding Corp. v. Villaje Del Rio, Ltd.*, 2011 U.S. Dist. Lexis 23109, at *19 (W.D. Tex. Mar. 8, 2011) (denying motion for summary judgment because of existence of "genuine issue of material fact" regarding piercing of corporate veil).  Motions for summary judgment may be premature when discovery has not been conducted on disputed issues. *See, e.g., Harris v. Devon Energy Prod. Co., L.P.*, 2011 U.S. Dist. Lexis 89263, at *1 (E.D. Tex. July 19, 2011) (denying motion for summary judgment as "premature" because "no discovery has occurred in this case, and Plaintiffs should be given an opportunity to conduct discovery before consideration of the motion").

   In this case, summary judgment is inappropriate because: (1) AT&T does not contest the inclusion of AT&T Mobility in this lawsuit (*see* Letter at 1), and (2) numerous issues of material fact exist as to whether AT&T is a distinct entity from AT&T Mobility.  To attempt to resolve these disputed issues now would be premature because no discovery has occurred on the disputed issue of AT&T's status—indeed, AT&T's production of documents relevant to its defenses were not due until February 15. *See* Docket Control Order at 7 (Oct. 19, 2011) (D.I. 110).

***

Honorable Judge Davis

The Fifth Circuit has developed a "laundry list of factors" for courts to use when determining whether to pierce the corporate veil between a parent and its subsidiary. *See United States v. Jon-T Chems., Inc.*, 768 F.2d 686, 691-92 (5th Cir. 1985) (listing twelve factors); *see also Nichols v. Pabtex, Inc.*, 151 F. Supp. 2d 772, 784 (E.D. Tex. 2001) (denying motion for summary judgment because reasonable jury could have determined that Fifth Circuit's veil-piercing factors were "sufficient to disregard the corporate fiction on the basis of the alter ego theory"). Contrary to AT&T's claim that it is a "legally and factually distinct corporate entity, separate from its subsidiaries" (Letter at 1), many of the Fifth Circuit's veil-piercing factors indicate that AT&T and its affiliated entities, including AT&T Mobility, are alter egos of each other.

- *"the parent and the subsidiary have common stock ownership"*

Since 2006, AT&T Mobility has been a wholly-owned subsidiary of AT&T.[1]

- *"the parent finances the subsidiary;" "the subsidiary operates with grossly inadequate capital"*

In this case, it is the parent, AT&T, whose capital appears to be dependent on affiliates, such as AT&T Mobility. AT&T states that it is "merely a holding company that provides no products or services." (Letter at 1) But AT&T recently offered to purchase T-Mobile on behalf of AT&T Mobility for $39 billion (with $25 billion in cash).[2] If AT&T is a shell company, then it is grossly undercapitalized to fund a $39 billion acquisition and must be financed by virtue of affiliates, such as AT&T Mobility.

- *"the parent and subsidiary file consolidated financial statements and tax returns"*

AT&T and its subsidiaries, including AT&T Mobility, file consolidated statements with the SEC, including consolidated statements of income, consolidated balance sheets, consolidated statements of cash flows, and consolidated statements of changes in stockholders' equity. *See* AT&T 2010 10-K at 32-37.

- *"the parent and the subsidiary have common directors or officers"*

Randall Stephenson is the Chairman of the Board and Chief Executive Officer of AT&T.[3] Public databases indicate that Mr. Stephenson is also a director of AT&T Mobility.[4] As the Chairman and CEO of AT&T, Mr. Stephenson is involved in the affairs of AT&T Mobility. For example, in March 2011, Mr. Stephenson delivered a public presentation on the proposed combination, through AT&T, of AT&T Mobility's wireless operations with those of T-Mobile.[5] Similarly, the Senior Vice President of Corporate Development for AT&T participated in the business decision to attempt to combine AT&T Mobility's wireless operations with those of T-Mobile.[6]

TracBeam was unable to locate publicly available information from AT&T Mobility, which is a

