**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TRACBEAM, L.L.C., a Colorado limited liability company, | |
| Plaintiff, | CASE NO. 6:11-cv-96 |
| vs. | **Jury Trial Demanded** |
| AT&T INC., a Delaware corporation; AT&T MOBILITY L.L.C., a Delaware limited liability company; METROPCS COMMUNICATIONS, INC., a Delaware corporation; METROPCS WIRELESS, INC., a Delaware corporation; TEXAS RSA 7B3, L.P. D/B/A PEOPLES WIRELESS SERVICES, a Texas corporation; SPRINT NEXTEL CORPORATION, a Kansas corporation; SPRINT SPECTRUM L.P., a Delaware limited partnership; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC., a Delaware corporation; NEXTEL OF NEW YORK, INC., a Delaware corporation; NEXTEL SOUTH CORP., a Georgia corporation; NEXTEL OF TEXAS, INC., a Texas corporation; NEXTEL WEST CORP., a Delaware corporation; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, a Delaware partnership; GOOGLE, INC., a Delaware corporation; and SKYHOOK WIRELESS, INC., a Delaware corporation. | |
| Defendants. | |
| and | |
| LOCATION LABS, | |
| Intervenor. | |

# PLAINTIFF TRACBEAM, L.L.C.'S ANSWER AND COUNTERCLAIMS TO LOCATION LABS' COMPLAINT IN INTERVENTION

Plaintiff TracBeam, L.L.C., ("TracBeam") answers the Complaint of Intervenor Location Labs and asserts Counterclaims as follows:

## PARTIES

1. TracBeam is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2. TracBeam admits that it is a Colorado limited liability company.

## JURISDICTION AND VENUE

3. TracBeam admits that the Complaint purports to state a claim for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 7,764,231 (entitled "Wireless Location Using Mobile Station Location Techniques") and 7,525,484 (entitled "Gateway and Hybrid Solutions for Wireless Location") (collectively, "the Patents"), copies of which were attached to TracBeam's First Amended Complaint. TracBeam further admits that the Complaint invokes the United States patent laws and that this Court has subject-matter jurisdiction over patent-law claims and may issue declaratory judgments. TracBeam denies any remaining allegations of paragraph 3.

4. TracBeam does not contest personal jurisdiction in this Court for purposes of this action. TracBeam denies any remaining allegations of paragraph 4.

5. TracBeam does not contest venue in this district for purposes of this action. TracBeam denies any remaining allegations of paragraph 5.

## FACTUAL BACKGROUND

6. TracBeam is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. TracBeam is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8. TracBeam admits that, through assignment, it is the owner of all right, title, and interest in the Patents, including all rights to pursue and collect damages for infringement of the Patents. TracBeam denies any remaining allegations of paragraph 8.

9. TracBeam admits that it filed the Amended Complaint on May 19, 2011, which alleged patent infringement by defendants of one or more claims of the Patents. TracBeam further admits that the Amended Complaint alleges, at paragraphs 24 and 47, that "AT&T's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of AT&T subscribers' cellular phones)." TracBeam denies any remaining allegations of paragraph 9.

10. TracBeam admits that it served Patent Rule 3-1 disclosures on September 16, 2011. TracBeam admits that certain aspects of Family Map are detailed in those disclosures. TracBeam denies any remaining allegations of paragraph 10.

11. TracBeam is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12. TracBeam denies that, on October 27, 2011, it provided Location Labs select portions of its Patent Rule 3-1 disclosures for the accused AT&T instrumentalities. TracBeam

admits that certain aspects of Family Map are detailed in TracBeam's Patent Rule 3-1 disclosures. TracBeam denies any remaining allegations of paragraph 12.

13. TracBeam admits that a dispute exists between Location Labs and TracBeam as to whether Location Labs directly or indirectly infringes any claim of the Patents. TracBeam further admits that a dispute exists as to whether AT&T Mobility directly or indirectly infringes any claim of the Patents. TracBeam denies any remaining allegations in paragraph 13.

