**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TRACBEAM, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> AT&T INC.; AT&T MOBILITY L.L.C.; METROPCS COMMUNICATIONS, INC.; METROPCS WIRELESS, INC.; TEXAS RSA 7B3, L.P. d/b/a PEOPLES WIRELESS SERVICES; SPRINT NEXTEL CORPORATION; SPRINT SPECTRUM L.P.; NEXTEL OF CALIFORNIA, INC.; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC.; NEXTEL OF NEW YORK, INC.; NEXTEL SOUTH CORP.; NEXTEL OF TEXAS, INC.; NEXTEL WEST CORP.; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; GOOGLE, INC.; and SKYHOOK WIRELESS, INC., <br><br> Defendants. | **Case No. 6:11-cv-00096-LED** |

**STIPULATED PROTECTIVE ORDER**

Plaintiff TracBeam, L.L.C. together with Defendants AT&T Inc., AT&T Mobility

L.L.C., MetroPCS Wireless, Inc., MetroPCS Communications, Inc., Cellco Partnership d/b/a

Verizon Wireless, Google Inc., and Skyhook Wireless, Inc., through their respective counsel of

record in the above-captioned action (referenced herein as "this Action"), hereby stipulate to the

entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and on the

following terms and conditions.

1

## I.    APPLICABILITY AND DESIGNATION OF PROTECED DISCOVERY MATERIAL.

### A.    Applicability of Order.

This Order will govern the handling, use, and disclosure of documents, depositions, discovery responses, and recorded, graphical, or other materials produced during these proceedings by any party or by any third party who has expressly agreed in writing to be bound by the terms of this Order, and any copy, abstract, summary, digest, or by-product of such materials ("Discovery Material").  Such party or third party will be referred to in this Order as the "Producing Party."  Each party receiving the Discovery Materials will be referred to in this Order as a "Receiving Party."  Except with the prior written consent of the Producing Party, any Discovery Material that the Producing Party designates as "Confidential," "Highly Confidential," or "Confidential – Outside Counsel Only – Source Code" will be considered "Protected Discovery Material" and will not be disclosed to any person or used for any purpose except as expressly permitted in this Order.

### B.    Designation of Materials as Protected Discovery Material.

#### 1.    Materials Eligible for Designation as "Confidential."

Any party to this litigation, or any third party who elects to be covered by this Order, may designate Discovery Material as "Confidential" to the extent it contains confidential or proprietary technical, scientific, or business information that is not generally known, that would not normally be revealed to third parties, and for which its disclosure would be detrimental to the conduct of the Producing Party's business.

#### 2.    Materials Eligible for Designation as "Highly Confidential."

Any party to this litigation, or any third party who elects to be covered by this Order, may designate Discovery Material as "Highly Confidential" (or an equivalent designation) if the designating party reasonably believes that the Discovery Material constitutes or contains trade

secrets or other information such as non-public research, development, product development,

technical, manufacturing, financial, sales, marketing, personnel, customer, vendor, or

commercial information, which, if disclosed to the Receiving Party, would create a substantial

risk of harm to the competitive position of the Producing Party.

### 3. Materials Eligible for Designation as "Confidential – Outside Counsel Only – Source Code."

Any party to this litigation, or any third party who elects to be covered by this Order, may

designate Discovery Material as "Confidential – Outside Counsel Only – Source Code" (or an

equivalent designation) if the Producing Party reasonably believes that the Discovery Material is

eligible for designation as "Highly Confidential" under Section I.B.2 above and constitutes a

Producing Party's computer instructions, data structures, and data definitions expressed in a form

suitable for input to an assembler, compiler, other translator, or other data processing module

("Source Code").

### 4. Exceptions to Eligibility for Designation.

Information that otherwise is eligible for designation as "Confidential" or "Highly

Confidential" or "Confidential – Outside Counsel Only – Source Code" under the standards set

forth above will not be deemed protected, and the parties will use reasonable efforts to ensure

that information is not designated as such, if such information is:

(a)     at the time of production or subsequently becomes, through no wrongful

act or failure to act on the part of the Receiving Party, generally available

to the relevant public through publication or otherwise; or

(b)     already legitimately in the possession of the Receiving Party at the time of

production; or

(c)      disclosed to the Receiving Party by a third party without breach of an

obligation of confidence to the Producing Party; or

(d)      developed independently by a party as reflected in written documents

prepared prior to disclosure by the Producing Party; or

(e)      contained in an issued patent or a publicly available printed publication.

