**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TRACBEAM, L.L.C., <br><br>     Plaintiff, <br><br>     v. <br><br> AT&T INC.; AT&T MOBILITY L.L.C.; METROPCS COMMUNICATIONS, INC.; METROPCS WIRELESS, INC.; TEXAS RSA 7B3, L.P. d/b/a PEOPLES WIRELESS SERVICES; SPRINT NEXTEL CORPORATION; SPRINT SPECTRUM L.P.; NEXTEL OF CALIFORNIA, INC.; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC.; NEXTEL OF NEW YORK, INC.; NEXTEL SOUTH CORP.; NEXTEL OF TEXAS, INC.; NEXTEL WEST CORP.; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; GOOGLE, INC.; and SKYHOOK WIRELESS, INC.. <br><br>     Defendants, <br><br> and <br><br> LOCATION LABS, <br><br>     Intervenor. | Case No. 6:11-cv-00096-LED |

## UNOPPOSED MOTION TO CONSOLIDATE CASES FOR DISCOVERY AND *MARKMAN* HEARING

**I.    Introduction**

Plaintiff TracBeam, L.L.C. respectfully requests that the Court consolidate the present action (the "*TracBeam* action") with a related case pending in this district: *TeleCommunication Systems, Inc. v. TracBeam, L.L.C.*, No. 6:12-cv-58-LED (the *"TCS* action") for purposes of discovery and the *Markman* hearing.  In order to accommodate this consolidation, TracBeam

further proposes to supplement the Docket Control Order of the *TracBeam* action in order to add deadlines between TracBeam and Telecommunication Systems, Inc. ("TCS").[1]  Consolidation of these actions for purposes of discovery and the *Markman* hearing is appropriate because these actions involve common questions of fact and law, and consolidation will promote efficiency with no disruption to the current schedule.

## II.   Background

The *TracBeam* Action

The *TracBeam* action was filed on February 25, 2011.  (ECF No. 1)   Pursuant to the Court's Discovery and Docket Control Orders (ECF Nos. 110 & 114), the parties have exchanged invalidity and infringement contentions and served disclosures.  (ECF Nos. 99, 117-23, 129-33, 147-50, 152, 158, 179-80)

On February 7, the Court granted the unopposed motion to intervene of Location Labs. (ECF No. 145)  The Court subsequently approved expedited deadlines between TracBeam and Location Labs to exchange invalidity and infringement contentions as well as to serve their disclosures.  (ECF No. 177)   Under the Court's Order, the deadline for Location Labs to comply with P.R. 3-3 and P.R. 3-4 and to provide Additional Disclosures pursuant to paragraph 2 of the Discovery Order is April 30, 2012.  *Id*.

The *Markman* hearing in the *TracBeam* action is scheduled for November 8.  *See* ECF No 110.

---

[1] Defendants AT&T Inc., AT&T Mobility L.L.C., MetroPCS Communications, Inc., MetroPCS Wireless, Inc., Cellco Partnership d/b/a Verizon Wireless, Google, Inc., Skyhook Wireless, Inc., and Intervenor Location Labs are not opposed to TracBeam's request for consolidation for purposes of discovery and the *Markman* hearing.  Nor is there opposition to the supplementing of the Docket Control Order as proposed in this motion.  But the parties disagree as to whether the *TCS* and *TracBeam* actions should be consolidated beyond discovery and a *Markman* hearing.  That issue is therefore not raised in this motion, and defendants and the intervenor have reserved all rights to argue against further consolidation.  Defendant Texas RSA 7B3, L.P. d/b/a Peoples Wireless Service did not take a position on this motion because, pursuant to the Court's order of February 17, 2012 (ECF No. 153), all deadlines between Texas RSA 7B3, L.P. d/b/a Peoples Wireless Service and TracBeam have been stayed.

The *TCS* Action

In September 2011, TCS filed a Complaint against TracBeam in the District of Colorado. *See* Complaint for Declaratory Judgment and Jury Demand ("TCS Complaint"), *Telecommunication Systems, Inc. v. TracBeam, L.L.C.*, 11-cv-2519 (D. Colo.), ECF No. 1.  The *TCS* action seeks a declaratory judgment of invalidity and non-infringement regarding the same patents asserted in the *TracBeam* action.  *Compare id.* ¶¶ 16-35 *with* Complaint ¶ 17, *TracBeam* action (ECF No. 1).  According to the Complaint in the *TCS* action, TCS is the vendor to—and has received indemnification demands from—defendants in the *TracBeam* action.  (TCS Complaint ¶¶ 10-11)  On February 6, 2012, the district court in the District of Colorado transferred the *TCS* action to the Eastern District of Texas.  Order to Transfer, *Telecommunication Systems, Inc. v. TracBeam, L.L.C.*, 11-cv-2519 (D. Colo.), ECF No. 21.  The district court in the District of Colorado concluded that "the balance of equities tips strongly in favor of transfer" because, among other reasons, "the basis of TCS's instant declaratory judgment action is that, in the Texas Action, TracBeam accused TCS's products and services of infringing on the TracBeam Patents…." *Id.* at 4, 6.  The *TCS* action was subsequently assigned to this Court.  *See* Notice of Case Assignment, *TCS* action (ECF No. 23).  TracBeam then answered TCS's Complaint and asserted counterclaims of infringement of the same patents at issue in the *TracBeam* action.  *Id.*, ECF No. 24.

