IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TRACBEAM, LLC § | |
| § | |
| Plaintiff, § | |
| § | CASE NO. 6:11-CV-96 |
| vs. § | PATENT CASE |
| § | |
| AT&T INC., ET AL. § | |
| § | |
| Defendants. § | |

### ORDER

Before the Court is Defendants AT&T[1], Sprint Nextel[2], and Verizon's[3] (collectively "Moving Defendants") Motion to Dismiss For Failure To State A Claim Of Willful Infringement Pursuant To Fed. R. Civ. P. 12(b)(6). (Doc. No. 72, "MOTION"). After careful consideration of the parties' submissions, the Court **DENIES** the motion.

### BACKGROUND

Plaintiff TracBeam LLC ("TracBeam") alleges that the Moving Defendants willfully infringe U.S. Patent Nos. 7,764,231 ("the '231 patent") and 7,525,484 ("the '484 patent") (collectively "patents-in-suit"). MOTION at 2. The '484 patent is a continuation of the '231 patent and both patents list on their face the same related international and provisional applications. *Id.* The '231 patent is titled "Wireless Location Using Multiple Mobile Station Location Techniques," and the '484 patent

---

[1] Defendants AT&T Inc. and AT&T Mobility LLC are collectively referenced as "AT&T."

[2] Defendants Sprint Nextel Corporation, Sprint Spectrum L.P., Nextel of California, Inc., Nextel Communications of the Mid-Atlantic, Inc., Nextel of New York, Inc., Nextel of South Corp., Nextel of Texas, Inc., and Nextel West Corp. are collectively referenced as "Sprint Nextel."

[3] Defendants Cellco Partnership d/b/a/ Verizon Wireless is referenced as "Verizon."

is titled, "Gateway and Hybrid Solutions for Wireless Location."

TracBeam alleges in its Amended Complaint that it contacted the Moving Defendants on multiple occasions between 1996-98 regarding TracBeam's wireless location technology and patent applications. *See* (Doc. No. 52, "AMENDED COMPLAINT," ¶¶ 23, 30, 34, 40, 50, 54). Regarding Sprint Nextel, TracBeam alleges that the parties executed a non-disclosure agreement prior to discussions regarding TracBeam's international application that later issued as the '231 patent. *Id.* ¶ 32. Absent the non-disclosure agreement referenced in the Sprint Nextel allegations, the allegations of willful infringement against the Moving Defendants are the same:

> 25. AT&T's infringement of the '231 patent has been and continues to be willful. AT&T knew or should have known of a provisional patent application that led to the '231 patent as early as 1996, when Plaintiff contacted AT&T in written correspondence regarding Plaintiff's wireless location technology and patent applications; AT&T was then directly informed by Plaintiff in 1998 of the international application that later issued as the '231 patent; and AT&T knew or should have known of the '231 patent upon its issuance. AT&T has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '231 patent. This objectively-defined risk has been known or so obvious that it should have been known to AT&T.

> 48. AT&T's infringement of the '484 patent has been and continues to be willful. As described above, AT&T knew or should have known of the '231 patent, of which the '484 patent is a continuation; and AT&T knew or should have known of the '484 patent upon its issuance. AT&T has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '484 patent. This objectively-defined risk has been known or so obvious that it should have been known to AT&T.

*Id.* ¶¶ 25, 48.

## LEGAL STANDARD

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). "Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

"[A] patentee must have a good faith basis for alleging willful infringement." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

## DISCUSSION

The Moving Defendants contend that TracBeam fails to state a claim for willful infringement

because (1) TracBeam does not present a legally cognizable theory of willfulness and (2) willfulness must be predicated on knowledge of an issued patent, not merely a patent application. MOTION at 6–10.

*Theory of Willfulness*

The Moving Defendants contend that TracBeam's allegations of willful infringement fail because they do not properly allege facts to support a finding of actual knowledge of the issued patents-in-suit. *Id.* at 6. The Federal Circuit held in *Seagate* that to establish willful infringement, a patentee must show that (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371.

TracBeam's allegations in the Amended Complaint satisfy the standard for willful infringement as articulated in *Seagate*. The willfulness standard does not require "actual knowledge," but "at least a showing of objective recklessness." *Id.* In other words, willful infringement can be established by demonstrating that an "objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id.*

TracBeam alleges that it contacted each of the Moving Defendants as early as 1996 regarding its patent application and related technology. *See* AMENDED COMPLAINT ¶¶ 23, 30, 34, 40, 50, 54. TracBeam further alleges that it again contacted the Moving Defendants in 1997-98 and provided additional information regarding its patent application and related technology. *Id.* TracBeam then alleges that the Moving Defendants "knew or should have known" of the patents-in-suit and disregarded an objectively high likelihood of infringement. *Id.* Accordingly, TracBeam's allegations

of willful infringement comply with *Seagate* and contain enough "[f]actual allegations . . . to raise [its] right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.

*Knowledge of Issued Patent*

The Moving Defendants next contend that TracBeam's allegations of willfulness must fail because they do not allege knowledge of an issued patent. MOTION at 8. The Moving Defendants argue that knowledge of a patent application is legally irrelevant to a finding of willfulness. *Id.* at 9. However, knowledge of patent applications is among the factors the Federal Circuit has considered relevant to a finding of willful infringement. *See L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1127 (Fed. Cir. 1993). Accordingly, conduct prior to issuance of a patent is relevant and the Court must examine the "totality of circumstances of the case." *Minn. Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1581 (Fed. Cir. 1992).

While it is unlikely that TracBeam could proceed to trial on a claim for willful infringement based *solely* on pre-issuance knowledge, TracBeam has adequately *pled* a claim for willful infringement. In other words, TracBeam has successfully pled enough facts regarding willful infringement to raise the right to relief above the speculative level. *Twombly*, 127 S. Ct. at 1952. The Moving Defendants' Rule 12(b) motion amounts to improperly requiring an "assessment that [TracBeam] will fail to find evidentiary support for [its] allegations or prove [its] claim to the satisfaction of the factfinder." *Id.* at 1969 n.8. As such, Moving Defendants' request is premature. Based on TracBeam's specific factual allegations, its allegations of willful infringement are sufficiently pled. An assessment of whether TracBeam's claims for willful infringement can survive summary judgment should be considered after the parties have had an opportunity to further develop

the factual record.[4]

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Moving Defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

**So ORDERED and SIGNED this 27th day of March, 2012.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

---

[4] The Moving Defendants rely heavily on, and urge the Court to follow, the ruling in *IPVenture, Inc. v. Cellco P'ship*, 2011 U.S. Dist. LEXIS 5955 (N.D. Cal. Jan. 21, 2011), dismissing a claim of willful infringement with leave to amend. However, in *IPVenture*, the only allegation of willful infringement was premised on the defendants citing the patent-in-suit during prosecution of the defendants' own patents. *Id.* at *3. Here, TracBeam has alleged multiple, specific communications over years—including one Moving Defendant executing an NDA prior to discussion—regarding TracBeam's patent applications and related technology. Unlike *IPVenture*, the Moving Defendants are not faced with no facts to support a claim of knowledge of an issued patent and "merely the bare recitation of the required elements for willful infringement." *Id.* at *7.