**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| TRACBEAM, L.L.C., | |
| Plaintiff, | |
| vs. | |
| AT&T INC.; AT&T MOBILITY L.L.C.; METROPCS COMMUNICATIONS, INC.; METROPCS WIRELESS, INC.; TEXAS RSA 7B3, L.P. D/B/A PEOPLES WIRELESS SERVICES; SPRINT NEXTEL CORPORATION; SPRINT SPECTRUM L.P.; NEXTEL OF CALIFORNIA, INC.; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC.; NEXTEL OF NEW YORK, INC.; NEXTEL SOUTH CORP.; NEXTEL OF TEXAS, INC.; NEXTEL WEST CORP.; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; GOOGLE, INC.; SKYHOOK WIRELESS, INC., | CASE NO. 6:11-cv-96 **Jury Trial Demanded** |
| Defendants, | |
| TELECOMMUNICATION SYSTEMS, INC., | |
| Consolidated Defendant, | |
| and | |
| LOCATION LABS, | |
| Intervenor. | |

**JOINT MOTION FOR ENTRY OF DISPUTED ORDER REGARDING ELECTRONIC DISCOVERY**

The parties[1] respectfully request the Court to enter an order regarding electronic discovery for the above-referenced matter.  The parties conferred and exchanged drafts for an agreed electronic-discovery order pursuant to the Court's order of March 1, 2012 (ECF No. 166), but agreement was not reached on the following issues:

1.      Paragraph 1: The inclusion of the following language: "If a person is not identified as a custodian for an e-discovery search, that is not a basis to disqualify such a person as a witness at trial."

Plaintiff's Position:

Defendants' proposed sentence is unnecessary and premature.  Defendants' proposed language is not found in the model e-discovery orders of the Eastern District of Texas or the Federal Circuit Advisory Council.  Plaintiff proposes that the Court follow those model orders and exclude Defendants' proposed language.

The Court need not address at this time whether a party's failure to disclose a relevant custodian may result in the exclusion of that individual as a witness at trial.  It would be premature to guess the specific facts or context in which this issue might become relevant.  In particular, under paragraph one of the parties' proposed e-discovery order, the parties must provide a list of the most significant custodians based upon their "good-faith belief."  There may be circumstances (*e.g.*, willful misconduct) where the Court would conclude that exclusion of a witness is an appropriate sanction for failing to identify a custodian.

Accordingly, there is no convincing reason to modify the model e-discovery order of the Eastern District of Texas.

---

[1] Texas RSA 7B3, L.P. d/b/a/ Peoples Wireless Services is not included in this Joint Motion because its deadlines have been stayed pursuant to the Court's Order of March 19, 2012 (D.I. 190).

<u>Defendants' Position:</u>

Defendants have included clarification by adding the proposed last sentence to Paragraph 1 to make clear that the mere fact that an individual is not identified as a "Most Significant Custodian" for an e-discovery search shall not be a basis to disqualify such a person as a witness at trial.  Established procedures are already in place that govern the disclosure of individuals with relevant information via a party's Rule 26(a)(1) initial disclosures as well as identification of individuals whom a party anticipates will testify at trial (*i.e.*, initial and rebuttal trial witness lists).  Requiring trial witnesses to be limited to individuals identified as the target of an e-discovery search is inappropriate and unnecessary in light of these existing procedures.

2.      Paragraph 2(a): "For specific issues, the parties may serve _____ [**PLAINTIFF'S PROPOSAL: "e-mail production requests" / DEFENDANTS' PROPOSAL: "a single set of e-mail production requests"**] on an opposing party…"

<u>Plaintiff's Position:</u>

Plaintiff's proposal is consistent with the model e-discovery orders of the Eastern District of Texas and the Federal Circuit Advisory Council.  Neither of those model orders limits a party to a single set of e-mail production requests.  The parties should be able to propose e-mail production requests (subject to the limitations on custodians and search terms in the proposed order) as discovery progresses.  By forcing the parties to propound, at a single time, all e-mail production requests, Defendants' proposal unreasonably prevents the parties from seeking discovery based on an evolving understanding of the case.  For example, if discovery reveals the relevance of a particular individual who was not previously identified as a relevant custodian, then a party should be able to make an e-mail production request of that newly discovered

2

custodian (subject to the limitations on the number of discoverable custodians in the proposed order).

