**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TRACBEAM, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> AT&T INC.; AT&T MOBILITY L.L.C.; METROPCS COMMUNICATIONS, INC.; METROPCS WIRELESS, INC.; TEXAS RSA 7B3, L.P. d/b/a PEOPLES WIRELESS SERVICES; SPRINT NEXTEL CORPORATION; SPRINT SPECTRUM L.P.; NEXTEL OF CALIFORNIA, INC.; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC.; NEXTEL OF NEW YORK, INC.; NEXTEL SOUTH CORP.; NEXTEL OF TEXAS, INC.; NEXTEL WEST CORP.; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; GOOGLE, INC.; and SKYHOOK WIRELESS, INC., <br><br> Defendants. | Case No. 6:11-cv-00096-LED |

## PLAINTIFF TRACBEAM, L.L.C.'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' INVALIDITY CONTENTIONS

# TABLE OF CONTENTS

I.    Introduction ..................................................................................................................1

II.   Argument .....................................................................................................................3

      A.  Several portions of the Invalidity Contentions do not comply with the Local
          Patent Rules. .....................................................................................................3

          1.  Portions of the Invalidity Contentions do not comply with the charting
              requirement of P.R. 3-3(c). ................................................................3

          2.  Portions of the Invalidity Contentions do not comply with the
              requirement under P.R. 3-3(b) that each combination of prior art must
              be identified. ....................................................................................4

          3.  Portions of the Invalidity Contentions attempt to create loopholes
              through which Defendants can later assert currently unspecified
              theories. ..........................................................................................6

      B.  The Court should exclude those portions of the Invalidity Contentions,
          described above, that are inconsistent with the Local Patent Rules. ...........................7

          1.  The reason for the delay, including whether it was within the
              reasonable control of the movant .....................................................8

          2.  Whether the offending party was diligent in seeking an extension of
              time, or in supplementing discovery, after an alleged need to disclose
              the new matter became apparent ......................................................9

          3.  The length of the delay and its potential impact on judicial proceedings........11

          4.  The danger of unfair prejudice to the non-movant .........................................12

          5.  The importance of the particular matter, and if vital to the case,
              whether a lesser sanction would adequately address the other factors to
              be considered and also deter future violations of the court's Scheduling
              Orders, Local Patent Rules, and the Federal Rules of Civil Procedure ..........12

III.  Conclusion ..................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Alcatel USA Resources, Inc. v. Microsoft Corp.*, 6:06-cv-500 (E.D. Tx. Oct. 3, 2008) ........... 8, 11

*Avago Techs. Gen. IP PTE, Ltd. v. Elan Microelectronics Corp.*,
   04-cv-5385, 2007 U.S. Dist. Lexis 55113 (N.D. Cal. July 20, 2007) ........................................ 7

*Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*,
   350 F.3d 1327 (Fed. Cir. 2003) ................................................................................................ 7

*Finisar Corp. v. Directv Group, Inc.*, 424 F. Supp. 2d 896 (E.D. Tex. 2006) ............................. 7

*LML Patent Corp. v. JPMorgan Chase & Co.*,
   08-cv-448, 2011 U.S. Dist. Lexis 128724 (E.D. Tex. Aug. 10, 2011) ...................................... 6

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355 (Fed. Cir. 2006) ................... 10, 11

*Realtime Data, LLC v. Packeteer, Inc.*,
   08-cv-144, 2009 U.S. Dist. Lexis 114207 (E.D. Tex. Dec. 8, 2009) ........................................ 6

*Saffran v. Johnson & Johnson*,
   07-cv-451, 2009 U.S. Dist. Lexis 19615 (E.D. Tex. Feb. 24, 2009) ........................................ 7

*Tyco Healthcare Group LP v. Applied Med. Res. Corp.*,
   06-cv-151, 2009 U.S. Dist. Lexis 125379 (E.D. Tex. Mar. 30, 2009) ......................... 1, 6, 7, 11

