**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| TRACBEAM, L.L.C., | ) | |
| | ) | Civil Action No. 6:11-cv-96 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| AT&T INC., et al. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LOCATION LABS., | ) | |
| | ) | |
| Intervenor. | ) | |
| | ) | |

**INTERVENOR LOCATION LABS' MOTION TO DISMISS TRACBEAM'S
ALLEGATIONS FOR FAILURE TO STATE A CLAIM FOR WILLFUL
INFRINGEMENT**

# TABLE OF CONTENT

I.      INTRODUCTION ................................................................................................... 1

II.     FACTS ................................................................................................................... 2

III.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WILLFUL
        INFRINGEMENT AND THE COMPLAINT SHOULD THEREFORE
        BE DISMISSED .................................................................................................... 6

        A.      Standard For Reviewing Rule 12(b)(6) Motion To Dismiss ................... 6

        B.      Tracbeam's Post-Filing Allegations of Willful Infringement Fail To State
                A Valid Claim For Willful Infringement ................................................. 7

        C.      Notwithstanding Plaintiff' Lack of Diligence and Its Post-Filing Allegations
                of Willful Infringement, the Pled Facts Hardly Constitute A Plausible
                Statement of an Objectively High Likelihood of Infringement Of Valid
                Patents ................................................................................................... 10

IV.     CONCLUSION ................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anascape, Ltd. v. Microsoft Corp.,*
2008 U.S. Dist. LEXIS 98821 (E.D. Tex. 2008) ...................................................8, 9

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) .........................................................................6, 10, 11

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696 (9th Cir. 1988) ....................................................................6

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .........................................................................6, 11

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.,*
897 F.2d 508 (Fed. Cir. 1990) ....................................................................7

*In re Seagate Tech., LLC,*
497 F.3d 1360 (Fed. Cir. 2007) (en banc) ..........................................................7, 9, 10

*State Indus., Inc. v. A.O. Smith Corp.,*
751 F.2d 1226 (Fed. Cir. 1985) ...................................................................7

*WebMap Techs., LLC v. Google, Inc.,*
2010 U.S. Dist. LEXIS 104137 (2010) .............................................................9

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................1, 6

Federal Rule of Civil Procedure 24(c) ...............................................................5

Local Rule 3-1.....................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Location Labs hereby moves to dismiss Tracbeam's Counterclaims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable claim for willful infringement. Quite simply, the facts alleged by Plaintiff TracBeam ("Plaintiff") in its Complaint, even if accepted as true, cannot constitute willful infringement by Location Labs as a matter of law.

Willfulness requires, at a minimum, notice of the patents and an objectively high likelihood of infringement.  Moreover, in the case here, where Plaintiff's allegations are based on post lawsuit filing conduct, Plaintiff's claims of willful infringement are subject to closer scrutiny and Plaintiff must take some action such as filing a preliminary injunction motion or take other diligent steps to counteract the alleged willful infringement.

In this case, Tracbeam took no such steps.  Indeed, even after learning that Location Labs was considering indemnifying AT&T after its lawyers requested claim charts from Plaintiff, Plaintiff took no action to file a Complaint against Location Labs to mitigate the alleged willful infringement. In fact it was Location Labs that acted diligently and filed a motion to intervene and a declaratory judgment Complaint for non-infringement and invalidity of the patents-in-suit after its lawyers and outside counsel, SNR Denton analyzed the allegations against Location Labs.  Only after Location Labs and its lawyers took this action, did Tracbeam file counterclaims for willful infringement where its sole theory for willful infringement rests on facts that it provided copies of its Infringement Contentions *post-filing of this lawsuit* against AT&T to the lawyers for Location Labs in order for Location Labs' lawyers to evaluate whether there was a valid basis for Location Labs to indemnify AT&T.

Plaintiff's willfulness allegations are legally deficient and mandate dismissal of the Complaint against Location Labs for failure to state a claim.

1

## II.    FACTS

1.    U.S. Patent No. 7,764,231 entitled "Wireless Location Using Multiple Mobile Station Location Techniques" (the "'231 patent") issued on July 27, 2010. (Dkt. No. 159, ¶ 12). U.S. Patent No. 7,525,484 entitled "Gateway and Hybrid Solutions for Wireless Location" (the "'484 patent") issued on April 28, 2009. (*Id.* at ¶ 17).  The '231 and '484 patents are collectively referred to herein as the "patents-in-suit".

