**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| TRACBEAM, L.L.C., | ) | |
| | ) | Civil Action No. 6:11-cv-96 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| AT&T INC., et al. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LOCATION LABS., | ) | |
| | ) | |
| Intervenor. | ) | |

**DECLARATION OF IMRAN A. KHALIQ IN SUPPORT OF INTERVENOR LOCATION LABS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WILLFUL INFRINGEMENT**

I, Imran Khaliq, declare:

1. I am an attorney in the law firm of SNR Denton US LLP, counsel of record for Intervenor Location Labs ("Location Labs") in the above-captioned action. I make this declaration based on my own personal knowledge and, if called to testify as to the truth of the matters declared herein, I could and would testify competently thereto.

2. Plaintiff Tracbeam never provided notice of the patents-in-suit, the patent applications or any published applications or related patents or applications to Location Labs prior to filing this lawsuit against AT&T.

3. Pursuant to a License and Service Agreement with AT&T Mobility, Location Labs provides location tracking software services to Defendant AT&T Mobility used in the AT&T Family Map service. The AT&T Family Map service is available for an additional fee to

mobile subscribers and provides the ability to track the location of mobile devices within a subscriber's account. Pursuant to the License and Service Agreement, Location Labs has agreed to indemnify AT&T Mobility for third party claims related to its software services.

4. Tracbeam submitted its Patent Local Rule 3-1 Infringement Contentions. (Dkt. No. 99). Tracbeam's Infringement Contentions identify AT&T Mobility's Family Map service as one of several services infringing one or more claims of the '231 patent (claims 65, 69, 185) and '484 patent (claims 27, 36, 67). Tracbeam did not serve a copy of these infringement contentions on Locations Labs at the time they were served on AT&T. (*Id.*).

5. On October 3, 2011, pursuant to the License and Service Agreement between Location Labs and AT&T Mobility, AT&T Mobility sent an indemnification letter to Location Labs. The letter requested that Location Labs indemnify AT&T Mobility in this lawsuit for any claims of liability resulting from any claim of infringement based on AT&T's use of Location Labs' "Software Services" used in the AT&T Family Map product offering.

6. On October 24, 2011, Location Labs requested a copy of Plaintiff's Infringement Contentions to determine whether it was necessary to indemnify AT&T Mobility and intervene in the present lawsuit. Tracbeam agreed to provide claim charts to Location Labs on the condition that Location Labs enter into a non-disclosure agreement (NDA) with Tracbeam. After Location Labs executed the NDA, on October 27, 2011, Tracbeam provided Location Labs select portions of its P.L.R. 3-1 claim charts for the accused AT&T instrumentalities, but did not provide the complete pleading or claim charts for all defendants.

7. In the claim charts provided by Tracbeam on October 24, 2011, claims 1, 2, 10, 17, 25, 27, 28, 65, 69, 162, 185 and 212 of the '231 patent are asserted against AT&T. From these claims, Family Map is listed as an accused device in dependent claims 65, 69, independent claim 162, element (f)(3) and independent claim 185, element 2(b). Additionally, claims 27, 33,

34, 36, 44 and 67 of the '484 patent are asserted against AT&T. From the asserted claims of the '484 patent, dependent claims 33, 36, and independent claims 44, element b(7) and 67, element (c), contain allegations against Family Map. There are 115 claim elements in the asserted claims. Of these elements, only 8 elements name Family Map as the accused device. This is approximately 7% of plaintiff's infringement allegations against AT&T. (*Id.*, ¶ 7).

8. Between November to January (excluding the holidays), Location Labs and its attorneys, SNR Denton evaluated the infringement contentions against the specific services provided by Location Labs as they pertained to defendant AT&T. Location Labs also evaluated the validity of the patents in view of the Invalidity Contentions served by the other defendants and its own prior art analysis. Location Labs and its lawyers SNR Denton determined that Location Labs did not directly infringe any claims of the '231 and '484 patents and that it did not direct or control the steps of the claim elements that it was not accused of providing. Location Labs and SNR Denton also determined that it was not inducing or contributing to infringement by any named party in Tracbeam's lawsuit and that its software had significant non-infringing uses.

Executed this 9th day of April, 2012. By:    */s/ Imran A. Khaliq*
                                                       Imran A. Khaliq

*Under General Order No. 45 the filer of this document attests that concurrence in the filing of the document has been obtained from each of the signatories.*

**CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this on April 9, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                        */s/ Jocasta Wong*
                                         Jocasta Wong