**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TRACBEAM, L.L.C.,<br><br>*Plaintiff*,<br><br>v.<br><br>AT&T INC.; AT&T MOBILITY L.L.C.; METROPCS COMMUNICATIONS, INC.; METROPCS WIRELESS, INC.; TEXAS RSA 7B3, L.P. D/B/A PEOPLES WIRELESS SERVICES; SPRINT NEXTEL CORPORATION; SPRINT SPECTRUM L.P.; NEXTEL OF CALIFORNIA, INC.; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC.; NEXTEL OF NEW YORK, INC.; NEXTEL SOUTH CORP.; NEXTEL OF TEXAS, INC.; NEXTEL WEST CORP.; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; GOOGLE, INC.; and SKYHOOK WIRELESS, INC.,<br><br>*Defendants*,<br><br>TELECOMMUNICATION SYSTEMS, INC.,<br><br>*Consolidated Defendant*,<br><br>and<br><br>LOCATION LABS,<br><br>*Intervenor*. | Case No. 6:11-cv-00096-LED |

## DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

Defendants AT&T Inc., AT&T Mobility LLC, MetroPCS Communications, Inc.,

MetroPCS Wireless, Inc., Cellco Partnership d/b/a Verizon Wireless, Google, Inc., and

Skyhook Wireless, Inc. (collectively, "Defendants") move for leave to amend their invalidity contentions pursuant to Patent Rule 3-6(b).

Since serving their original invalidity contentions on December 16, 2011, Defendants have been diligently pursuing additional discovery regarding certain prior art *systems already identified* in their invalidity contentions, including associated evidence of public use and/or sale of those systems, and Defendants contend that adding this further detail to their contentions should be permitted for several reasons. First, Defendants have been diligent in obtaining the additional discovery necessary to develop the prior art identified in their invalidity contentions consistent with their obligations under the Federal Rules and this Court's Local Patent Rules. Second, Plaintiff TracBeam, L.L.C ("TracBeam") will not be prejudiced by the requested amendment because TracBeam has already been provided with a draft of the amended contentions and this case is not at an advanced stage. Courts have permitted amendments to invalidity contentions in cases that were far more advanced than this one (including after claim construction). In this case, the *Markman* hearing is not until November 2012, and trial is not scheduled until November 2013. In fact, the *Markman* process has not even begun, with the Patent Rule 4-1 exchange of claim terms currently set for May 8, 2012 (see Dkt. No. 188). Notably, under the default timing of P.R. 4-1, invalidity contentions are to be served not later than 10 days before the P.R. 4-1 exchange; here, TracBeam was provided with Defendants' amended invalidity contentions 34 days prior to the current P.R. disclosure deadline.

Moreover, the information that Defendants seek to add to their contentions will be advanced by Intervenor Location Labs and newly-consolidated defendant TeleCommunication Systems, Inc. ("TCS") when they subsequently serve their own

invalidity contentions on April 30 and May 1, dates to which TracBeam agreed. TracBeam's position that the Court and jury should be required to consider *separate* sets of prior art for Defendants than for Location Labs and TCS will only serve to unnecessarily confuse this common issue. Of course, a finding that the asserted claims are invalid will inure to all parties to this case and beyond.

Because good cause exists for amending Defendants' invalidity contentions now, Defendants respectfully request that the Court grant permission to amend their contentions in the manner set forth in Exhibits 1-6.

### I.    Factual Background

Pursuant to the Court's Docket Control Order (Dkt. No. 110) and Patent Rule 3-3, Defendants timely served their invalidity contentions on December 16, 2011 (referenced herein as the "original contentions"). On January 26, 2012, TracBeam wrote to Defendants regarding alleged deficiencies in their original contentions. In particular, TracBeam alleged that the original contentions inadequately disclosed certain prior art systems because they were not charted.[1] Defendants disagreed with TracBeam's position. Rather than burden the Court with motion practice on this issue, however, Defendants provided their proposed amendment to their invalidity contentions to TracBeam on April 4, 2012, in an effort to alleviate TracBeam's expressed concern regarding the disclosure of prior art systems. TracBeam provided no substantive response to Defendants' proposed amendment but instead filed a motion to strike the

---

[1] TracBeam's January 26, 2012 letter also identified other alleged deficiencies of Defendants' original contentions. TracBeam filed a motion to strike Defendants original invalidity contentions on April 6, 2012 (Dkt. No. 199). For the reasons that will be discussed in Defendants' upcoming opposition to that motion, none of TracBeam's complaints have merit.