---

[1] *See* AT&T Inc., Annual Report (Form 10-K), at 2 (Mar. 1, 2011) ("AT&T 2010 10-K").
[2] *See* "Acquisition of T-Mobile USA, Inc. by AT&T Inc." at 15 n.15 & 16, *In re Applications of AT&T Inc. and Deutsche Telekom AG for Consent to Transfer Control of the Licenses and Authorizations Held by T-Mobile USA, Inc. and Its Subsidiaries*, WT Docket No. 11-65 (Apr. 21, 2011) (http://apps.fcc.gov/ecfs/document/view?id=7021240421) ("AT&T FCC Submission") ("AT&T Inc. is the AT&T applicant in this proceeding and, as noted below, is the corporate entity acquiring T-Mobile USA…. That amount will include a cash payment of $25 billion….AT&T Mobility LLC…operates AT&T's wireless network").
[3] See AT&T 2010 10-K at 10.
[4] See, e.g., *Directory of Corporate Affiliations,* Reed Elsevier Inc. (2012) (entry for "AT&T Mobility LLC").
[5] *See* "AT&T + T-Mobile: A World-Class Platform for the Future of Mobile Broadband" (Mar. 21, 2011) (http://www.att.com/Common/about_us/pdf/INV_PRES_3-21-11_FINAL.pdf).
[6] See Declaration of Rick L. Moore, Senior Vice President, AT&T Inc. *¶ 2, In re Applications of AT&T Inc. and Deutsche Telekom AG for Consent to Transfer Control of the Licenses and Authorizations Held by T-Mobile USA, Inc. and Its Subsidiaries,* WT Docket No. 11-65 (Apr. 20, 2011).

private company, regarding the current identity of all of its officers and directors. Discovery may reveal additional overlap between the officers and directors of the two companies.

- *"the parent and the subsidiary have common business departments"*

AT&T and AT&T Mobility likely share accounting functions. *See* http://www.att.com/gen/general?pid=10156 (stating that AT&T Services "[p]rovides transaction processing services, billing, payroll, accounts payable, customer remittance, fixed assets record keeping, GL processing, personnel management and specialized services" to AT&T and "related affiliates"). Discovery may also reveal that AT&T and AT&T Mobility share other business departments. For example, AT&T publicly describes SBC Asset Management Inc. as a "[r]eal estate service firm engaged in commercial brokerage, lease administration & property management to AT&T Inc. and is affiliates."[7].

AT&T and AT&T Mobility are also closely connected through their relationship with AT&T Services Inc. In particular, AT&T Services (which is partially owned by, and shares many high-level officials with, AT&T) provides critical services to AT&T Mobility:

Close relationship between AT&T and AT&T Services

- AT&T partially owns AT&T Services.[8]

- AT&T's responses to TracBeam's interrogatories in this case were verified by (1) the Executive Director of Accounting for AT&T Services, and (2) the Director of Regulatory & Location Technology of AT&T Mobility.

- AT&T and AT&T Services share several high-level officials: (1) Bruce Byrd has identified himself as the Vice President & General Counsel of both AT&T and AT&T Services;[9] (2) Paul M. Wilson has identified himself or been identified by AT&T Services as the General Attorney for AT&T as well as the Secretary to AT&T Services;[10] (3) Paul Stephens has been identified by AT&T and AT&T Services as the Senior Vice President and Controller of AT&T as well as an officer with AT&T Services.[11]

- Third-party websites that AT&T uses to sell its products identify AT&T as the "developer" and AT&T Services as the "seller" of products that are potentially relevant to this litigation.[12]

---

[7] AT&T W-8 and W-9 Forms (http://www.att.com/gen/general?pid=10156).

[8] *See* Declaration of Steven Threlkeld on behalf of AT&T Inc. ¶ 6, *Boykin Anchor Co., Inc. v. AT&T Corp.*, No. 5:10-cv-591-FL (E.D. N.C. Feb. 18, 2011), ECF No. 28-1.

[9] *See* Comments of AT&T Inc., *In re Broadband Initiatives Program and Broadband Technology Opportunities Program*, Docket No. 0907141137-91375-05 (Nat'l Telecomms. & Info. Admin. & Rural Utils. Serv. Nov. 30, 2009); Letter of Dec. 21, 2009 from Bruce R. Byrd to Office of the Secretary, Federal Trade Commission (http://www.ftc.gov/os/comments/privacyroundtable/544506-00066.pdf).