14. TracBeam admits that Location Labs asserts, and TracBeam denies, that claims of the Patents are invalid. TracBeam denies any remaining allegations in paragraph 14.

## COUNT 1

15. TracBeam incorporates its responses to the allegations of paragraphs 1 through 14 above.

16. TracBeam denies the allegations in paragraph 16.

17. TracBeam denies the allegations in paragraph 17.

18. TracBeam denies the allegations in paragraph 18.

19. TracBeam denies the allegations in paragraph 19.

## COUNT 2

20. TracBeam incorporates its responses to the allegations of paragraphs 1 through 19 above.

21. TracBeam denies the allegations in paragraph 21.

22. TracBeam denies the allegations in paragraph 22.

23. TracBeam denies the allegations in paragraph 23.

24. TracBeam denies the allegations in paragraph 24.

## COUNT 3

25. TracBeam incorporates its responses to the allegations of paragraphs 1 through 24 above.

26. TracBeam denies the allegations in paragraph 26.

27. TracBeam denies the allegations in paragraph 27.

## COUNT 4

28. TracBeam incorporates its responses to the allegations of paragraphs 1 through 27 above.

29. TracBeam denies the allegations in paragraph 29.

30. TracBeam denies the allegations in paragraph 30.

## REQUESTED RELIEF

TracBeam denies that Location Labs is entitled to any of the requested relief and denies any allegations.

## DEMAND FOR JURY TRIAL

Location Labs' demand for a trial by jury for all issues triable to a jury does not state any allegation, and TracBeam is not required to respond. To the extent that any allegations are included in the demand, TracBeam denies these allegations.

## COUNTERCLAIMS

1. Plaintiff TracBeam, L.L.C. ("Plaintiff" or "TracBeam") owns the inventions described and claimed in United States Patent Nos. 7,764,231 entitled "Wireless Location Using Multiple Mobile Station Location Techniques" (the "'231 patent") and 7,525,484 entitled "Gateway and Hybrid Solutions for Wireless Location" (the "'484 patent") (collectively "the Patents").

2. Wavemarket, Inc. d/b/a Location Labs ("Location Labs") has used and continues to use Plaintiff's patented technology in products and/or services that it makes, uses, imports, sells, and/or offers to sell.

4

3. TracBeam seeks damages for patent infringement and an injunction preventing Location Labs from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the technology claimed by the Patents without Plaintiff's permission.

**Parties**

4. Plaintiff TracBeam is a limited liability company existing under and by virtue of the laws of the State of Colorado.

5. On information and belief, Location Labs is a Delaware corporation with its principal place of business at 5980 Horton St., Suite 675, Emeryville, CA.

**Patents**

6. The United States Patent and Trademark Office issued the '231 patent (attached as exhibit A) on July 27, 2010; and the '484 patent (attached as exhibit B) on April 28, 2009. Through assignment, Plaintiff is the owner of all right, title, and interest in the Patents, including all rights to pursue and collect damages for infringement of the Patents.

**Jurisdiction and Venue**

7. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281 *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

8. Location Labs has consented to personal jurisdiction and venue in this Court by intervening in this action.

9. Location Labs has committed acts and continues to commit acts within this judicial district giving rise to this action.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

**First Claim for Patent Infringement**
**(Infringement of the '231 patent)**

11. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 10 above and further alleges as follows:

12. The United States Patent and Trademark Office issued the '231 patent on July 27, 2010. Plaintiff is the owner of the '231 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

13. Without a license or permission from Plaintiff, Location Labs has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Location Labs' infringing products and services include, without limitation, its platform, products and services for determining the locations of wireless mobile devices. Location Labs, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Location Labs' products and services.

14. Location Labs' infringement of the '231 patent has been and continues to be willful. Upon information and belief, Location Labs knew or should have known of an objectively high likelihood that its actions constitute infringement of the '231 patent no later than October 2011, when counsel for AT&T Mobility L.L.C. contacted Location Labs regarding indemnification for certain infringement alleged in this Action. Location Labs disregarded and continues to disregard this objective risk.