**5.      Materials Produced Prior to Entry of this Protective Order.**

Any Discovery Material produced in this litigation before issuance of this Order with the

designation "Confidential," "Highly Confidential," or the equivalent will receive the same

treatment as if designated "Highly Confidential" under this Order, unless and until such

Discovery Material is re-designated to have a different classification under this Order.

**C.      Marking.**

**1.      General.**

The designation of Protected Discovery Material will occur by visibly marking it as

"Confidential" or some form of "Highly Confidential" or some form of "Confidential – Outside

Counsel Only – Source Code."  Counsel will agree on a mutually acceptable manner for the

identification of Protected Discovery Material that cannot be readily or easily marked in a visible

manner.

**2.      Production of Originals for Inspection.**

If the Receiving Party desires to inspect original Discovery Material either after a

Receiving Party has received copies of produced documents or before deciding whether to obtain

a copy of some or all of them, then the Producing Party will make original files and records

available for inspection by the inspecting party's outside counsel, testifying experts, and non-

testifying consultants.  No confidential marking need be made by the Producing Party in advance

of the inspection.  For purposes of the inspection, all documents within the produced files and

records will be considered "Highly Confidential."  If the Receiving Party requests the production of the inspected Discovery Material, the Producing Party will mark the originals (or, at its option, copies for production) of such documents with appropriate "Confidential" or "Highly Confidential" designations before copies are made for the Receiving Party that performed the inspection.

### 3.      Designations of Deposition Testimony.

A party or third-party deponent may designate deposition testimony that qualifies as "Confidential" or "Highly Confidential" under this Order by identifying on the record, before the close of the deposition, such testimony.  Such party or non-party may also invoke on the record (before the deposition or proceeding is concluded) a right to have up to fifteen (15) days from receipt of the deposition transcript to identify in writing the specific portions of the testimony as to which protection is sought and to specify the appropriate confidentiality designation.  If the fifteen (15) day period is invoked during a deposition, all the deposition testimony will be treated as if it were designated "Highly Confidential" until fifteen (15) days from receipt of the official deposition transcript from the court reporter.  Transcript pages containing Protected Discovery Material must be separately bound by the court reporter (to the extent known at the time of the preparation of the transcript), who must affix to each such page the appropriate confidentiality designation.  All copies of "Confidential – Outside Counsel Only – Source Code" materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day.  At no time will any "Confidential – Outside Counsel Only – Source Code" material be given to or left with the court reporter or any other individual.

### 4.      Inadvertent Disclosure.

The inadvertent or unintentional disclosure of undesignated or under-designated Protected Discovery Material will not be deemed a waiver of a Producing Party's claim of confidentiality.  Good faith disclosure of such material by any Receiving Party prior to its designation as confidential will not be a violation of this Order.

Any Producing Party that inadvertently or unintentionally produces Protected Discovery Material without designating it as Protected Discovery Material may request destruction of that Protected Discovery Material by notifying the Receiving Party, as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and by providing replacement Protected Discovery Material that is properly designated.  Upon receiving the replacement Protected Discovery Material, the Receiving Party will then destroy all copies of the inadvertently or unintentionally produced Protected Discovery Material.  The Receiving Party will also make reasonable efforts to destroy all documents, information or materials derived from Protected Discovery Material that are in the possession of persons who cannot access the replacement Protected Discovery Material.

### 5.      Challenge to Marking.

If a Receiving Party disagrees with a Producing Party that any Discovery Material was appropriately designated as Protected Discovery Material, then the Receiving and Producing Parties will meet and confer and attempt, in good faith, to resolve such dispute on an informal basis.  If such informal efforts fail to resolve the dispute, a Receiving Party may move the Court, after complying with the Court's rules and procedures for resolving discovery disputes prior to requesting Court intervention, for a determination of whether the material should be designated as "Confidential" or "Highly Confidential" or "Confidential – Outside Counsel Only – Source Code."  The party seeking to designate the material as Protected Discovery Material will have

the burden of establishing that the disputed material is entitled to confidential treatment under the appropriate category.  The failure to designate information in accordance with this Order or the failure to challenge a designation at the time of production will not preclude the filing of a motion at a later date seeking to impose such designation or challenge the propriety thereof.