The Court has not yet held an Initial Case Management Conference in the *TCS* action.

## III.    Argument

District courts have broad discretion to consolidate cases "involving a common question of law or fact." Fed. R. Civ. P. 42(a); *see also Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) ("[A] trial court has broad discretion in determining whether to consolidate a case

pending before it." (internal quotations and citation omitted)).  Courts have found that

consolidation was warranted in situations involving the same patents and similar parties.  *See,*

*e.g.,* Order, *Prompt Medical Sys., L.P. v. AllscriptsMysis Healthcare Solutions, Inc.*, 6:10-cv-71

(E.D. Tx. Aug. 15, 2011), ECF No. 360 (consolidating cases involving same patent and similar

defendant); Order, *DataTreasury Corp. v. First Data Corp.,* 5:03-CV-39-DF (E.D. Tx. Nov. 21,

2006), ECF No. 291 (consolidating cases involving the same patents and related parties).

Consolidation for purposes of discovery and the *Markman* hearing is appropriate in this case

because the *TCS* and *TracBeam* actions share common questions of law and fact, and

consolidation would enhance efficiency and conservation of resources with no disruption to the

current schedule.

    *1.  Common issues of law and fact*

The *TracBeam* and *TCS* actions involve the same patents, overlapping parties (TracBeam is a

party in both cases, and the plaintiff in the *TCS* action is an indemnitor to defendants in the

*TracBeam* action), and counsel in the *TCS* action are familiar with the *TracBeam* action because

they are already counsel in the *TracBeam* action.  Both cases raise issues relating to

interpretation of the claims of the same patents, the validity of the same patents, and

infringement by potentially similar products or services.

    *2.  Stages of development*

While the *TracBeam* action is more progressed than the *TCS* action, the parties have agreed

upon a schedule that will consolidate the actions for purposes of discovery and the *Markman*

hearing without disruption to the Docket Control Order ("DCO") (ECF No. 110).  Under the

agreed-upon schedule, the DCO would be supplemented as follows:

- March 22, 2012: Service of Disclosures by TracBeam and TCS pursuant to paragraph 1 of the Discovery Order

- March 22, 2012: TracBeam complies with P.R. 3-1 and P.R. 3-2 with respect to TCS

- May 1, 2012: TCS complies with P.R. 3-3 and 3-4 with respect to TracBeam.  Service of Additional Disclosures pursuant to paragraph 2 of the Discovery Order by TCS and TracBeam

TracBeam seeks no other changes to the Docket Control Order.  Consolidation for purposes of discovery and the *Markman* hearing would therefore cause no undue delay or inconvenience to the parties.

3. *Promotion of efficiency and conservation of resources*

Consolidation of the cases for purposes of discovery and the *Markman* hearing will promote efficiency and conserve judicial and party resources by eliminating the need for multiple claim-construction hearings and redundant discovery and motion practice.

**IV.    Conclusion**

For the foregoing reasons, TracBeam respectfully requests that the Court consolidate the *TracBeam* action and the *TCS* action for purposes of discovery and the *Markman* hearing, with the consolidation to occur on the slightly modified schedule proposed in this motion for the *TracBeam* action.


Dated: March 15, 2012                              Respectfully submitted,

                                                   By:  */s/ Jonathan Gottfried*
                                                        JONATHAN GOTTFRIED

                                                   Gregory S. Dovel
                                                   CA State Bar No. 135387
                                                   Email: greg@dovellaw.com
                                                   Jonathan Gottfried
                                                   NY State Bar No. 4269163
                                                   Email: jonathan@dovellaw.com

**DOVEL & LUNER, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
**CAPSHAW DERIEUX, L.L.P.**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email:  ccapshaw@capshawlaw.com
Email:  ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com

Robert Christopher Bunt
State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER & BUNT, P.C.**
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone:  903/531-3535
Facsimile: 903/533-9687

*ATTORNEYS FOR PLAINTIFF*
*TRACBEAM, L.L.C.*

## CERTIFICATE OF CONFERENCE

I am counsel for Plaintiff TracBeam L.L.C.  Along with my co-counsel Elizabeth DeRieux, I participated in a meet and conference pursuant to Local Rule CV-7(h) regarding the subject of this motion.  The conference took place by telephone on March 7, 2012.  Counsel for Location Labs, MetroPCS Communications, Inc., MetroPCS Wireless, Inc., Cellco Partnership, Google, Inc., AT&T Inc., and AT&T Mobility L.L.C. participated on the call.  During that conference, as supplemented by subsequent communications, the defendants and the intervenor indicated no opposition to (1) consolidation of the *TracBeam* and *TCS* actions for purposes of discovery and the *Markman* hearing, or (2) the modification of the Docket Control Order proposed in this motion.

*/s/ Jonathan Gottfried*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 15th day of March, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jonathan Gottfried*