Defendants have argued that it is not cost-effective to permit e-mail production requests at separate times.  Yet Defendants fail to identify any meaningful cost-savings associated with a single set of e-mail production requests (as compared to e-mail-production requests at separate times).  While Defendants claim that a single set of requests allows a reviewing party to more efficiently identify duplicative materials across multiple custodians, Defendants' argument makes an assumption that is based in pure speculation: namely, that there will be significant duplication across custodians.  Even if there is significant duplication, Defendants fail to explain why it is prohibitively expensive to de-duplicate search results that have been obtained at separate times.  And while Defendants have argued that a single set of requests allows a party to estimate the volume of e-mail discovery at issue, the parties' proposed order already contains provisions that are designed to limit the volume of e-mail production (*e.g.,* by limiting custodians and search terms).  Furthermore, separate e-mail production requests would not prevent the parties from discussing any reasonable, additional limits that might be appropriate in light of the volume of e-mail production.  Accordingly, there is no convincing reason to modify the model e-discovery order of the Eastern District of Texas.

Defendants' Position for Paragraphs 2(a) and (b):

In their proposal for the first sentence of Paragraph 2(a), Defendants have made clear that e-mail production should be done through a single set of production requests.  Similarly, Defendants have added language in Paragraph 2(b) to clarify that each custodian may only be the subject of a single set of production requests.  As Chief Judge Rader recently recognized, e-mail production is incredibly time-consuming and extraordinarily expensive. *See* "The State of Patent

3

Litigation," Fed. Cir. Chief Judge Rader Presentation at Sept. 27, 2011 E.D. Tex. Jud. Conf.   A single set of requests for all custodians and all search terms, followed by a single combined review and production, is a far more cost-effective and efficient way to proceed.   Conducting a combined review allows the reviewing party to more efficiently identify duplicative materials across multiple custodians.   It also provides certainty as to the volume and cost of e-mail discovery that will be at issue, thereby allowing the parties to have a meaningful discussion as to the scope of electronic discovery and to efficiently resolve any disputes.   Moreover, an approach requiring only a single search and production is consistent with the procedure set forth in the Court's Discovery Order for other types of document discovery (*see, e.g.*, service of "Additional Disclosures" under Paragraph 2 of the Discovery Order).

Finally, Plaintiff should have no need for multiple rounds of custodial discovery, as it should already have a good enough understanding of the case to conduct a single, meaningful round: it produced infringement contentions on September 16, 2011; Defendants produced invalidity contentions and made their P-R 3-4(a) productions on December 16, 2011; and the parties have exchanged an initial round of written discovery.   Allowing Plaintiff multiple rounds of custodial searching would only invite Plaintiff to draw out the custodial production process and increase Defendants' costs.   If a given Defendant Group is going to be subject to multiple rounds of custodial discovery, at the very least each custodian should only be subject to only one round.   Indeed, if Defendants' proposed limitations were ignored, Plaintiff could theoretically serve up to 80 or 100 separate email production requests (depending upon whether there are 8 or 10 custodians) on each Defendant Group.   Such a situation cannot be what the Court envisioned when it promulgated its recent Order Regarding E-Discovery in Patent Cases (the "Model Order").

3.      Paragraph 2(b): "The search terms will be narrowly tailored to particular issues, and a party may serve requests with different search terms for different custodians **[DEFENDANTS PROPOSE TO INCLUDE THE FOLLOWING PARANTHETICAL: "(noting that a particular custodian may only be subject to a single set of requests)"**]."

Plaintiff's Position:

Plaintiff proposes to exclude the above parenthetical.  Defendants' proposed language cannot be found in the model e-discovery orders of the Eastern District of Texas or the Federal Circuit Advisory Council.  Defendants' modification of those orders is unwarranted.  Paragraph 2(c) of the parties' proposed order provides that e-mail production requests are limited to ten search terms per custodian per party.  If a party serves an e-mail production request containing nine search terms on a particular custodian and subsequently learns—as a result of additional discovery—that an additional search term is appropriate, then the requesting party should be able to serve a second e-mail production request with an additional search term on that same custodian.