I.    **Introduction**

Portions of Defendants' Invalidity Contentions are inconsistent with the Local Patent Rules in at least three ways.[1] *First*, Defendants did not comply with P.R. 3-3(c) for at least ten pieces of prior art because Defendants did not provide a "chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." *Second*, Defendants did not fully comply with P.R. 3-3(b) because their vague statements regarding omnibus combinations of prior art do not identify "each such combination." *See, e.g.* Ex. 1 (Defendants' Invalidity Contentions) at p. 8 ("Defendants reserve the right to rely on any combination of the prior art disclosed in these Invalidity Contentions").[2] *Third*, Defendants repeatedly refer to their invalidity theories as "exemplary," thereby allowing Defendants to subsequently rely upon other, unspecified citations to, or combinations of, prior art.  This contradicts the Local Rules' encouragement of "full, timely discovery" and discouragement of "loopholes through which parties may practice litigation by ambush." *Tyco Healthcare Group LP v. Applied Med. Res. Corp.*, 2009 U.S. Dist. Lexis 125379, at *4 (E.D. Tex. Mar. 30, 2009) (internal quotation marks omitted).

For the following reasons, the Court should strike Defendants' uncharted prior art, their reliance upon vague, omnibus combinations of prior art, and the exemplary language from the Invalidity Contentions:

---

[1] "Defendants" refers to AT&T, Inc., AT&T Mobility, L.L.C., MetroPCS Communications, Inc., MetroPCS Wireless, Inc., Cellco Partnership d/b/a Verizon Wireless, Google, Inc., and Skyhook Wireless, Inc.  Pursuant to the Court's Order of March 19, 2012 (ECF No. 190), all deadlines between TracBeam and Texas RSA 7B3, L.P. d/b/a Peoples Wireless Services have been stayed. Neither intervenor Location Labs nor consolidated defendant TeleCommunication Systems, Inc. has yet served its invalidity contentions, which is consistent with the Court's scheduling orders. (ECF Nos. 177, 189)

[2] "Ex." refers to exhibits to the accompanying Declaration of Jonathan Gottfried in Support of Plaintiff TracBeam, L.L.C.'s Motion to Strike Portions of Defendants' Invalidity Contentions.

*First*, Defendants have provided no reason for their delay in complying with the Local Patent Rules, and this delay was within their control.  Defendants were aware of the uncharted prior art no later than December 2011 (when Defendants served the Invalidity Contentions identifying the uncharted prior art), but Defendants have inexplicably failed to provide invalidity charts in a timely fashion.  Similarly, Defendants have offered no reason for their delay in addressing the other deficiencies in the Invalidity Contentions.

*Second*, Defendants were not diligent in seeking an extension of time or in supplementing the Invalidity Contentions.  Defendants never requested an extension to serve the Invalidity Contentions, and Defendants only provided TracBeam with a "draft" of proposed amendments (which only attempted to address a portion of the deficiencies in the Invalidity Contentions) more than 3½ months <u>after</u> the deadline for Invalidity Contentions and approximately one month before the P.R. 4-1 deadline.

*Third*, Defendants' unexplained delay prejudices TracBeam's efforts to prepare its defenses to the invalidity allegations.  For months, Defendants inexplicably failed to provide any charts regarding at least ten pieces of prior art, which include broadly named categories such as the "Federal Aviation Administration System."  Defendants then waited until approximately one month before the P.R. 4-1 deadline before providing TracBeam with a "draft" of over 650 pages of supplemental invalidity charts for half of the previously uncharted pieces of prior art (while not providing any charts for the remaining half).  This delay has undermined TracBeam's efforts to determine whether and how to analyze these pieces of prior art.  Moreover, Defendants' unwillingness, over the course of several months, to exclude vague combinations of prior art has likewise placed an obstacle in the path of TracBeam's preparation of its invalidity defenses.

*Fourth*, a lesser sanction than exclusion of the improper portions of the Invalidity Contentions would be inappropriate.  If the Court grants this motion, then Defendants will still be able to pursue the various invalidity theories regarding approximately eighteen pieces of prior art for which Defendants have provided charts as well as regarding the specific combinations of prior art that were identified by Defendants.  Moreover, any prejudice suffered by Defendants would not be unfair because of Defendants' unexplained failure to comply with the Local Patent Rules and the Court's Docket Control Order and their unexplained failure to adequately and timely respond to TracBeam's repeated requests to correct the deficiencies.