2.    Plaintiff Tracbeam, L.L.C., a Colorado Corporation, filed this Complaint on February 25, 2011 against Defendants AT&T, Inc., AT&T Mobility, L.L.C.; MetroPCS Communications, Inc.; MetroPCS Wireless, Inc.; Texas RSA 7B3, L.P. d/b/a People's Wireless Services; Sprint Nextel Corporation; Sprint Spectrum, L.P. Nextel South Corp.; Nextel of Texas, Inc.; Nextel West Corp., and Cellco Parnership d/b/a Verizon Wireless (collectively "Defendants").  (Dkt. No. 1)  Plaintiff filed an Amended Complaint on May 19, 2011.  (Dkt No. 57, hereinafter "Amended Complaint").  Neither the Original or the Amended Complaint allege patent infringement by Location Labs.

3.    Tracbeam never provided notice of the patents-in-suit, the patent applications or any published applications or related patents or applications to Location Labs prior to filing this lawsuit against AT&T.  (Khaliq Decl., ¶ 2).

4.    Intervenor Wavemarket, Inc. d/b/a Location Labs,  ("Location Labs") is Delaware corporation, having its principal place of business at 5890 Horton St., Suite 675, Emeryville, CA, 94608.  Pursuant to a License and Service Agreement with AT&T Mobility, Location Labs provides location tracking software services to Defendant AT&T Mobility used in the AT&T Family Map service. (Khaliq Decl, ¶ 3).   The AT&T Family Map service is available for an additional fee to mobile subscribers and provides the ability to track the location of mobile devices within a subscriber's account.  (Khaliq

Decl, ¶ 3).  Pursuant to the License and Service Agreement, Location Labs has agreed to indemnify AT&T Mobility for third party claims related to its software services.  (Khaliq Decl., ¶ 3).

5.      Plaintiff's Amended Complaint alleges patent infringement by Defendants of one or more claims of the '231 patent the '484 patent.  (Amended Complaint, ¶ 1).  Specifically, with respect to defendants AT&T and AT&T Mobility (collectively "AT&T"), the Amended Complaint alleges that the '231 and '484 patents are infringed by AT&T's "products and services for determining the location of wireless mobile devices (*e.g.,* the locations of AT&T subscribers' cellular phones)."  (*Id.,* Amended Complaint, ¶ 24, ¶ 47).   The Complaint does not specifically identify Location Labs' Family Map services.

6.      On September 16, 2011, Tracbeam submitted its Patent Local Rule 3-1 Infringement Contentions. (Dkt. No. 99).  Tracbeam's Infringement Contentions identify AT&T Mobility's Family Map service as one of several services infringing one or more claims of the '231 patent (claims 65, 69, 185) and '484 patent (claims 27, 36, 67). (Khaliq Decl., ¶ 4).   Tracbeam did not serve a copy of these infringement contentions on Locations Labs at the time they were served on AT&T.   (*Id.*).

7.      On October 3, 2011, pursuant to the License and Service Agreement between Location Labs and AT&T Mobility, AT&T Mobility sent an indemnification letter to Location Labs.   (Khaliq Decl., ¶ 5).   The letter requested that Location Labs indemnify AT&T Mobility in this lawsuit for any claims of liability resulting from any claim of infringement based on AT&T's use of Location Labs' "Software Services" used in the AT&T Family Map product offering.  (*Id.*).

8.      On October 11, 2011, Location Labs agreed to indemnify AT&T pursuant to the License and Service Agreement to the extent that Location Labs' Software Services were

implicated in Tracbeam's Infringement Contentions.  (Khaliq Decl., ¶ 5).   At this time, Location Labs did not have access to Plaintiff's Infringement Contentions which were designated "Confidential" by Tracbeam. (*Id.,* ¶, 5).