3

original contentions on April 6, 2012 (Dkt. No. 199), without conducting a sincere meet and confer (as will be detailed in Defendants upcoming Opposition to that motion).

The *Markman* hearing in this case is set for November 8, 2012, fact discovery does not conclude until April 26, 2013, and trial isn't scheduled to begin until November 12, 2013. (Dkt. No. 110.) Moreover, invalidity contentions have not yet been served by all parties in this case — Location Labs and TCS are not scheduled to serve their invalidity contentions until April 30, 2012 (*see* Dkt. No. 177) and May 1, 2012 (*see* Dkt. No. 189), respectively. All things considered, this case is in its relatively nascent stages.

## II.     Legal Standard

A party seeking to modify the Court's Docket Control Order must show "good cause." Fed. R. Civ. P. 16(b). Under Patent Rule 3-6(b), a party is allowed to amend its invalidity contentions "only by order of the Court, which shall be entered only upon a showing of good cause." P. R. 3-6(b). A court must consider the following factors in deciding whether a party has shown good cause to amend its invalidity contentions: (1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings. *See, e.g., S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 615 F.3d 533, 535 (5th Cir. 2003); *Cummins-Allison Corp. v. SBM Co., Ltd.*, 2009 WL 763926 at *2 (E.D. Tex. Mar. 19, 2009).

The purpose of the Patent Rules is to "further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by

ambush." *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 1368860, at *3 (N.D. Cal. June 16, 2004). *See also STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 849 (E.D. Tex. 2004). These rules prevent a party from waiting until shortly before trial to prepare its case. *See Finisar v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 901 (E.D. Tex. 2006). The Patent Rules were constructed to allow a court to uphold its duty to avoid unfairly prejudicing a party through "eleventh hour alterations." *IXYS Corp.*, 2004 WL 1368860, at *1.

**III.    Argument**

Good cause exists to allow Defendants to amend their original contentions because (1) Defendants have been diligent in their investigation, (2) the amendments are important to the Court's role as the ultimate arbitrator of the validity of U.S. patents, and (3) TracBeam will not suffer any prejudice. Again, this litigation is in its relatively early stages with one party (Location Labs) recently intervening and another (TCS) consolidated at TracBeam's behest; in fact, initial invalidity contentions have not yet been served by all parties, the *Markman* hearing is not scheduled until late this year, and trial is not scheduled until more than 18 months from now. There will simply be no prejudice to TracBeam given the current stage of this litigation, and any alleged unfairness could be easily remedied through amendments to the schedule while still keeping the same *Markman* and trial dates intact.[2]

---

[2] Defendants note that the P.R. 4-1 deadline of May 8, 2012, could be further adjusted without impacting the timing of the November 8, 2012 *Markman* hearing given that there is room in the schedule in view of the current deadlines under P.R. 4-2 (June 7, 2012) and P.R. 4-3 (July 7, 2012). (*See* Dkt. No. 110, as modified by Dkt. No. 188.) Defendants would certainly be amenable to entertaining appropriate scheduling modifications that would ameliorate any purported prejudice the proposed amendments might impose upon TracBeam.