[10] *See* Letter of Dec. 14, 2011 from Paul M. Wilson to U.S. Securities & Exchange Commission (http://www.sec.gov/divisions/corpfin/cf-noaction/14a-8/2011/kennethsteinerchevedden121411-14a8-incoming.pdf); *Arizona Corporation Commission-AT&T Services Inc.,* State of Arizona Public Access System (Feb. 14, 2012, 1:13 PM) (http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-detail.p?name-id=F15988844&type=CORPORATION).

[11] *See* AT&T Inc., Current Report (Form 8-K) (Signature) (Dec. 20, 2011); *Arizona Corporation Commission-AT&T Services, Inc.*, State of Arizona Public Access System (Feb. 14, 2012, 1:13 PM) (http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-detail.p?name-id=F15988844&type=CORPORATION)

[12] *See, e.g.,* iTunes, AT&T Navigator, http://itunes.apple.com/us/app/at-t-navigator-gps-navigation/id315659984?mt=8; iTunes, AT&T FamilyMap, http://itunes.apple.com/us/app/at-t-familymap/id353334746?mt=8.

Honorable Judge Davis

Close relationship between AT&T Mobility and AT&T Services

- Officers of AT&T Services provide critical functions for AT&T-related businesses, including those of AT&T Mobility. For example, the Senior Vice President of Network Planning and Engineering, who is technically affiliated with AT&T Services, is responsible for "wireless network engineering functions" for AT&T-affiliated business and "manage[s] the multibillion dollar network capital plan and [is] charged with integrating acquired assets into the company." His responsibilities "extend to solutions throughout our entire network infrastructure." He submitted a declaration on behalf of AT&T's acquisition of T-Mobile for AT&T Mobility.[13]

- The Chief Technology Officer for AT&T Services is responsible for AT&T-affiliated "research and development activities, its product development, its network engineering and operations, its security and intellectual property organizations, and its overall road map for innovation and global technology direction." He submitted a declaration on behalf of AT&T's acquisition of T-Mobile for AT&T Mobility.[14]

- A Senior Technical Manager for AT&T Services has supported sales of wireless services related to AT&T Mobility.[15]

- AT&T Services and AT&T Mobility appear to use a common tax department. AT&T Services uses the address of AT&T Mobility on its W-9 to the Internal Revenue Service.[16]

In addition, AT&T, AT&T Mobility, and AT&T Services appear to share the same pension benefit plan.[17] Accordingly, genuine issues of material fact exist regarding the extent to which AT&T, AT&T Mobility, and AT&T Services operate as separate entities. TracBeam intends to develop the interlocking relationships among AT&T, AT&T Mobility, and AT&T Services through discovery.

- *"the daily operations of the two corporations are not kept separate;" "the subsidiary does not observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings"*

Public information repeatedly indicates that AT&T presents its business as seamlessly bound with that of AT&T Mobility and AT&T Services.

---

[13] *See* Declaration of William Hogg ¶ 1, *In re Applications of AT&T Inc. and Deutsche Telekom AG for Consent to Transfer Control of the Licenses and Authorizations Held by T-Mobile USA, Inc. and Its Subsidiaries,* WT Docket No. 11-65 (Apr. 20, 2011) (http://fjallfoss.fcc.gov/ecfs/document/view?id=7021240424).

[14] *See* Declaration of John Donovan ¶ 1, *In re Applications of AT&T Inc. and Deutsche Telekom AG for Consent to Transfer Control of the Licenses and Authorizations Held by T-Mobile USA, Inc. and Its Subsidiaries,* WT Docket No. 11-65 (Apr. 20, 2011) (http://fjallfoss.fcc.gov/ecfs/document/view?id=7021240423).

[15] *See* Declaration of Lilian L. Chan in Support of Defendant AT&T Mobility LLC's Motion to Compel Arbitration and to Stay Case ¶¶ 2-3, *Hendricks v. AT&T Mobility*, No. 11-cv-409-CRB (N.D. Cal. Feb. 25, 2011)ECF No. 35-1.

[16] *Compare* Request for Taxpayer Identification Number and Certification (Form W-9), AT&T Services (Mar. 31, 2011) (http://www.att.com/Common/merger/files/pdf/ATT_Services_ATT_Labs_2011.pdf) (listing address at 1025 Lenox Park Blvd., 3rd Floor Tax Department, Georgia 30319) *with* Request for Taxpayer Identification Number and Certification (Form W-9), AT&T Mobility (Mar. 4, 2011) (http://www.att.com/Common/merger/files/pdf/ATT_Mobility_2011.pdf) (listing address as 1025 Lenox Park Blvd., 3rd Floor Tax Department, Georgia 30319).