15. As a result of Location Labs' infringement of the '231 patent, Plaintiff has been damaged and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Location Labs is enjoined from continuing to infringe the '231 patent.

16. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Location Labs to compensate it for Location Labs' infringement of the '231 patent.

### Second Claim for Patent Infringement
### (Infringement of the '484 patent)

17. Plaintiff incorporates by reference each of the allegations in paragraphs 1–16 above and further alleges as follows:

18. The United States Patent and Trademark Office issued the '484 patent on April 28, 2009. Plaintiff is the owner of the '484 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

19. Without a license or permission from Plaintiff, Location Labs has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services.  Location Labs' infringing products and services include, without limitation, its platform, products and services for determining the locations of wireless mobile devices.  Location Labs, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Location Labs' products and services.

20. Location Labs' infringement of the '484 patent has been and continues to be willful. Upon information and belief, Location Labs knew or should have known of an objectively high likelihood that its actions constitute infringement of the '484 patent no later than October 2011, when counsel for AT&T Mobility L.L.C. contacted Location Labs regarding indemnification for the infringement alleged in this Action. Location Labs has disregarded and continues to disregard this objective risk.

21. As a result of Location Labs' infringement of the '484 patent, Plaintiff has been damaged and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Location Labs is enjoined from continuing to infringe the '484 patent.

22. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Location Labs to compensate it for Location Labs' infringement of the '484 patent.

## Jury Demand

23. Plaintiff demands trial by jury of all issues relating to its claims regarding the '231 and '484 patents.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment as follows:

    A.    A judgment in favor of Plaintiff that Location Labs has infringed the '231 and '484 patents;

    B.    A judgment and order finding that Location Labs has willfully infringed the '231 and '484 patents;

    C.    A decree preliminarily and permanently enjoining Location Labs as well as its officers, directors, employees, agents, and all persons in active concert with them,

        from infringing, and contributing to or inducing others to infringe the '231 and '484 patents;

D.    A judgment and order requiring Location Labs to pay Plaintiff compensatory damages, costs, expenses, and pre- and post-judgment interest for Location Labs' infringement of the '231 and '484 patents, as provided under 35 U.S.C. § 284;

E.    A judgment and order finding that this patent infringement case is exceptional within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees; and

F.    Any and all other relief to which Plaintiff may be entitled.

Dated: February 23, 2012                                    Respectfully submitted,

                                                                By:   /s/ Elizabeth L. DeRieux

                                                                Gregory S. Dovel  
                                                                CA State Bar No. 135387  
                                                                Email: greg@dovellaw.com  
                                                                Richard E. Lyon  
                                                                CA State Bar No. 229288  
                                                                Email: rick@dovellaw.com  
                                                                DOVEL & LUNER, LLP  
                                                                201 Santa Monica Blvd., Suite 600  
                                                                Santa Monica, CA 90401  
                                                                Telephone: 310-656-7066  
                                                                Facsimile: 310-657-7069

                                                                S. Calvin Capshaw  
                                                                State Bar No. 03783900  
                                                                Elizabeth L. DeRieux  
                                                                State Bar No. 05770585  
                                                                CAPSHAW DERIEUX, L.L.P.  
                                                                114 E. Commerce

        Gladewater, Texas 75647
        Telephone: (903) 236-9800
        Facsimile: (903) 236-8787
        Email: capshaw@capshawlaw.com
        Email: ederieux@capshawlaw.com

        Robert Christopher Bunt
        State Bar No. 00787165
        Email: rcbunt@pbatyler.com
        PARKER & BUNT, P.C.
        100 East Ferguson, Ste. 1114
        Tyler, TX 75702
        Telephone: 903/531-3535
        Facsimile: 903/533-9687

        ATTORNEYS FOR PLAINTIFF
        TRACBEAM, L.L.C.

## **CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 23rd day of February, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

        /s/ Elizabeth L. DeRieux
        Elizabeth L. DeRieux