## II.     USE OF PROTECTED DISCOVERY MATERIAL.

### A.     Restrictions on Use of Protected Discovery Material.

Protected Discovery Material will not be used by any recipient or disclosed to anyone for any purpose other than in connection with this Action and will not be disclosed by the Receiving Party to anyone other than those persons designated below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court.

### 1.     Access to "Confidential" Material.

Access to materials or information designated as "Confidential" will be restricted to the Producing Party and to the following persons:

(a)     Outside counsel for the Receiving Party, including local counsel, their employees, and outside copy services assisting such counsel;

(b)     Court personnel, stenographic reporters, videographers, and jurors as are necessarily incident to depositions, hearings, or trial;

(c)     Testifying experts or non-testifying consultants retained by or on behalf of a party to assist outside counsel for any party in connection with this litigation (but only after meeting the requirements set forth below in Section II.B of this Order), and the employees, contractors, and assistants, working under the supervision of such experts or consultants;

(d)     Jury consultants or trial consultants retained by or on behalf of a party to assist outside counsel for any party in connection with this litigation, together with technicians, assistants, or mock jurors who are (i) supervised by such consultants and (ii) subject to a written obligation of confidentiality;

(e)     Internal counsel of a Defendant who are members of at least one state bar in good standing and who either have responsibility for making decisions dealing directly with the litigation of this Action or who are assisting outside counsel in preparation for proceedings in this Action, provided, however, that (i) access to "Confidential" materials pursuant to this paragraph will be limited to internal counsel who do not exercise authority for "competitive decision-making" as that term is explained in *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), and (ii) the above-identified internal counsel of a Defendant will not receive access to or disclosure of Protected Discovery Material of a co-Defendant, absent the written consent of the Producing Party;

(f)     Up to (2) officers, directors, employees, or outside counsel of any party that may have an obligation to indemnify any Defendant for all or part of any recovery obtained by Plaintiff in this Action provided that any such officer, director, employee or outside counsel will, prior to such disclosure, read this Order and will agree in writing, by signing an agreement in the form attached hereto as Exhibit A, to be bound by the terms of this Order.

(g)     Up to two (2) officers, directors, or employees of a party to this Action who either (i) has responsibility for making decisions dealing directly with the litigation of this Action or (ii) is assisting outside counsel in preparation for proceedings in this Action, except that the above-identified representative(s) will not receive access to or disclosure of Protected Discovery Material of a co-Defendant, absent the written consent of the Producing Party; and

(h)     Any other person with the prior written consent of the Producing Party.

**2.      Access to "Highly Confidential" Material.**

Access to materials or information designated as "Highly Confidential" will be restricted to individuals listed in the following subsections of Section II.A.1 above:

- subsections (a)-(e);

- subsection (f), but only in the case of infringement contentions and expert reports, in which case the entities listed in (f) will be entitled to see Highly Confidential information in the contentions and expert reports relating to the particular defendant that the indemnitor is indemnifying and no other, provided that any entity listed in (f) will, prior to such disclosure, read this Order and will agree in writing, by signing an agreement in the form attached hereto as Exhibit A, to be bound by the terms of this Order; and

- subsection (h).

**3.      Access to "Confidential – Outside Counsel Only – Source Code."**

Access to materials or information designated as "Confidential – Outside Counsel Only – Source Code" (referenced herein as "Source Code Material") will be restricted to individuals listed above in subsections (a)-(d) and (h) of Section II.A.1, with the exception that experts or

consultants identified in Section II.A.1(c) will not disclose Source Code Material to their employees, contractors, or assistants, and with the following additional restrictions:

(a)     Access to a Producing Party's Source Code will be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet and must have its networking capabilities fully disabled), referenced herein as the "Viewing Computer."  The Viewing Computer provided for the inspection of Source Code may only be located at either (at the Producing Party's sole discretion) (i) the offices of the Producing Party's outside counsel <u>or</u> (ii) a third party escrow agent selected by the Producing Party, so long as said locations are not unduly inconvenient to the Receiving Party and its experts.  The Viewing Computer may (at the Producing Party's sole discretion) have all ports (*e.g.,* USB, disk drives), software, and other avenues that could be used to copy or transfer data blocked or disabled.