Defendants have argued that permitting multiple requests of a single custodian could theoretically enable a party to serve hundreds of separate e-mail production requests. Defendants' parade of horribles is unwarranted.  If a party unreasonably serves numerous e-mail production requests on a single custodian that are unduly burdensome, then the parties' proposed order already protects the producing party.   For example, paragraph 7 allows cost-shifting in order "to promote efficiency and reduce costs."

Accordingly, there is no reason to change the model e-discovery order of the Eastern District of Texas.

<u>Defendants' Position for Paragraphs 2(a) and (b):</u>

In their proposal for the first sentence of Paragraph 2(a), Defendants have made clear that e-mail production should be done through a <u>single set</u> of production requests. Similarly, Defendants have added language in Paragraph 2(b) to clarify that each custodian may only be the subject of a single set of production requests. As Chief Judge Rader recently recognized, e-mail production is incredibly time-consuming and extraordinarily expensive. *See* "The State of Patent Litigation," Fed. Cir. Chief Judge Rader Presentation at Sept. 27, 2011 E.D. Tex. Jud. Conf. A single set of requests for all custodians and all search terms, followed by a single combined review and production, is a far more cost-effective and efficient way to proceed. Conducting a combined review allows the reviewing party to more efficiently identify duplicative materials across multiple custodians. It also provides certainty as to the volume and cost of e-mail discovery that will be at issue, thereby allowing the parties to have a meaningful discussion as to the scope of electronic discovery and to efficiently resolve any disputes. Moreover, an approach requiring only a single search and production is consistent with the procedure set forth in the Court's Discovery Order for other types of document discovery (*see, e.g.*, service of "Additional Disclosures" under Paragraph 2 of the Discovery Order).

Finally, Plaintiff should have no need for multiple rounds of custodial discovery, as it should already have a good enough understanding of the case to conduct a single, meaningful round: it produced infringement contentions on September 16, 2011; Defendants produced invalidity contentions and made their P-R 3-4(a) productions on December 16, 2011; and the parties have exchanged an initial round of written discovery. Allowing Plaintiff multiple rounds of custodial searching would only invite Plaintiff to draw out the custodial production process

and increase Defendants' costs.  If a given Defendant Group is going to be subject to multiple rounds of custodial discovery, at the very least each custodian should only be subject to only one round.  Indeed, if Defendants' proposed limitations were ignored, Plaintiff could theoretically serve up to 80 or 100 separate email production requests (depending upon whether there are 8 or 10 custodians) on each Defendant Group.  Such a situation cannot be what the Court envisioned when it promulgated its recent Order Regarding E-Discovery in Patent Cases (the "Model Order").

     4.    Paragraph 2(d): "The number of custodians of a party who may be the objects of e-mail production requests will be limited to ____ [**PLAINTIFF'S PROPOSAL: "ten" / DEFENDANTS' PROPOSAL: "eight"**] custodians for Plaintiff and for each of the Defendant Groups (*e.g.*, _____ [**PLAINTIFF'S PROPOSAL: "ten" / DEFENDANTS' PROPOSAL: "eight"**] custodians of AT&T, _____ [**PLAINTIFF'S PROPOSAL: "ten" / DEFENDANTS' PROPOSAL: "eight"**] custodians of Google, etc.)."

<u>Plaintiff's Position</u>: Although paragraph eight of the model e-discovery order of the Eastern District of Texas recommends that only eight custodians be the objects of e-mail production requests, paragraph eight of the model order further provides that "[t]he court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case."

In light of the size, complexity, and issues of this case, Plaintiff proposes that the Court permit the parties to serve e-mail production requests upon two additional custodians (for a total of ten custodians for Plaintiff and each of the Defendants Groups).  This complex case involves several claims from two, wireless-location patents against seven groups of defendants, several of whom are sizable.  For example, AT&T Mobility LLC's Initial Disclosures identified 21

individuals associated with AT&T Mobility that have knowledge of facts relevant to this case, including technical architects, marketers, product developers, and a financial analyst.

Moreover, the Defendant Groups have each agreed to identify as many as fifteen most significant custodians. While Plaintiff's proposal would only permit it to serve e-mail production requests on ten of those fifteen significant custodians, Plaintiff's proposal is more reasonable than defendants' proposal to limit Plaintiff to discovery on approximately half of the most significant custodians.