Accordingly, the Court should strike those portions of the Invalidity Contentions that fail to comply with the Local Patent Rules.

## II.      Argument

The Court should strike from the Invalidity Contentions (1) the prior art for which Defendants have not provided charts "identifying where specifically in each alleged item of prior art each element of each asserted claim is found" under P.R. 3-3(c); (2) vague, omnibus combinations of prior art; and (3) Defendants' reliance upon illustrative references.

### A. Several portions of the Invalidity Contentions do not comply with the Local Patent Rules.

#### 1.   Portions of the Invalidity Contentions do not comply with the charting requirement of P.R. 3-3(c).

Invalidity contentions must include a "chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found."  P.R. 3-3(c).  For several pieces of purportedly prior art, Defendants did not comply with P.R. 3-3(c) because they did not provide any such charts.

In particular, the Invalidity Contentions allege that the asserted patents are invalid as anticipated by the following pieces of prior art:

- "the FAA system" (Ex. 1 at pp. 93-95)

- "the ESL Location System" (*id*. at pp. 95-97)

- "the TravTek System" (*id*. at pp. 97-99)

- "Il Morrow's Vehicle Tracking System" (*id*. at pp. 99-102)

- "Magnavox's NAVCOM 25 System" (*id*. at pp. 102-105)

- "Nav-Data's Fleet-Trak System" (*id*. at pp. 105-107)

- "OCS Technologies' Automatic Vehicle Location System" (*id*. at pp. 107-109)

- "the Highway Master System" (*id*. at pp. 109-12)

- "University of Calgary's Loran-C/GPS System" (*id*. at pp. 112-14)

- "Applicants' Admitted Prior Art," which is a broad category that includes "the general principles of wireless telephony described in U.S. Patent No. 5,295,180"; "wireless location systems and technologies"; and "[w]ireless location systems and technologies described in U.S. Patent No. 6,236,365." (*Id*. at pp. 114-15)

Because Defendants did not provide any charts for these pieces of purportedly prior art,[3] Defendants did not satisfy the requirements of P.R. 3-3(c).

### 2. Portions of the Invalidity Contentions do not comply with the requirement under P.R. 3-3(b) that each combination of prior art must be identified.

Under P.R. 3-3(b), "[i]f a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified."  In

---

[3] Defendants were aware of the charting requirement under P.R. 3-3(c), as evidenced by the fact that they provided charts for eighteen other pieces of prior art identified in their Invalidity Contentions.  *See, e.g.,* Ex. 2 (Defendants' invalidity chart for U.S. Patent No. 5,365,447).

4

contradiction of this requirement, the Invalidity Contentions repeatedly rely upon vague combinations of prior art, including the following:

- "Defendants reserve the right to rely on any combination of the prior art disclosed in these Invalidity Contentions" (Ex. 1 at p. 8)

- "it would also have been obvious to combine or modify the FAA System, or any reference supporting the FAA System, with concepts from other prior art such as, for example, other prior art identified in Section III and/or Appendices A-P, to render the Asserted Claims invalid"[4] (*id*. at p. 95; *see also* p. 96 (same with respect to ESL Location System); pp. 98-99 (same with respect to TravTek System); p. 101 (same with respect to Il Morrow VTS); p. 105 (same with respect to Magnavox NAVCOM System); pp. 106-07 (same with respect to Nav-Data's Fleet-Trak System); p. 108 (same with respect to OCS Technologies' Automatic Vehicle Location System); p. 111 (same with respect to Highyway Master System); pp. 113-14 (same with respect to University of Calgary Loran-C/GPS System).