9.      On October 24, 2011, Location Labs requested a copy of Plaintiff's Infringement Contentions to determine whether it was necessary to indemnify AT&T Mobility and intervene in the present lawsuit.  (*Id.,* ¶, 6).  Tracbeam agreed to provide claim charts to Location Labs on the condition that Location Labs enter into a non-disclosure agreement (NDA) with Tracbeam. (*Id*).   After Location Labs executed the NDA, on October 27, 2011, Tracbeam provided Location Labs select portions of its P.L.R. 3-1 claim charts for the accused AT&T instrumentalities, but did not provide the complete pleading or claim charts for all defendants.  (*Id.*).

10.     In the claim charts provided by Tracbeam on October 24, 2011, claims 1, 2, 10, 17, 25, 27, 28, 65, 69, 162, 185 and 212 of the '231 patent are asserted against AT&T.  From these claims, Family Map is listed as an accused device in dependent claims 65, 69, independent claim 162, element (f)(3) and independent claim 185, element 2(b). Additionally, claims 27, 33, 34, 36, 44 and 67 of the '484 patent are asserted against AT&T.  From the asserted claims of the '484 patent, dependent claims 33, 36, and independent claims 44, element b(7) and 67, element (c), contain allegations against Family Map.  There are 115 claim elements in the asserted claims.  Of these elements, only 8 elements name Family Map as the accused device.  This is approximately 7% of plaintiff's infringement allegations.  (*Id.*, ¶ 7).

11.     Between November to January (excluding the holidays), Location Labs and its attorneys, SNR Denton evaluated the infringement contentions against the specific services provided by Location Labs as they pertained to defendant AT&T.  Location Labs also

evaluated the validity of the patents in view of the Invalidity Contentions served by the other defendants and its own prior art analysis.  Location Labs and its lawyers SNR Denton determined that Location Labs did not directly infringe any claims of the '231 and '484 patents and that it did not direct or control the steps of the claim elements that it was not accused of providing.   Location Labs and SNR Denton also determined that it was not inducing or contributing to infringement by any named party in Tracbeam's lawsuit and that its software had significant non-infringing uses.  (Khaliq Decl., ¶ 8).

12.   After completing its due diligence on non-infringement and invalidity and determining that a judiciable case or controversy existed between the parties, on February 1, 2012 Location Labs filed a Complaint in Intervention against Tracbeam pursuant to Fed. R. Civ. P. 24(c).  Location Labs also filed an  Unopposed Motion to Intervene on the same day. (Dkt. Nos. 139, 141).   In the Complaint against Tracbeam, Location Labs asserts declaratory judgment claims of non-infringement and invalidity against the '231 and '484 patents.  (*Id.*).

13.   On February 23, 2012, Tracbeam filed its Answer and Counterclaim against Intervenor Location Labs.  (Dkt. No. 159).  Tracbeam's counterclaims include allegations of infringement by Location Labs of the '231 and '484 patents.  (*Id.*).

14.   Tracbeam's allegation for "willful infringement" for the '231 and '484 patent against Location labs, states:  "Location Labs' infringement of the '231 [and '484] patent has been and continues to be willful.  Upon information and belief, Location Labs knew or should have known of an objectively high likelihood that its actions constitute infringement of the '231 [and '484] patent no later than October 2011, when counsel for ATT Mobility L.L.C. contacted Location Labs regarding indemnification for certain infringement alleged in this Action.  Location Labs disregarded and continues to

disregard this objective risk."  (Dkt. No. 159, ¶ 14, 20).

## III.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WILLFUL INFRINGEMENT AND THE COMPLAINT SHOULD THEREFORE BE DISMISSED

### A.   Standard For Reviewing Rule 12(b)(6) Motion To Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  *See e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Of course, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id*.

Dismissal of a complaint pursuant to Rule 12(b)(6) may be based <u>either</u> "on the lack of a cognizable legal theory <u>or</u> the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (emphasis added).  In *Twombly*, for example, the Supreme Court ordered the dismissal of an antitrust complaint in which the plaintiffs' detailed factual allegations, accepted as true, did not give rise to antitrust liability.  *See* 550 U.S. at 566-70.  The present Motion is predicated upon Plaintiff's failure to plead facts that would present a legally cognizable theory of willful infringement.