### A.     <u>Defendants Have Been Diligent In Their Investigation of Prior Art</u>

Defendants' investigation of prior art began many months prior to their deadline to serve invalidity contentions. Defendants diligently evaluated and incorporated relevant information discovered during this investigation into their original invalidity contentions. Only a few days prior to the deadline to serve invalidity contentions, Defendants discovered, for the first time, a substantial number of additional documents relating to various prior art systems that are relevant to the asserted patents. Despite this short turnaround, Defendants disclosed the following prior art systems, along with associated documentation, in their original contentions served on December 16, 2011:

    (i) The FAA System;

    (ii) The ESL Location System;

    (iii) The Highway Master System;

    (iv) Magnavox's NAVCOM 25 System; and

    (v) The University of Calgary Loran-C/GPS System.[3]

After service of Defendants' original contentions, Defendants diligently continued their investigation of these prior art systems by identifying additional documentation regarding these systems and compiling invalidity claim charts based on all identified documentation. Defendants now seek leave to supplement their original contentions with the invalidity claim charts and the newly discovered documentation for these systems. Importantly, because each of these systems was disclosed to TracBeam in Defendants' original contentions, Defendants are *not* seeking to add additional prior art systems, but

---

[3] Each of the prior art systems that Defendants seek to supplement demonstrates that TracBeam's claimed inventions were known and/or obvious before the priority date of the asserted claims of the patents in suit. As a result, Defendants' proposed amendments to their original contentions will clarify their existing invalidity positions, as well as address one of TracBeam's complaints in its January 26, 2012 letter.

6

rather are seeking to clarify how these previously disclosed prior art systems invalidate the asserted claims.

Defendants' diligence is further emphasized by the inherent difficulty associated with charting prior art systems. Unlike prior art patents or publications where the document itself is the only evidence necessary to compile a claim chart, charting prior art systems requires a comprehensive investigation to identify all relevant evidence describing the underlying system. In view of these difficulties, Defendants clearly exercised diligence in their efforts to locate additional documentation and compile claim charts for these systems. *See, e.g., Patent Harbor, LLC v. Twentieth Century Fox Home Entertainment LLC, et al.,* Case No. 6:10-cv-00607, Dkt. No. 477 at 8 (E.D. Tex. Mar. 30, 2009) (finding good cause to amend invalidity contentions to include additional information regarding prior art systems that were previously disclosed in the defendants' original invalidity contentions).

### B. There Is No Danger of Unfair Prejudice to TracBeam

Due to the relatively early stage of this action, granting leave to Defendants to amend their original contentions will not prejudice TracBeam. Additionally, as discussed below in further detail, the amended invalidity positions requested by the instant Motion will be advanced by the recently-added parties in their upcoming invalidity contentions.

Allowing invalidity contentions to be amended seven months before the *Markman* hearing, 13 months before the close of discovery, and at least 18 months before trial cannot be considered prejudicial, "trial by ambush," or an "eleventh hour alteration" within the spirit of the patent rules. *Cf. IXYS Corp.*, 2004 WL 1368860 at *1. The availability of adequate time in the discovery period for a non-moving party to respond to

7

amended contentions has, on multiple occasions, been found to negate any potential prejudice. *See, e.g., Arbitron, Inc. v. Internat'l Demographics, Inc.*, 2008 WL 4755761 at *1 (E.D. Tex. Oct. 29, 2008) (finding no prejudice from an amendment to invalidity contentions after discovery had just begun, before any depositions had been taken, just prior to the *Markman* hearing, and seven months before trial).

Indeed, even when discovery has progressed further than in the instant case, this Court has found no prejudice to exist. *See, e.g.*, *Patent Harbor, LLC v. Twentieth Century Fox Home Entertainment LLC, et al.,* Case No. 6:10-cv-00607, Dkt. No. 477 at 8 (E.D. Tex. March 30, 2009) (finding no prejudice from an amendment to invalidity contentions after a claim construction ruling had been issued where the defendants sought to include additional information regarding prior art systems that were previously disclosed in their original invalidity contentions); *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F.Supp.2d 620, 625-26 (E.D. Tex. 2007) (finding that granting leave to amend invalidity contentions and to add an inequitable conduct defense one month before the *Markman* hearing and after the patent-holder's claim construction brief was submitted would cause no prejudice given that the patent holder had not taken a single deposition and there were four months remaining in the discovery period).