[17] *See* AT&T Inc. 2011 Notice of Annual Meeting and Proxy Statement 59 ("The AT&T Pension Benefit Plan, a 'qualified pension plan' under the Internal Revenue Code, covers nearly all of our employees and each of the Named Executive Officers.").

Honorable Judge Davis

First, in its Answer to the U.S. Government's Complaint to enjoin AT&T's acquisition of T-Mobile, AT&T stated that it is headquartered in Dallas, Texas and "provides mobile wireless telecommunications services in 50 states, the District of Columbia, and Puerto Rico."[18]

Second, AT&T represented to the Federal Communications Commission that AT&T Mobility "operates AT&T's wireless network." AT&T FCC Submission at 15 n.15.

Third, the AT&T 2010 10-K does not distinguish between AT&T's operations and those of AT&T Mobility. For example, the 10-K defines "we" as "AT&T Inc." and then states: "[t]he services and products that we offer vary by market, and include: wireless communications" and "data/broadband and Internet services." *Id*. at 1.

Fourth, the AT&T 2010 10-K states that AT&T "maintain[s] an Internet website at www.att.com," which offers and advertises products or services relevant to this litigation. Public information confirms that AT&T is the "domain administrator" of that domain name.[19] Visitors to the att.com website are instructed to address inquiries regarding website-related privacy issues to AT&T's headquarters.[20] Although AT&T claims in its Letter that its "website is not maintained by AT&T Inc. nor are any of the products or services on that website provided by AT&T Inc.," (*id*. at 2 n.1) that only emphasizes the overlapping relationship between AT&T and its affiliates. For example, AT&T Services (which, as described above, is partially owned by, and shares officers, with AT&T) is the "technical contact" for the att.com website.[21]

TracBeam expects discovery to reveal correspondence and other documents that indicate that significant operational decisions for AT&T Mobility are made by officers and directors of AT&T.

- <u>*"the parent uses the subsidiary's property as its own;"*</u>

Although discovery is necessary to understand the property arrangements of AT&T and AT&T Mobility, public records indicate that AT&T's principal executive offices are located in a building that is partially owned by AT&T Services, which—as noted above—has close affiliations with AT&T Mobility.[22]

### Conclusion

The Court should deny permission to AT&T to file a motion for summary judgment because genuine issues of material fact exist as to whether the legal fiction between AT&T and its affiliates (including AT&T Mobility) should be pierced; and it would be premature to determine this issue before discovery has occurred.

---

[18] Answer ¶ 7, *United States v. AT&T Inc*., No. 11-cv-01560-ESH (D. D.C. Sept. 9, 2011) ECF No. 7.
[19] *See* http://www.whois.net/whois/att.com.com.
[20] *Compare* http://www.att.com/Common/about_us/privacy_policy/print_policy.html ("write to us at AT&T Privacy Policy, 208 S. Akard, Room 1825, Dallas, TX 75202") *with* 2010 10-K (stating location of AT&T's "principal executive offices at 208 S. Akard St., Dallas, Texas, 75202").
[21] *See* http://www.whois.net/whois/att.com.com.
[22] *See* AT&T 2010 10-K at 1 (stating that AT&T "has its principal executive offices at 208 S. Akard St., Dallas, Texas"); Dallas Central Appraisal District (http://www.dallascad.org/AcctDetailBPP.aspx?ID=99200334600194700) (listing AT&T Services as one of several AT&T entities that have ownership interest in 208 S. Akard Street).

Honorable Judge Davis

        Respectfully,

/s/ Jonathan Gottfried
Gregory S. Dovel
CA State Bar No. 135387
Email: greg@dovellaw.com
Jonathan Gottfried
NY State Bar No. 4269163
Email: jonathan@dovellaw.com
**DOVEL & LUNER, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
**CAPSHAW DERIEUX, L.L.P.**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com

Robert Christopher Bunt
State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER & BUNT, P.C.**
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: 903/531-3535
Facsimile: 903/533-9687

***ATTORNEYS FOR PLAINTIFF
TRACBEAM, L.L.C.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 21st day of February 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                  */s/ Jonathan Gottfried*
                                                  JONATHAN GOTTFRIED