(b)     At the Receiving Party's request, the Producing Party will provide up to two (2) stand-alone Viewing Computers at the production location.  The Receiving Party may request that commercially-available licensed software tools for viewing and searching Source Code be installed on the Viewing Computer (in which case the Receiving Party must provide the Producing Party with the CD or DVD containing such software tool(s) at least two weeks in advance of the inspection).  The Producing Party will have the right to object to the use of particular software, to the extent such

software has the capability of editing or altering Source Code under the
conditions proposed for the Receiving Party's inspection.  The Producing
Party must make its objection no later than one week in advance of the
inspection or will have waived that objection.

(c)     The Receiving Party will make reasonable efforts to restrict its requests
for access to the Viewing Computer to "normal business hours" (which for
purposes of this paragraph will be between 9:00 a.m. and 5:00 p.m. where
the Viewing Computer is located).  However, upon reasonable notice from
the Receiving Party, the Producing Party will make reasonable efforts to
accommodate the Receiving Party's request for access outside of normal
business hours.  The parties agree to cooperate in good faith such that
maintaining the Producing Party's Source Code at the offices of its outside
counsel will not unreasonably hinder the Receiving Party's ability to
efficiently and effectively conduct the prosecution or defense of this
Action.  Beginning one week prior to the beginning of any trial in this
Action and continuing through the end of any such trial, access to the
Source Code of those parties who are in such trial will be provided under
the same conditions and with the same limitations and restrictions as
provided in this paragraph at local counsel for the Producing Party in the
Eastern District of Texas.

(d)     At the request of the Receiving Party, the Producing Party will produce
paper copies of those portions of Source Code selected by the Receiving
Party.  Counsel for the Receiving Party may request one additional copy

of each original printout of source code.  Within five (5) business days of receiving the Receiving Party's request, counsel for the Producing Party will provide Bates-numbered copies of such original printouts to counsel for the Receiving Party; each printed copy will be designated "Confidential – Outside Counsel Only – Source Code" (or equivalent designation).  No more than 10% or 250 pages of the total Source Code, whichever is greater, may be in printed form at any one time.  If necessary, the Receiving Party may request to print additional pages in excess of the 10% of the total Source Code or 250 pages (whichever is greater) of total Source Code, which request the Producing Party will not unreasonably deny.  In any event, no more than 50 pages of continuous Source Code will be printed without the authorization of the Producing Party.

(e)     The electronic and paper copies of Source Code Material received by the Receiving Party will not be replicated, other than to the extent reasonably necessary to use excerpted Source Code Material in a pleading, exhibit, demonstrative, expert report, discovery document, deposition transcript, or other Court document (referenced herein as "Source Code Documents").  To the extent portions of Source Code Material are quoted in a Source Code Document, either (i) the entire document will be designated and treated as "Confidential – Outside Counsel Only – Source Code" or (ii) those pages containing quoted Source Code will be separately bound, and stamped and treated as "Confidential – Outside Counsel Only –

12

Source Code." Such Source Code Documents will be filed under seal where appropriate. The Receiving Party will only include such excerpts as are reasonably necessary for the purpose for which such Source Code Material is used. Images or copies of Source Code Material will not be included in correspondence between the parties (references to production numbers will be used instead) and will be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software using password protection; provided, however, that images of such a selected portion of the Source Code Material may be filed with the Court in accordance with the Court's procedure for filing protected material under seal. The communication and/or disclosure of electronic files containing any portion of Source Code Material will at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Order.

(f)     The Receiving Party is prohibited from bringing outside electronic devices that may be used to electronically copy information from a stand-alone computer (including but not limited to external floppy drives, zip drives, flash drives, Ethernet cables, USB cables, or other similar hardware) into the room with the Viewing Computer(s) during a Source Code inspection. Laptop computers, personal digital assistants, and cell phones (including

those with built-in cameras) will otherwise be permitted inside the

Viewing Computer room, so long as such devices are not used in any way

to reproduce or transfer material stored or displayed on the Viewing

Computer, and any cameras and Internet connectivity in said devices are

disabled.  If any individual inspecting the Producing Party's Source Code

seeks to take notes on hardcopy paper, all such notes will be taken on

bound (spiral or other type of permanently bound) notebooks.  No loose

paper or other paper that can be used in a printer may be brought into the

secure room.  The individual taking notes may not copy any entire line of

the Source Code onto paper used for the notes.  The Producing Party will

not videotape or otherwise record the review of Source Code by the

Receiving Party; the Producing Party may, however, have a person

monitor the Source Code review to ensure compliance with the provisions

of this Order, so long as the monitoring does not involve any attempt to

discern the substance of the Receiving Party's review.