Accordingly, Plaintiff proposes that the Court moderately increase the maximum number of custodians who may be the objects of e-mail production requests. *See, e.g.,* Discovery Order ¶ 19(D), *EMG Tech., LLC v. Radio Shack Corp.*, 6:11-cv-488-LED (Jan. 3, 2012) (D.I. 128); see also Discovery Order ¶15(E), *Landmark Tech. LLC v. Body Central, Corp.*, 6:11-cv-322-LED-JDL (Oct. 25, 2011) (D.I. 139) ("The parties will agree to select up to 10 custodians and 12 search terms for e-mail production"); Order Regarding Electronic Discovery ¶¶ 8-9, *Achates Reference Publishing, Inc. v. Symantex Corp.*, 2:11-cv-294-DF (Dec. 14, 2011) (D.I. 114) ("Each requesting party shall limit its e-mail production requests to a total of eight (8) custodians per producing party for all such requests…..Each requesting party shall limit its e-mail production requests to a total of ten (10) search terms per custodian per party.").

Defendants' Position:

The parties' sole remaining dispute is over the number of custodians who may be subject to e-mail production requests. Defendants are proposing the default limits of ten search terms (*see* Paragraph 2(c) of the Model Order) and <u>eight</u> custodians (*see* Paragraph 2(d) of the Model Order). Plaintiff is proposing the default of ten search terms, but has inexplicably exceeded the Model Order limit by asking for <u>ten</u> custodians.

8

This issue was previously disputed, and in their portion of the February 17, 2012 Joint Motion for Entry of Disputed Order Regarding Electronic Discovery ("Joint Motion"; D.I. 155), Defendants had proposed six terms and six custodians (*see* Dkt. No. 155-1 at 9).  When the Court directed the parties to review the Court's Model Order in its March 1, 2012 Order (Dkt. No. 166), Defendants begrudgingly agreed to increase the number of terms and custodians to the new default limits of ten and eight (despite the immense expense[2] associated with such increases). Defendants were surprised and dismayed that Plaintiff did not follow suit.  Of course, eight custodians is a natural compromise midpoint between the parties' previous proposals of six and ten; moreover, Plaintiff had initially proposed eight custodians before a last-minute increase before the parties submitted their first Joint Motion on this very issue.[3]

---

[2]    It is not uncommon to spend on the order of $50,000 to $75,000 per custodian when producing documents in response to electronic search requests in patent cases.  Furthermore, if search terms are not properly tailored or are excessive in number, the false positive rate can be high, which only increases the expense.  Even a search request that has a relatively low false positive rate of two to three percent produces a significant review burden; for example, when the target pool of electronic documents is one million, a two to three percent false positive rate leaves an extra 20,000 to 30,000 documents for review.  Notwithstanding the expense, very few custodial electronic documents are ever used as evidence in a case, at trial, or otherwise.  *See* "The State of Patent Litigation," Fed. Cir. Chief Judge Rader Presentation at Sept. 27, 2011 E.D. Tex. Jud. Conf. at 8 ("We all understand as well that those expenses multiply exponentially when attorneys use discovery as a tactical weapon.  Generally, the production burden of expansive e-requests outweighs their benefits.  I saw one analysis that concluded that .0074% of the documents produced actually made their way onto the trial exhibit list—less than one document in ten thousand.  And for all the thousands of appeals I've evaluated, email appears even more rarely as relevant evidence.").

[3]    Before the first Joint Motion was filed, the parties had engaged in extensive negotiations that reached an impasse based largely on disagreement over the number of terms/custodians (with Plaintiff proposing ten and eight in its last proposal, and Defendants proposing six and six).  Per Plaintiff's suggestion, the parties were to simultaneously exchange their respective positions in favor of their proposals at 2:00 p.m. Central on Wednesday, February 14, with any modifications of their actual proposals to be provided no later than 2:00 p.m. Central on Monday, February 12 (to permit each side time to consider any such modifications when crafting their positions).  Neither side modified their proposal by the Monday deadline, and Defendants therefore worked together to formulate their position based on the parties' proposals by the agreed-upon Wednesday deadline.  Approximately ten minutes before the Wednesday deadline to exchange positions, Plaintiff's counsel e-mailed Defendants to request a 45-minute delay, to which Defendants agreed.  Then, less than 20 minutes from the extended deadline (at 2:26 pm. Central on Wednesday, February 14), Plaintiff's counsel sent Defendants the following e-mail:

> Counsel:  Plaintiff will be making a minor modification to a proposal in the e-discovery order.  Plaintiff will propose that the number of custodians of a party who may be the objects of email production requests will be limited to ten custodians (instead of the previously proposed eight).  We apologize for this late notice.  Please let us know whether defendants would like to postpone the exchange of positions until later today in order to address this change.