    For other pieces of prior art, Defendants make a vague statement regarding an omnibus combination of prior art, followed by "examples" regarding a subset of that prior art.  For example, Defendants claim that "it would have been obvious to combine or modify the Dennis Patent with concepts from other prior art such as, for example, other prior art identified in Section III and/or Appendices A-P, to render the Asserted Claims invalid."  *Id*. at pp. 10-11; *see also id*. at pp.15-16, 21, 25, 29, 32, 38, 42, 46, 50, 55, 59, 65, 71, 77, 82, 85, 92-93 (same with respect to other prior art).  Defendants then describe combinations involving only a subset of the prior art identified in Section III and Appendices A-P.  *See, e.g.,* Ex. 1 at pp. 11-15. Defendants' reliance upon any combination of the multitude of prior art disclosed in "Section III

---

[4] Section III contains at least 28 pieces of prior art.

and/or Appendices A-P"—regardless of whether Defendants have specifically identified the combination in so-called "examples"—runs afoul of the requirement under P.R. 3-3(b) to identify "each such combination."

Accordingly, Defendants' vague combinations of prior art are inconsistent with P.R. 3-3(b). *See LML Patent Corp. v. JPMorgan Chase & Co*., 2011 U.S. Dist. Lexis 128724, at *14 (E.D. Tex. Aug. 10, 2011) ("Patent Rule 3-3(b) requires disclosure of combinations, not just references, and thus does not expect the patentee to consider every possible combination of the references disclosed."); *Realtime Data, LLC v. Packeteer, Inc.*, 2009 U.S. Dist. Lexis 114207, at *22 (E.D. Tex. Dec. 8, 2009) ("the Court does not find that reserving the right to combine any charted prior art references offers a plaintiff sufficient notice to adequately rebut a defendant's largely undisclosed invalidity theories").

### 3.    Portions of the Invalidity Contentions attempt to create loopholes through which Defendants can later assert currently unspecified theories.

It is inappropriate for a party to withhold disclosure in order "to create supposed loopholes through which parties may practice litigation by ambush." *Tyco Healthcare Group LP*, 2009 U.S. Dist. Lexis 125379, at *4 (internal quotation marks omitted).  In contradiction of this principle, the Invalidity Contentions claim to identify "only exemplary portions of cited references" (Ex. 1 at p. 6) and repeatedly refer to "exemplary identification of prior art," "exemplary portions of cited references," "exemplary list of references," "exemplary combinations and modifications," and "exemplary disclosures," *See* Ex. 1 at pp. 5, 6, 9, 70, 90, 93, 97, 99, 102, 105, 107, 109, 113, 116.  *See also* Exs. 2 & 3 (Appendix A to Invalidity Contentions) (using the signal "*see, e.g.*" throughout).  By using this language in the Invalidity Contentions, Defendants are inappropriately suggesting that their use of mere "examples" permits them to subsequently rely upon currently unspecified references, combinations, or

modifications.  Such vagueness violates the specificity required under the Local Patent Rules. *See, e.g.,* P.R. 3-3(c) (requiring a party to identify "where specifically in each alleged item of prior art each element of each asserted claim is found"); *see also Saffran v. Johnson & Johnson*, 2009 U.S. Dist. Lexis 19615, at *4 (E.D. Tex. Feb. 24, 2009) (striking invalidity contentions that "include[d] language purporting to make the contentions merely illustrative"); *Avago Techs. Gen. IP PTE, Ltd. v. Elan Microelectronics Corp.,* 2007 U.S. Dist. Lexis 55113, at *7-*8 (N.D. Cal. July 20, 2007) ("This court's conclusion that Elan met 3-3's requirements explicitly relies upon the representations made at oral argument by Elan's counsel that it had chosen and specifically cited its best example and would not assert unspecified others").

## B.  The Court should exclude those portions of the Invalidity Contentions, described above, that are inconsistent with the Local Patent Rules.

A "party which does not properly investigate applicable prior art early enough to timely meet disclosure requirements risks exclusion of that evidence." *Finisar Corp. v. Directv Group, Inc.*, 424 F. Supp. 2d 896, 901-902 (E.D. Tex. 2006) (citing *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1347 (Fed. Cir. 2003)). When determining whether to exclude evidence based on a party's failure to comply with the Patent Rules, courts may consider the following non-exclusive factors:

> 1. The danger of unfair prejudice to the non-movant;
> 2.  The length of the delay and its potential impact on judicial proceedings;
> 3. The reason for the delay, including whether it was within the reasonable control of the movant;
> 4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's Scheduling Orders, Local Patent Rules, and the Federal Rules of Civil Procedure;
> 5. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent.