In its Complaint, Plaintiff pleads a number of "facts" in purported support of its stated claim for willful infringement.  However, those facts, accepted as true, do <u>not</u> give rise to liability for willful infringement.  Plaintiff allegations of willful infringement against Location Labs are based solely on the fact that it provided Location Labs' attorneys, SNR Denton, copies of its infringement contention claim charts against AT&T in October 2011, after the lawsuit was filed against AT&T,

(not Location Labs) in order to determine whether Location Labs should indemnify AT&T.

**B.      Tracbeam's Post-Filing Allegations of Willful Infringement Fail To State A Valid Claim For Willful Infringement**

As a matter of law, "to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc) (emphasis added).  Willfulness requires, among other things, knowledge of an issued patent. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it.") (emphasis in original); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.,* 897 F.2d 508, 511 (Fed. Cir. 1990) ("a party cannot be found to have willfully infringed a patent of which the party had no knowledge").

In pertinent part, the Federal Circuit in *Seagate* states:

> when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*In re Seagate Tech*., LLC, 497 F.3d 1360 (Fed. Cir. 2007).

It is undisputed that Plaintiff did not provide Location Labs pre-filing notice of the patents-in-suit. (Facts, ¶ 3).  Plaintiff further admits that the first time it provided notice of the patents-in-suit to Location Labs was when it transmitted Infringement Contentions against AT&T to Location Labs' retained outside counsel, SNR Denton on October 27, 2011 well after the filing of this lawsuit. (Facts, ¶¶ 9, 14).  Plaintiff first filed this lawsuit on February 25, 2011 and never named Location Labs as an alleged infringer.  Plaintiff then amended its Complaint on May 11, 2011 and again failed to state any  allegations of infringement against Location Labs.  Even after the issue of indemnification arose with AT&T, it was counsel for Location Labs that requested copies of the

Infringement Contentions against AT&T.   Despite being fully aware of Location Labs, Plaintiff did

not amend its Complaint to add allegations of infringement against Location Labs.  It was only after

Location Labs filed its motion to intervene and its own declaratory judgment Complaint against

Tracbeam seeking judgments of non-infringement and invalidity of the patents-in-suit, did Tracbeam

decide to pursue infringement claims directly against Location Labs and plead post-lawsuit

allegations of willful infringement.

In *Anascape, Ltd. v. Microsoft Corp.*, 2008 U.S. Dist. LEXIS 98821 at *3 (E.D. Tex. 2008),

the court held that a patentee who did not attempt to stop a defendant's alleged infringement during

the course of litigation was not entitled to benefit from its lack of diligence by obtaining enhanced

damages for willfulness during the post-filing period.  The court held that, under circumstances

where the plaintiff is attempting to seek post-filing damages for willful infringement, a motion for

preliminary injunction or some other attempt to stop the allegedly infringing behavior was required

to support a claim for post-filing willful infringement.  (*Id.*). The facts in *Anascape* were far more

favorable than the pleadings for the plaintiff in this case.  In *Anascape*, the plaintiff adequately pled

pre-filing willful infringement and produced evidence of dealings between the defendants and the

plaintiff regarding patents related to the one asserted in the case.  Plaintiff relied on its pre-filing

willfulness allegation to accrue enhanced damages for post-filing willful infringement.  When the

plaintiff failed to produce evidence that the defendants had actual pre-filing knowledge of the

specific patent in suit and had its pre-filing willful infringement claim denied at summary judgment,

the court also denied its claim for post-filing willful infringement on the grounds that the plaintiff

failed to take action to stop any continued willful infringement.

In this case, Tracbeam does not rely upon ***any*** allegation of pre-filing willful infringement

and has made no effort to stop AT&T's or Location Labs alleged continued willful infringement

post-filing through a preliminary injunction motion or some other means.  Accordingly, under the

court's reasoning in *Seagate* and *Anascape*, Plaintiff is not entitled to accrue enhanced damages for willful infringement.  This Court also announced this principle in *WebMap Techs., LLC v. Google, Inc.*, 2010 U.S. Dist. LEXIS 104137 (2010), where it found that plaintiff's failure to a seek preliminary injunction post-filing cut against the reasoning that defendant's post filing behavior constituted an objectively high likelihood of infringing a valid patent:

> Although there are situations where post-filing willful infringement can be alleged without the plaintiff first seeking a preliminary injunction,  the procedure for seeking a preliminary injunction tests the reasonableness of a defendant's non-infringement and invalidity theories at the time that the defendant is relying upon those theories. *Seagate* states that the standard for determining whether a patentee is entitled to a preliminary injunction is similar to the standard for determining whether post-filing infringement is willful. 497 F.3d at 1374 ("A substantial question about invalidity or infringement is likely sufficient not only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct."). Because only the plaintiff can invoke this test at the time the alleged infringement is taking place, a plaintiff's failure to seek a preliminary injunction forces a defendant to choose between resting on theories of invalidity and non-infringement it believes to be objectively reasonable and engaging in costly and potentially unnecessary redesign of its accused products.
>
> In the present action, Yahoo is unfairly prejudiced by Plaintiff's attempt to claim post-filing willful infringement without first seeking a preliminary injunction. Even assuming Seagate may be dicta on this point, the undersigned concludes it accurately reflects the general rule in the Federal Circuit. No extenuating circumstances have been alleged in this case that would justify a departure from that rule. Accordingly, the undersigned recommends that Yahoo's motion to dismiss the portion of Plaintiff's complaint alleging post-filing willful infringement be GRANTED, and the claim for willful infringement should be dismissed without prejudice.

*Id.* at *12-13.

Accordingly, similar to the facts in this case, Tracbeam's lack of diligence in filing a lawsuit against Location Labs even after it knew that Location Labs' products were implicated in defendants' Family Map accused products coupled with the fact that it failed to seek an preliminary injunction against either AT&T or Location Labs post filing of the complaint in this action prevents Tracbeam from pursuing post-filing willful infringement claims against Location Labs.

**C.    Notwithstanding Plaintiff' Lack of Diligence and Its Post-Filing Allegations of Willful Infringement, the Pled Facts Hardly Constitute A Plausible Statement of an Objectively High Likelihood of Infringement Of Valid Patents**

To establish a claim for willful infringement, the Federal Circuit requires the following:

> [A] patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent …. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*In re Seagate Tech.*, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Thus, to support a willfulness claim, a patent plaintiff must, at a minimum, establish two separate and independent elements: (1) objective reckless behavior or circumstances, and (2) subjective knowledge or obviousness of the risk. *Id.; see also, Ashcroft v. Iqbal*, 129 S.Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted at true, to "state a claim for relief that is plausible on its face.'").

Here, Plaintiff's sole allegations of willful infringement rest on the fact that it provided claim charts to Location Labs' lawyers so that Location Labs law firm, SNR Denton, could evaluate whether it should indemnify AT&T and intervene in the present action.   The sole allegation for willful infringement in Tracbeam's Complaint against Location Labs is as follows:

> Location Labs' infringement of the '231 [and '484] patent has been and continues to be willful.  Upon information and belief, ***Location Labs knew or should have known of an objectively high likelihood that its actions constitute infringement of the '231 [and '484] patent no later than October 2011, when counsel for ATT Mobility L.L.C. contacted Location Labs regarding indemnification for certain infringement alleged in this Action.  Location Labs disregarded and continues to disregard this objective risk.***

(Dkt. No. 159, ¶¶ 14, 20).

These claim charts hardly demonstrate an "objective risk" of infringement by Location Labs.  In the claim charts provided by Tracbeam on October 24, 2011, claims 1, 2, 10, 17, 25, 27, 28, 65, 69, 162, 185 and 212 of the '231 patent are asserted against AT&T.  From these claims,

10

Location Labs Family Map software is listed as an accused device in only dependent claims 65,

69, independent claim 162, element (f)(3) and independent claim 185, element 2(b).

Additionally, claims 27, 33, 34, 36, 44 and 67 of the '484 patent are asserted against AT&T.