In fact, this Court has denied amendments to contentions only in extreme cases when clear prejudice existed because of the late stage of the case. *See, e.g.*, *Tyco Healthcare Group LP v. Applied Medical Resources Corp.*, 2009 WL 5824062 at *2 (E.D. Tex. March 30, 2009). Consistent with this Court's prior decisions, there can be no unfair prejudice to TracBeam when discovery is in its infancy, no depositions have been taken, and the *Markman* hearing is seven months away.

Moreover, even assuming TracBeam could identify any alleged prejudice, such prejudice could be easily remedied through amendments to the schedule while still keeping the same *Markman* and trial dates. *See MacLean-Fogg Co. v. Earon Corp.*, 2008 WL 1930299 at *2 (E.D. Tex. April 30, 2008); *Coopervision, Inc. v. CIBA Vision Corp.*, 480 F.Supp.2d 884, 890 (E.D. Tex. 2007) (granting leave to amend because "[u]nlike many cases in which leave to amend contentions is denied, this request was made months before the claim construction hearing and the deadlines for discovery on claim construction. It does not seem necessary to even consider a continuance"). Again, Defendants are open to modifying the schedule to ameliorate any timing concerns raised by TracBeam (*see, supra*, note 3), but don't believe that any concerns are legitimate under the circumstances of this consolidated litigation.

### C. These Invalidity Positions Will Be Advanced By The Recently Added Parties

The absence of any prejudice to TracBeam is further evident given that invalidity contentions have not yet been served by all parties in this case. Location Labs, Inc. and TCS have recently been added as parties in this case and are not scheduled to serve their invalidity contentions until April 30 and May 1, 2012, dates to which TracBeam agreed. The amended invalidity positions requested by the instant Motion will be advanced by the recently-added parties in their upcoming invalidity contentions, and thus, the proposed invalidity charts of the previously disclosed prior art systems will be a part of this litigation one way or another. Of course, if the asserted patents are invalidated, they will be invalid as to the public as a whole rather than a particular defendant or party. It would be nonsensical to allow certain invalidity positions to be advanced by some

defendants but not others, especially when *TracBeam* chose to sue all these parties *en masse* and pushed to have TCS consolidated into the present action.

## IV. Conclusion

Based on Defendants' demonstrated diligence in pursuing the information that is the subject of the amendments, the lack of any prejudice to TracBeam from the amendments, and the importance of the amendments, good cause exists to grant leave to Defendants to amend their invalidity contentions to add invalidity charts for five *previously disclosed* prior art systems. Defendants respectfully request the Court to issue an Order granting the same.

Dated: April 19, 2012  Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Bryant C. Boren, Jr., Lead Attorney
State Bar No. 02664100
Email: bryant.c.boren@bakerbotts.com
Christopher W. Kennerly
State Bar No. 00795077
Email: chris.kennerly@bakerbotts.com
Kevin E. Cadwell
State Bar No. 24036304
Email: kevin.cadwell@bakerbotts.com
Jon V. Swenson (pro hac vice)
jon.swenson@bakerbotts.com
**BAKER BOTTS L.L.P.**
620 Hansen Way
Palo Alto, California 94304
650.739.7501 – Voice
650.739.7601 – Facsimile

Chad C. Walters
State Bar No. 24034730
Email: chad.walters@bakerbotts.com
Ross G. Culpepper
State Bar No. 24069559
Email: ross.culpepper@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
214.953.6500 – Voice
214.953.6503 – Facsimile

*Attorneys for Defendants*
*AT&T Inc. and AT&T Mobility L.L.C.*

By: */s/ Siddhesh V. Pandit (with permission)*
E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
**POTTER MINTON, P.C.**
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846

Edward A. Pennington (pro hac vice)
Stephanie D. Scruggs (pro hac vice)
Siddhesh V. Pandit (pro hac vice)
**MURPHY & KING, P.C.**
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, DC 20007
Tel: (202) 403-2100
Fax: (202) 429-4380
eap@murphyking.com
sds@murphyking.com
svp@murphyking.com