(g)     A list of names of persons who will review the Source Code will be

provided to the Producing Party in conjunction with any written (including

e-mail) notice requesting inspection.  When the secure room is maintained

by an escrow agent or approved third party outside of the control of the

Producing Party or its outside counsel, the Receiving Party will maintain a

daily log of the names of persons who enter the secure room to view the

Source Code and when they enter and depart.  The Producing Party will be

entitled to have a person observe all entrances and exits from the Source

Code viewing room.

(h)     The Receiving Party's outside counsel will maintain a log of all copies of the Source Code Material (received from a Producing Party) that are delivered by the Receiving Party to any qualified person outlined above. The log will include the names of the recipients and reviewers of copies and locations where the copies are stored.  The Producing Party will be provided with a copy of the log as well.

(i)     Outside counsel of record for the Receiving Party will ensure that all copies of the Source Code Material are stored in a manner that is reasonably calculated to prevent unauthorized access.  Access will be limited to the persons authorized for access to "Confidential – Outside Counsel Only – Source Code" material under this Order.  Copies of all Source Code Material will be maintained in a secured, locked area.

(j)     All copies of any portion of the Source Code Material in whatever form will be securely destroyed if they are no longer of use in this case.  Copies of Source Code Material that are marked as deposition exhibits will not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(k)     Outside counsel of record for the Receiving Party will notify the Producing Party within twenty-four (24) hours of becoming aware of any loss, theft, or unauthorized copying of the Producing Party's Source Code Material.

### B.      Experts.

Prior to disclosing any Protected Discovery Material to a testifying expert or non-testifying consultant ("Expert"), the party seeking to disclose such information will provide the Producing Party or Parties with written notice that includes:  (i) the name of the Expert; (ii) the Expert's present employer, business address, and title; (iii) a list of any and all other cases in which the Expert testified as an expert at trial or by deposition during the previous four (4) years, and (iv) an up-to-date curriculum vitae setting forth the Expert's employment and/or consultations during the previous four (4) years (including the identities of the entities by or on behalf of which such Expert was employed, engaged, or retained).

To the extent that any of the employment or consultation arrangements cannot be provided due to confidentiality obligations, the party seeking to make the disclosure to the Expert will first establish that the confidentiality obligations to which the Expert was subject continue to be in force and effect and insisted upon by the entity with whom the agreement was made and, if so, then identify, to the extent possible without violating any confidentiality obligations, (a) the industry in which the relationship(s) took place; (b) the general technology involved; (c) the dates of the relationship(s); and (d) a statement of whether the relationship(s) was (or were) with a competitor of any of the parties, such that the Producing Party can reasonably assess any concerns raised by the disclosure of Protected Discovery Material to such Expert.  The notice requirement in this subsection applies to each Expert, but does not apply to the employees, contractors, or assistants working under the supervision of such Expert.

Within seven (7) calendar days of receipt of the disclosure of the proposed Expert, the Producing Party or Parties may object in writing to the proposed Expert if disclosure of its Protected Discovery Material to the Expert substantially risks non-trivial competitive business or economic harm to that party (under any safeguards proposed if the Expert is allowed access).  A

party objecting to disclosure of Protected Discovery Material will state with particularity the ground(s) of the objection, along with the specific categories of documents that are the subject of the objection, and the objection must describe with particularity the harm risked by the disclosure of the Protected Discovery Materials.  The objecting party will have the burden of showing to the Court good cause for preventing disclosure of its Protected Discovery Material to the Expert.

In the absence of an objection within the seven (7) day period, the Expert will be deemed approved under this Order.  If the Producing Party objects to disclosure to the Expert within the seven (7) day period, the parties will meet and confer via telephone or in person within seven (7) calendar days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the party objecting to the disclosure will have seven (7) calendar days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection will be deemed withdrawn.  If relief is sought, the Protected Discovery Materials will not be disclosed to the proposed Expert in question until the objection is resolved by the Court.

Every Expert retained by a party for purposes of this case to whom Protected Discovery Material designated as "Highly Confidential" is to be disclosed will, prior to such disclosure, read this Order and will agree in writing, by signing an agreement in the form attached hereto as Exhibit A, to be bound by the terms of this Order.