E-mail discovery will be of limited value in this case and will be almost exclusively relevant to whether Defendants had notice of Plaintiff or its asserted patent rights prior to the filing of this lawsuit.  Plaintiff has not shown that this case is exceptional in any way not already taken into account with the limits set forth in the Model Order, and has not accused all defendants of willful infringement.  (*See, e.g., Stambler v. American Eagle Outfitters, Inc. et al.*, Case 6:11-cv-00460-LED-JDL, Discovery Order (Dkt. No. 166).)

In view of the issuance of the Model Order after the parties had filed their first Joint Motion, Defendants are willing to abide by the Model Order's default limits, and simply don't understand why Plaintiff cannot agree to a number of custodians that this District deems sufficient and that Plaintiff initially proposed.  Plaintiff's revised proposal of ten custodians seems designed to drive up Defendants' litigation costs rather than yield useful discovery. Plaintiff cannot demonstrate the requisite good cause for deviating from the default limit of eight custodians set forth in the Model Order for any one of the Defendants, much less for all of the Defendants.

***

Attached as Exhibit A is the parties' proposed order, which includes the parties' agreed limitations and the parties' competing proposals for the paragraphs identified above.


DATED:  April 6, 2012                         Respectfully submitted,

                                             By:  */s/ Elizabeth L. DeRieux*

                                             S. Calvin Capshaw
                                             State Bar No. 03783900
                                             Elizabeth L. DeRieux
                                             State Bar No. 05770585

---

The parties then agreed to postpone their simultaneous exchange of positions to February 16, so that Defendants could consider Plaintiff's modification, which was a non-starter then and continues to be.

D. Jeffrey Rambin
State Bar No. 00791478
**CAPSHAW DERIEUX, L.L.P.**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email:  ccapshaw@capshawlaw.com
Email:  ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com


Gregory S. Dovel
CA State Bar No. 135387
Email: greg@dovellaw.com
Jonathan Gottfried
NY State Bar No. 4269163
Email: jonathan@dovellaw.com
**DOVEL & LUNER, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069


Robert Christopher Bunt
State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER & BUNT, P.C.**
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone:  903/531-3535
Facsimile: 903/533-9687


***ATTORNEYS FOR PLAINTIFF
TRACBEAM, L.L.C.***


s/ Bryant C. Boren, Jr.
         Signed with permission
Bryant C. Boren, Jr., Lead Attorney
State Bar No. 02664100
Email: bryant.c.boren@bakerbotts.com
Christopher W. Kennerly
State Bar No. 00795077
Email: chris.kennerly@bakerbotts.com
Kevin E. Cadwell

11

State Bar No. 24036304
Email: kevin.cadwell@bakerbotts.com
Jon V. Swenson (*pro hac vice* pending)
jon.swenson@bakerbotts.com
**BAKER BOTTS L.L.P.**
620 Hansen Way
Palo Alto, California 94304
650.739.7501 – Voice
650.739.7601 – Facsimile

Chad C. Walters
State Bar No. 24034730
Email: chad.walters@bakerbotts.com
Ross G. Culpepper
State Bar No. 24069559
Email: ross.culpepper@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
214.953.6500 – Voice
214.953.6503 – Facsimile

***ATTORNEYS FOR DEFENDANTS
AT&T INC. AND AT&T MOBILITY LLC***

/s/ E. Glenn Thames, Jr.
Signed with permission
E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
**POTTER MINTON**
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846

Edward A. Pennington (*pro hac vice*)
Stephanie D. Scruggs (*pro hac vice*)
Siddhesh V. Pandit (*pro hac vice*)
**MURPHY & KING, P.C.**
1055 Thomas Jefferson Street, N.W., Suite
400
Washington, D.C. 20007
Tel: (202) 403-2100
Fax: (202) 429-4380
eap@murphyking.com