*Tyco Healthcare Group LP*, 2009 U.S. Dist. Lexis 125379, at *5.

In the aggregate, these factors favor exclusion of the portions of Defendants' Invalidity Contentions discussed above:

1. <u>The reason for the delay, including whether it was within the reasonable control of the movant</u>

Defendants have provided no explanation for their delay; and a "party's failure to meet a deadline due to mere inadvertence is equivalent to no explanation at all." Memorandum Opinion and Order at 3, *Alcatel USA Resources, Inc. v. Microsoft Corp.,* 6:06-cv-500 (E.D. Tx. Oct. 3, 2008), ECF No. 180.

Defendants' unexplained delay was entirely within their control. Defendants were aware of the prior art that they failed to chart no later than December—when they disclosed the pieces of prior art to TracBeam. Defendants were also aware of their obligation under the Local Patent Rules to chart prior art no later than December because they provided eighteen invalidity charts for other pieces of prior art at that time. *See, e.g.,* Ex. 2.

Moreover, Defendants had ample time in which to develop their invalidity theories. TracBeam filed its Complaint alleging infringement of the asserted patents in February 2011. (ECF No. 1) On September 7, 2011 (and at Defendants' request), TracBeam provided to Defendants a list of the claims that it intended to assert—prior to the deadline for TracBeam's P.R. 3-1 disclosures. (Ex. 4 (Email of plaintiff's counsel to defense counsel of Sept. 7, 2011)) Consistent with the Docket Control Order, TracBeam then served its P.R. 3-1 disclosures on September 16. (ECF Nos. 99, 110) Although P.R. 3-3 provides that Invalidity Contentions are due "[n]ot later than 45 days after service" of infringement contentions (in which case Defendants' Invalidity Contentions would have been served by October 31), the Court's Docket Control Order imposed a deadline of December 16 for the Invalidity Contentions. (ECF No. 110) Consequently, instead of 45 days in which to prepare their invalidity contentions (as

provided under P.R. 3-3), Defendants had 100 days (from September 7 until December 16); and approximately ten months from the time that TracBeam filed its Complaint alleging infringement of the asserted patents.

Defendants have provided no explanation for failing to comply with the Local Patent Rules or the Docket Control Order, and this factor therefore favors excluding the specific portions of the Invalidity Contentions discussed above.

> 2. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent

Defendants have not been diligent in correcting the deficiencies in the Invalidity Contentions.  Defendants did not seek an extension of time in which to serve their Invalidity Contentions.  Nor have Defendants timely responded to TracBeam's requests for amendments/supplements to the Invalidity Contentions.

TracBeam notified Defendants of the deficiencies in the Invalidity Contentions in a letter dated January 26.  *See* Ex. 5 (Letter of J. Gottfried to defense counsel of January 26, 2012).  Not having received a response, TracBeam sent another letter dated March 6, in which TracBeam again asked whether Defendants intended to address the deficiencies or for a meet-and-confer. *See* Ex. 6 (Letter of plaintiff's counsel to defense counsel of March 6, 2012).  TracBeam asked for a response no later than March 12.  *Id.*

In a letter dated March 13, Defendants disputed that the vague combinations of prior art or exemplary references were inappropriate, but Defendants agreed to "amend their invalidity contentions as requested to provide charts for the prior art systems they intend to pursue."  (Ex. 7 (Letter of J. Swenson to J. Gottfried of Mar. 13, 2012))  In their letter, Defendants did not

identify which pieces of prior art they intended to pursue; nor did Defendants provide their proposed, amended invalidity charts to TracBeam.