From the asserted claims of the '484 patent, dependent claims 33, 36, and independent claims 44,

element b(7) and 67, element (c), contain allegations against Family Map.  *There are 115 claim*

*elements in the asserted claims.  Of these elements, only 8 elements name Family Map as the*

*accused device.  This is approximately 7% of plaintiff's infringement allegations which Plaintiff*

*relies on to put Location Labs on notice of "willful infringement".*  (*Id.*, ¶ 7).  Given the minor

role played by Location Labs' services in the AT&T accused devices, Plaintiff can hardly raise

an allegation that there was an objectively high risk of infringement from allegations pertaining

to AT&T.[1]  Indeed, Location Labs believes that the allegations of infringement are entirely

misdirected and intends to bring motions to strike Plaintiff's infringement contentions and for

summary judgment of non-infringement.

Furthermore, Plaintiff's conclusory pleading of willful infringement without any

supporting factual allegations does not suffice under the heightened pleading standard of *Iqbal*

and *Twombly*.  In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) the Supreme Court pronounced that

the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007), applies to all federal civil cases. *Id.* at 1953. This standard requires that the complainant

must allege more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at

1949 (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550

at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

---

[1] After Location Labs intervened in the present action, Plaintiff Tracbeam served Infringement
Contentions directly against Location Labs on March 16, 2012.  However, Plaintiff does not
plead that the service of these Infringement Contentions put Location Labs on notice of an
objectively high risk of infringement.

enhancement.'" *Id.* (quoting *Twombly*, 550 at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted at true, to "state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 at 570). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added).

Tracbeam's allegation that Location Labs knew or should have known that there was an objectively high likelihood of infringement when AT&T contacted Location Labs for indemnification in not a logical or even reasonable conclusion to draw.  The fact that AT&T's lawyers contacted Location Labs lawyers to alert them of a possible indemnification obligation due a Complaint filed against AT&T hardly creates an objectively high risk of infringement by Location Labs, especially since at that point, nether AT&T or Tracbeam had provided the infringement contention claim charts to Location Labs or its lawyers.   Furthermore, the statement that Location Labs disregarded this "objective risk" is not plausible based on the record before the Court.  The undisputed facts show that Location Labs immediately retained a law firm after it received a notice of indemnification from AT&T and requested the Infringement Contentions from plaintiff Tracbeam.  (Facts, ¶¶ 7-9).  Location Labs was not engaged in any sort of reckless or willful conduct, but to the contrary, it was taking active steps to investigate the allegations of infringement. Furthermore, after receiving the claim charts, Location Labs undertook an immediate investigation and then filed a declaratory judgment complaint for non-infringement and invalidity of the patents-in-suit.  This was done after thoroughly analyzing the allegations of infringement and the Invalidity Contentions served by defendants in this case on December 16, 2011.  There is simply no plausible basis in fact or law that "Location Labs disregarded and continues to disregard this objective risk."

## IV.   CONCLUSION

For the reasons set forth herein, Intervenor Location Labs respectfully request that this Court dismiss the allegations of willful infringement in Tracbeam's Complaint due to Plaintiff's failure to state a legally cognizable claim of willful infringement.  Location Labs acknowledges that the Court may exercise its discretion to dismiss the Complaint *without* prejudice to permit Plaintiff an opportunity to re-file an amended pleading that removes the deficient willfulness theory; if Plaintiff is permitted to file an Amended Complaint that includes a count of *non-willful* infringement by Location Labs, Location Labs will, of course, answer those allegations at an appropriate time.

Dated:  April 9, 2012                              Respectfully submitted,

                                                                 */s/ Mark L. Hogge*
Mark L. Hogge (Lead Attorney) (DC Bar No. 404882)
Admitted to Eastern District of Texas
**SNR Denton US LLP**
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
Telephone: (202) 408-6400
Facsimile:  (202) 408-6399
Email: mark.hogge@snrdenton.com

Shailendra K. Maheshwari (DC Bar No. 484966)
Admitted to Eastern District of Texas
shailendra.maheswari@snrdenton.com
**SNR DENTON US LLP**
1301 K Street, N.W., Suite 600
Washington, D.C. 20005
Telephone: (202) 408-6400
Facsimile:  (202) 408-6399

Imran A. Khaliq (CA Bar No. 232607)
Admitted *Pro Hac Vice*
imran.khaliq@snrdenton.com
**SNR DENTON US LLP**
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0329
Facsimile: (650) 798-0310

***Attorneys for Location Labs***

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this on April 9, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


                              */s/ Jocasta Wong*
                              Jocasta Wong