*Attorneys for Defendants*
*MetroPCS Communications, Inc. and MetroPCS*
*Wireless, Inc.*

By: */s/ Vincent J. Belusko (with permission)*
Vincent J. Belusko (pro hac vice) (lead attorney)
vbelusko@mofo.com
Martin M. Noonen (pro hac vice)
mnoonen@mofo.com
Alex S. Yap (pro hac vice)
ayap@mofo.com
Jason J. Lee (pro hac vice)
jlee@mofo.com
**MORRISON & FOERSTER LLP**
555 West Fifth Street
Los Angeles, California 90013-1024
(213) 892-5200 (telephone)
(213) 892-5454 (facsimile)

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
(903) 597-8311 (telephone)
(903) 593-0846 (facsimile)

*Attorneys for Defendant*
*Cellco Partnership d/b/a Verizon Wireless*

By: */s/ Alan D Albright (with permission)*
Alan D Albright
State Bar No. 00973650
Benjamin L. Bernell
State Bar No. 24059451
**Bracewell & Giuliani LLP**
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Tel: 512-472-7800
Fax: 800-404-3970
alan.albright@bgllp.com
ben.bernell@bgllp.com

Christopher Schenck
Admitted Pro Hac Vice
**Bracewell & Giuliani LLP**
701 Fifth Avenue, Suite 6200
Seattle, Washington 98104
Tel: 206-204-6200
Fax: 800-404-3970
chris.schenck@bgllp.com

Robert C. Bertin
Admitted Pro Hac Vice
Susan Baker Manning
Admitted Pro Hac Vice
**Bingham McCutchen LLP**
2020 K Street NW
Washington, DC 20003-1806
Tel: 202-373-6000
Fax: 202-373-6001
r.bertin@bingham.com
susan.manning@bingham.com

Michael E Jones
State Bar No. 10929400
**Potter Minton PC**
110 N. College, Suite 500
Tyler, Texas 75710-0359
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

*Attorneys for Defendant*
*Google, Inc.*

By:   */s/ Cynthia D. Vreeland (with permission)*
       Cynthia D. Vreeland
       Peter M. Dichiara
       John V. Hobgood
       Joshua L. Stern
       **WILMER CUTLER PICKERING HALE & DORR LLP**
       60 State Street
       Boston, MA 02109
       Phone: (617) 526-6000
       Fax: (617) 526-5000
       cynthia.vreeland@wilmerhale.com
       peter.dichiara@wilmerhale.com
       john.hobgood@wilmerhale.com
       joshua.stern@wilmerhale.com

       Wesley Hill
       Tex. Bar No. 24032294
       **WARD & SMITH LAW FIRM**
       111 W. Tyler St.
       Longview, Texas 75601
       Telephone: (903) 757-6400
       Fax: (903) 757-2323
       Email: wh@wsfirm.com

       *Attorneys for Defendant*
       *Skyhook Wireless, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 19, 2012.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly

**CERTIFICATE OF CONFERENCE**

Undersigned counsel certifies that it has complied with the meet and confer requirement set forth in Local Rule CV-7(h) by discussing this motion via telephone conference with counsel for Plaintiff on March 26, 2012. The participants of the telephone conference were: Jonathan Gottfried, Julien Adams, and Elizabeth DeRieux for Plaintiff; Jon Swenson and Trey Yarbrough for Defendant AT&T; Martin Noonen and Mike Jones for Defendant Cellco; Sid Pandit, Ed Pennington, Stephanie Scruggs, and Glenn Thames for Defendant MetroPCS; Mike Jones for Defendant Google; and Joshua Stern for Defendant Skyhook. The parties were unable to reach an agreement regarding the propriety of the relief sought by this motion and have conclusively ended in an impasse, leaving an open issue for the Court to resolve. Counsel for Plaintiff has indicated Plaintiff's opposition to this motion.

*/s/ Jon V. Swenson*
Jon V. Swenson

*/s/ Trey Yarbrough*
Trey Yarbrough