C.     **Notice of Improper Disclosure.**

If any Protected Discovery Material is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure or knowledgeable of such disclosure will, immediately on discovery of that disclosure, inform the Producing Party of all

facts pertinent to the disclosure and make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

### D.    Disclosure in Certain Circumstances.

Nothing in this Order will preclude a party or its attorneys from:

(a)    showing a document designated as Protected Discovery Material to an individual who prepared part or all of the document, who has previously reviewed the document under circumstances that are not a violation of this Order, or who is shown by the document to have previously received it; or

(b)    disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as Protected Discovery Material; or

(c)    examining at trial or deposition any person currently employed by a party or retained as an expert by a party concerning any Discovery Materials designated by that party as Protected Discovery Materials.  The showing of Protected Discovery Material to a witness or a deponent pursuant to this paragraph will not otherwise affect the status and treatment of such Protected Discovery Material.

### E.    Use of Protected Discovery Material in Depositions.

Protected Discovery Material may be used during the deposition of any witness who otherwise is permitted access to such material pursuant to the terms of this Order.  With respect to all other deponents, such material may be used to examine a witness in any deposition only with the prior consent of the Producing Party (which consent will not be unreasonably withheld); in the absence of prior consent, such use may only be by Court order.  Showing Protected Discovery Material to a deponent pursuant to this paragraph will not otherwise affect the status

18

and treatment of such Protected Discovery Material.  If a designating party withholds consent to disclose Protected Discovery Material to a deponent during a deposition, the party seeking disclosure may move the Court for an appropriate order.  The Producing Party will have the burden of demonstrating that the Protected Discovery Material is entitled to protection; the party seeking disclosure will have the burden of demonstrating the need for disclosure to the particular deponent.

**F.      Use of Protected Discovery Material in Court Proceedings.**

Protected Discovery Material may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence notifies counsel for the party or person that designated the information as Protected Discovery Material three (3) business days before such Protected Discovery Material is to be offered in any way, including, but not limited to presented as part of a demonstrative exhibit.  Before such materials are disclosed, any party or third person may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent public disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

**G.      Litigation Attorneys' Communications with Clients.**

This Order will not bar or otherwise restrict any attorney of record from rendering advice to his or her client with respect to this litigation, and referring to or relying generally upon his or her examination of documents or information designated as Protected Discovery Material, provided, however, that in communicating with his or her client, the attorney will not disclose the content or source of such Protected Discovery Material contrary to the terms of this Order.

### H.   Care of Confidential Materials.

Counsel for each party will take reasonable precautions with regard to storage, custody, and use to prevent the unauthorized or inadvertent disclosure of any Protected Discovery Material.

### I.   Destruction or Return of Confidential Materials upon Termination of This Action.

Within sixty (60) days after final termination of this Action by judgment, settlement, or otherwise, all Protected Discovery Material furnished or produced under the terms of this Order, including all documents incorporating such information (except for materials filed with the Court or marked as exhibits at a hearing or trial) will be destroyed or delivered to counsel for the Producing Party, unless otherwise agreed in writing.  Counsel for the recipient(s) will make written certification of compliance with this provision regarding return or destruction of Protected Discovery Material and will deliver the same to counsel for the Producing Party by the sixty (60) day deadline.

Notwithstanding this provision, counsel of record may retain archival copies of all pleadings, motion papers, any documents or materials filed or used in court, exhibits offered or introduced into evidence at trial, legal memoranda, correspondence (including e-mails), or attorney work product, even if such materials contain Protected Discovery Material.  Counsel of record may also retain archival copies of deposition transcripts (including exhibits).  Counsel of record may also retain discovery requests and responses (including exhibits) produced by the party that each respective counsel of record represents, even if such materials contain Protected Discovery Materials.  Any such archival copies that contain or constitute Protected Discovery Materials remain subject to this Order.  Notwithstanding the foregoing provisions, outside counsel of record may retain inaccessible copies of Protected Discovery Material, defined as

electronic copies created through the routine operation of the recipient(s)' standard archival and disaster recovery procedures, which are not readily accessible and as a result do not need to be returned or destroyed.

**J.      Prosecution Bar.**

A party to this litigation may use the designation "Subject to Prosecution Bar" for Protected Discovery Material that (i) consists of technical information describing part or all of a party's products or services, and (ii) has been designated "Highly Confidential" or "Confidential – Outside Counsel Only - Source Code."