12

sds@murphyking.com
svp@murphyking.com

***ATTORNEYS FOR DEFENDANTS
METROPCS COMMUNICATIONS, INC.,
METROPCS WIRELESS, INC., AND
TELECOMMUNICATION SYSTEMS,
INC.***

*/s/ Vincent J. Belusko*
       Signed with permission
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
(903) 597-8311 (telephone)
(903) 593-0846 (facsimile)

Vincent J. Belusko (pro hac vice) (lead
attorney)
vbelusko@mofo.com
Martin M. Noonen (pro hac vice)
mnoonen@mofo.com
Alex S. Yap (pro hac vice)
ayap@mofo.com
Jason J. Lee (pro hac vice)
jlee@mofo.com
**MORRISON & FOERSTER LLP**
555 West Fifth Street
Los Angeles, California 90013-1024
(213) 892-5200 (telephone)
(213) 892-5454 (facsimile)

***ATTORNEYS FOR DEFENDANT
CELLCO PARTNERSHIP D/B/A
VERIZON WIRELESS***

*/s/ Susan Baker Manning*
       Signed with permission

13

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597 8311
Fax: (903) 593 0846

Susan Baker Manning (pro hac vice
pending)
susan.manning@bingham.com
Robert C. Bertin (pro hac vice pending)
robert.bertin@bingham.com
**BINGHAM McCUTCHEN LLP**
2020 K Street, NW
Washington, DC 20006-1806
Tel: (202) 373-6000
Fax: (202) 373-6001

Benjamin L. Bernell (*pro hac vice*)
ben.bernell@bgllp.com
Alan D. Albright
State Bar No. 00973650
alan.albright@bgllp.com
**BRACEWELL & GIULIANI – AUSTIN**
111 Congress Ave., Suite 2300
Austin, TX 78701
Tel: (512) 472-7800
Fax: (512) 472-9123

Christopher Schenck
WA State Bar No. 37997
chris.schenck@bgllp.com
**BRACEWELL & GIULIANI –
SEATTLE**
701 Fifth Avenue, Suite 6200
Seattle, WA 98104
Tel: (206) 204-6200
Fax: (206) 204-6262

***ATTORNEYS FOR DEFENDANT
GOOGLE INC.***

<u>/s/ Cynthia D. Vreeland</u>
Signed with permission
Cynthia D. Vreeland (*pro hac vice*)
cynthia.vreeland@wilmerhale.com
John V. Hobgood (*pro hac vice*)
john.hobgood@wilmerhale.com
Joshua L. Stern (*pro hac vice*)
joshua.stern@wilmerhale.com
Peter M. Dichiara (*pro hac vice*)
peter.dichiara@wilmerhale.com
**WILMER CUTLER PICKERING HALE
& DORR - BOSTON**
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Wesley Hill
Tex. Bar No. 24032294
**WARD & SMITH LAW FIRM**
111 W. Tyler St.
Longview, Texas 75601
Telephone: (903) 757-6400
Fax: (903) 757-2323
Email: wh@wsfirm.com

***ATTORNEYS FOR DEFENDANT
SKYHOOK WIRELESS, INC.***

<u>/s/ Imran A. Khaliq</u>
Signed with permission
Imran A. Khaliq (*pro hac vice*)
imran.khaliq@snrdenton.com
**SNR DENTON US LLP – PALO ALTO**
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304
Tel: (650) 798-0300
Fax: (650) 798-0310

Mark L. Hogge (Admitted to Eastern
District of Texas)
mark.hogge@snrdenton.com

Shailendra K. Maheshwari (Admitted to
Eastern District of Texas)
shailendra.maheshwari@snrdenton.com
**SNR DENTON US LLP – DC**
1301 K Street, NW, Suite 600E
Washington, DC 20005
Tel: (202) 408-6445
Fax: (202) 331-6399

***ATTORNEYS FOR INTERVENOR
LOCATION LABS.***

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule CV-7(h), I hereby certify that counsel for Plaintiff

conferred with counsel for Defendants and this motion is joint.

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to
electronic service are being served this 6th day of April, 2012, with a copy of this document via
the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Elizabeth L. DeRieux*
ELIZABETH L. DERIEUX