During a meet-and-confer of March 26, Defendants agreed to provide proposed invalidity charts to TracBeam.  But Defendants then did not provide their proposed amendments to TracBeam until April 3, when Defendants emailed to TracBeam invalidity charts for only five of the ten pieces of prior art that had not previously been charted.[5]  Defendants' Supplemental Invalidity Contentions were labeled "DRAFT," thereby suggesting that Defendants were reserving the right to provide subsequent versions of the Supplemental Invalidity Contentions to TracBeam at some unspecified, future date.  *See* Ex. 8 (cover page of Defendants' Supplemental Invalidity Contentions).

Accordingly, Defendants waited almost three months after the deadline for their Invalidity Contentions (and almost two months after TracBeam's January letter regarding the deficiencies) to <u>propose</u> to provide charts to TracBeam.   And it was not until April 3—more than 3 ½ months after the deadline for Defendants' invalidity contentions—that Defendants provided drafts of supplemental charts; and, even then, Defendants only provided charts for half of the previously uncharted prior art.  Moreover, Defendants have refused to correct the deficiencies regarding vague combinations of prior art and exemplary citations.  Because Defendants have not been diligent in seeking an extension of time for, or amending, their contentions, this factor favors excluding the specific portions of the Invalidity Contentions discussed above.  *See, e.g., O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366-

---

[5] In particular, defendants provided charts to TracBeam on April 3 regarding the previously uncharted FAA System, ESL Location System, Magnavox's NAVCOM 25 System, the Highway Master System, and University of Calgary's Loran-C/GPS System.  Defendants have still not provided charts for the TravTek System, Il Morrow's Vehicle Tracking System, OCS Technologies' Automatic Vehicle Location System, Nav-Data's Fleet-Trak System, or "Applicants' Admitted Prior Art."

67 (Fed. Cir. 2006) (upholding finding of lack of diligence where party waited almost three months to serve its proposed amended contentions); Memorandum Opinion and Order at 4, *Alcatel USA Resources*, 6:06-cv-500 (finding lack of due diligence where party discovered prior art in February, March, April, and June but waited until July to move to amend its contentions).

3.   The length of the delay and its potential impact on judicial proceedings

Defendants' delay in complying with P.R. 3-3 undermines TracBeam's preparation of its defense against Defendants' invalidity allegations.[6]  This is particularly true because many of the uncharted pieces of prior art concern broad systems (*e.g.,* "TravTek System") for which charts would be particularly valuable in understanding Defendants' theories.  Defendants' belated offering of <u>drafts</u> of invalidity charts on April 3 for only half of the previously uncharted pieces of prior art does not excuse their lengthy delay.  To the contrary, Defendants emailed over 650 pages of draft invalidity charts to TracBeam approximately one month before the deadline of May 8 to comply with P.R. 4-1 (ECF No. 188) and more than 3 ½ months after the Court-imposed deadline for invalidity contentions.  *See* Ex. 8 (Email of R. Culpepper to J. Gottfried of April 3, 2012).

In addition, Defendants' failure to agree to exclude or, alternatively, provide greater specificity regarding omnibus combinations of prior art has imposed upon TracBeam the challenge of attempting to address a multitude of vague combinations of prior art.  As weeks have turned into months, Defendants have failed to provide TracBeam with specific invalidity disclosures that are consistent with the Local Patent Rules.

---

[6] Although TracBeam describes, above, the prejudice caused by Defendants' deficient Invalidity Contentions, "[t]he burden is on the party who allegedly failed to disclose the information to prove that such failure is harmless." *Tyco Healthcare Group LP*, 2009 U.S. Dist. Lexis 125379, at *6-*7.

Accordingly, this factor favors excluding the specific portions of the Invalidity Contentions discussed above.