Any person to whom disclosure of material designated "Subject to Prosecution Bar" has been made will not engage in "Prosecution Activity" on behalf of TracBeam LLC or its successor or other affiliate during the pendency of this Action and for one (1) year after its conclusion, including any appeals.  "Prosecution Activity" means to prepare, supervise, advise, or assist in the drafting or amending of any patent claims pertaining to the subject matter claimed in the patents-in-suit.

Notwithstanding the foregoing, the provisions of this Section J ("Prosecution Bar") will not prevent any person to whom disclosure of material designated "Subject to Prosecution Bar" has been made from reviewing communications from the United States Patent Office regarding a reexamination proceeding or from discussing claim interpretation issues or ways of distinguishing claims in any such reexamination from any cited prior art, including with reexamination patent counsel; however such a person may not prosecute any such reexamination and may not reveal the content of material designated "Subject to Prosecution Bar" to reexamination patent counsel or agents.

If a Producing Party shows a person material that is designated "Subject to Prosecution Bar" during a deposition, trial or other court proceeding, the act of showing such material will

not result in that person becoming a "person to whom disclosure of material designated 'Subject to Prosecution Bar' has been made" under the second paragraph of this section.

The prosecution bar will expire upon the earlier of (i) the time period specified in the second paragraph of this section or (ii) the date by which all parties to this Action have agreed in writing to waive any remaining period of the prosecution bar.

**K.     No Waiver of Privilege.**

If a Producing Party inadvertently discloses information that is privileged or otherwise immune from discovery, the Producing Party will, within ten (10) business days of discovery of the disclosure, advise the Receiving Party in writing of the inadvertent disclosure, request that the information be returned, and attach a privilege log entry pertaining to the documents or material that is privileged or otherwise immune from discovery.  The parties agree that no party to this Action will thereafter assert that such disclosure waived privilege or immunity.  The Receiving Party will return or destroy the inadvertently produced information and all copies within five (5) business days of the receipt of written notice by the Producing Party.  By returning such information to the Producing Party, the Receiving Party does not waive its right to challenge the Producing Party's assertion of privilege or immunity.

**III.   PROCESS.**

**A.     Filing Under Seal.**

Protected Discovery Material may be filed with the Court, but will be filed under seal in accordance with Local Rule CV-5(a)(7).

**B.     Survival After Termination.**

This Order will survive and remain in full force and effect after the termination of this litigation.

**C.      Modification.**

Nothing in this Order will limit or preclude any party from applying to the Court to modify the terms of this Order or the status of any particular information, document, or thing, or for relief from this Order, or for such further or additional protective orders as the Court may deem appropriate.

**D.      Notice.**

Any of the notice requirements herein may be waived, in whole or in part, but only by a writing or e-mail by an attorney of record for the party against whom such waiver will be effective.

**E.      No Waiver.**

Nothing in this Order will be construed as a waiver of any right to assert a claim of privilege, work product, relevance, or other objections to discovery requests.

**F.      Subpoenas.**

If any party receives a subpoena in a separate litigation that requests production of Protected Discovery Material produced by another party to this Action, the party receiving the subpoena will notify the other party in writing immediately.  The party receiving the subpoena will not produce any documents in response to the subpoena until the party whose Protected Discovery Material was produced in this case has reasonable time to seek court protection from such production in response to the subpoena in another case.

**G.      Compliance.**

The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Order and all disputes concerning this Order will be resolved by that Court.  Every individual who receives any Protected Discovery Material agrees

to subject himself or herself to the jurisdiction of that Court for the purpose of any proceedings relating to performance under, compliance with, or violation of this Order.

**So ORDERED and SIGNED this 6th day of March, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

**CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, have read the foregoing Protective Order and

agree to be bound by its terms with respect to any documents marked "Confidential," "Highly

Confidential," or "Confidential – Outside Counsel Only – Source Code," that are furnished to me

as set forth in the Protective Order.

I further agree (a) not to disclose to anyone any document marked with any of these

designations other than as set forth in the Protective Order and (b) not to make any copies of any

documents marked with these designations furnished to me except in accordance with the

Protective Order.

I hereby consent to the jurisdiction of the U.S. District Court for the Eastern District of

Texas with regard to any proceedings to enforce the terms of the Protective Order.

I hereby agree that any documents, material, or information marked as "Confidential,"

"Highly Confidential," or "Confidential – Outside Counsel Only – Source Code," that are

furnished to me will be used by me only for the purposes of this Action and for no other purpose,

and will not be imparted by me to any other person except in accordance with the Protective

Order.

Dated: _____       By: _____
                                              (signature)