> 4 & 5.   <u>The danger of unfair prejudice to the non-movant;</u>
> <u>The importance of the particular matter, and if vital to the case, whether a</u>
> <u>lesser sanction would adequately address the other factors to be considered</u>
> <u>and also deter future violations of the court's Scheduling Orders, Local</u>
> <u>Patent Rules, and the Federal Rules of Civil Procedure</u>

TracBeam is not seeking to strike the entirety of the Invalidity Contentions, but only those portions that Defendants have delayed—for months—to correct.  If the Court were to grant this motion, Defendants would still be able to rely upon, for example, specific combinations of prior art disclosed in the Invalidity Contentions that comply with P.R. 3-3(b).  To the extent that Defendants are negatively affected by the exclusion of portions of their Invalidity Contentions, any such prejudice would not be unfair.  Both TracBeam and the Court's Docket Control Order provided Defendants with ample time in which to serve the Invalidity Contentions; and Defendants then had ample time in which to correct the deficiencies.

While Defendants may seek leave to amend their contentions, such a remedy would be inappropriate in light of Defendants' conduct, which includes (1) missing the Court-imposed deadline for serving Invalidity Contentions in compliance with P.R. 3-3, (2) waiting almost two months to communicate with TracBeam regarding deficiencies in the Invalidity Contentions, and (3) waiting until approximately one month before the P.R. 4-1 deadline before providing to TracBeam a "draft" of over 650 pages of supplemental, invalidity charts (and continuing to rely upon uncharted pieces of prior art; vague, omnibus combinations of prior art; and illustrative references).

***

Consequently, the five factors discussed above favor excluding the Invalidity Contentions' uncharted prior art, omnibus combinations of prior art, and exemplary language.

**III.**   **Conclusion**

For the foregoing reasons, TracBeam respectfully requests that the Court strike: (1) the following prior art from Defendants' Invalidity Contentions: the FAA system, ESL Location System, the TravTek System, Il Morrow's Vehicle Tracking System, Magnavox's NAVCOM 25 System, Nav-Data's Fleet-Trak System, OCS Technologies' Automatic Vehicle Location System, the Highway Master System, University of Calgary's Loran-C/GPS System, and "Applicants' Admitted Prior Art;"  (2) the vague combinations of prior art identified above (at Section II(A)(2)) from the following pages of the Invalidity Contentions: pp. 8, 10-11, 15-16, 21, 25, 29, 32, 38, 42, 46, 50, 55, 59, 65, 71, 77, 82, 85, 92-93, 95, 96, 98-99, 101, 105, 106-07, 108, 111, and 113-14; and (3) all language regarding exemplary references or disclosures in the Invalidity Contentions and accompanying charts and appendices.


Dated: April 6, 2012                    Respectfully submitted,

                                        By:  */s/ Jonathan Gottfried*
                                             JONATHAN GOTTFRIED

                                        Gregory S. Dovel
                                        CA State Bar No. 135387
                                        Email: greg@dovellaw.com
                                        Jonathan Gottfried
                                        NY State Bar No. 4269163
                                        Email: jonathan@dovellaw.com
                                        **DOVEL & LUNER, LLP**
                                        201 Santa Monica Blvd., Suite 600
                                        Santa Monica, CA 90401
                                        Telephone:  310-656-7066
                                        Facsimile:  310-657-7069


                                        S. Calvin Capshaw

13

State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
**CAPSHAW DERIEUX, L.L.P.**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email:  ccapshaw@capshawlaw.com
Email:  ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com

Robert Christopher Bunt
State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER & BUNT, P.C.**
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone:  903/531-3535
Facsimile: 903/533-9687

*ATTORNEYS FOR PLAINTIFF*
*TRACBEAM, L.L.C.*

## CERTIFICATE OF CONFERENCE

I am counsel for Plaintiff TracBeam L.L.C.  Along with my co-counsel Julien Adams and Elizabeth DeRieux, I participated in a meet and conference pursuant to Local Rule CV-7(h) regarding the subject of this motion.  The conference took place by telephone on March 26, 2012.  Counsel for Location Labs, TeleCommunication Systems, Inc., MetroPCS Communications, Inc., MetroPCS Wireless, Inc., Cellco Partnership, Google, Inc., Skyhook Wireless, Inc., AT&T Inc., and AT&T Mobility L.L.C. participated on the call.  During that conference, the parties were unable to reach agreement on this motion.

*/s/ Jonathan Gottfried*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 6th day of April, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jonathan Gottfried*

14