# EXHIBIT A

# BAKER BOTTS L.L.P.

August 31, 2012

**VIA ECF**

Hon. Judge Leonard Davis
United States District Court
Eastern District of Texas
211 W. Ferguson Third Floor
Tyler, Texas 75702

1001 Page Mill Road
Building One, Suite 200
PALO ALTO, CALIFORNIA
94304-1014

TEL +1 650.739.7500
FAX +1 650.739.7699
www.bakerbotts.com

Christopher W. Kennerly
TEL: 650.739.7502
FAX: 650.739.7602
chris.kennerly@bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
**PALO ALTO**
RIYADH
WASHINGTON

Re: *TracBeam LLC v. AT&T Inc. et al.,* C.A. No. 6:11-CV-00096 in the U.S. District Court for the Eastern District of Texas, Tyler Division

Dear Honorable Judge Davis:

Defendants[1] respectfully request the Court's permission to file a motion for summary judgment of invalidity based on indefiniteness of certain asserted claims of U.S. Patent Nos. 7,764,231 (the "'231 Patent") and 7,525,484 (the "'484 Patent").[2] While the sheer length and amorphous terminology of the 11 asserted independent claims renders them all incredibly difficult to follow, certain terms are so vague as to render them insolubly ambiguous.[3]

Defendants have focused on a few of the myriad deficiencies identified in their Invalidity Contentions as clear candidates for indefiniteness under 35 U.S.C. § 112, ¶ 2. First, independent Claim 1 of the '231 Patent is indefinite because the "when available" limitations are insolubly ambiguous. Second, independent Claim 185 of the '231 Patent is indefinite because it is impossible to determine which mobile stations make up the set of mobile stations designated as '$M_p$' in that claim. Third, independent Claim 27 of the '484 Patent and independent Claim 10 of the '231 Patent are indefinite because: (a) it is impossible to distinguish between the scope of the claimed "input requests" and "location requests"; and (b) the phrase "wherein for at least one of said first and second output criteria there is an output criteria for another of the location requests that is different from said at least one output criteria" is insolubly ambiguous.[4]

## I. The "when available" limitations of Claim 1 of the '231 Patent are insolubly ambiguous

Claim 1 of the '231 Patent is invalid as indefinite under 35 U.S.C. § 112, ¶ 2 because the "when available" limitations are insolubly ambiguous. For example, Claim 1 requires *location related information* to be *received* from location estimation determiners *that provide geographical indications* of the location of a mobile station. Claim 1 then recites that "when available," the location related information includes a geographical indication of the location of the mobile station. However, it is impossible to determine whether the "when available"

---

[1] This letter brief is being filed on behalf of all parties identified in the signature block at the end of this letter.

[2] In view of the September 25, 2012 deadline for filing a motion for summary judgment of indefiniteness that was set by the Court (D.I. 110), Defendants would respectfully appreciate the Court's decision on this request to file a motion for summary judgment of indefiniteness as far in advance of the September 25, 2012 deadline as possible.

[3] *See Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005) ("claims 'not amenable to construction' or 'insolubly ambiguous' are indefinite") (citations omitted).

[4] Because the above-identified independent claims are invalid for indefiniteness under § 112, ¶ 2, all claims depending therefrom are similarly invalid as indefinite as a matter of law.

language refers to the "location related information" or the "geographical indication." Moreover, it is insolubly ambiguous how information that has been received in the claimed method could possibly be unavailable. The following are the relevant limitations of '231 Claim 1:

> **receiving** *first and second **location related information***, respectively, *from computational machinery performing* first and second mobile station location estimation determiners, wherein *said location estimation determiners provide different **geographical indications** of an unknown location of said mobile station M* when said location estimation determiners are supplied with corresponding input data obtained using wireless signal measurements obtained by transmissions between said mobile station M and the communication stations;
>
> wherein, **when available**, the *first location related information* includes at least a *first geographical indication* for a location of the mobile station M;
>
> wherein, **when available**, the *second location related information* includes at least a *second geographical indication* for the location of the mobile station M; …

From a grammatical perspective, the "when available" language appears to refer to the availability of the "first and second location related information" rather than the availability of the first and second "geographical indication[s]." However, a closer look at Claim 1 and its dependent claims reveals that it is impossible to ascertain which claim elements are actually modified by the "when available" language. For example, dependent Claim 212 requires the use of a coverage area technique when the first location related information is "***unavailable***," which strongly suggests that the "when available" recitations in Claim 1 do indeed refer to the "first and second location related information."[5] Dependent Claim 217, on the other hand, states that the first geographical indication is not always available, which suggests that the "when available" language from Claim 1 is actually referring to the first and second "geographical indication[s]."[6] These dependent claims provide conflicting guidance on the proper interpretation of the ambiguous "when available" claim language.

Moreover, regardless of whether the "when available" language modifies the "location related information" or the "geographical indications," Claim 1 is still indefinite because it is insolubly ambiguous how either of those claim elements could possibly be "unavailable" when they have both been received in the claimed method.[7] The only potentially reasonable interpretation of the "when available" language of Claim 1 is that it is superfluous, and that the "location related information" and "geographical indications" are *always* available. However, as

---

[5] Claim 212 recites: "wherein … said first location estimation determiner is provided by computational machinery performing *a coverage area location technique* …, wherein the estimated location is included in the resulting location estimate of the mobile station M *when the first location related information is unavailable* or unsatisfactory for the location L."

[6] Claim 217 recites: "wherein for at least one occurrence of locating one of the mobile stations for being M, *the first geographical indication is not obtained* …."

[7] Claim 1 explicitly requires *receiving* the "first and second location related information." Moreover, it is clear that the "geographical indications" are also received as part of the "first and second location related information." For example, the "first and second location related information" are received from location estimation determiners that "provide different *geographical indications*" of the location of the mobile station.

discussed above, that interpretation is undermined by dependent Claims 212 and 217, which specifically provide for situations when the "location related information" or "geographical indications" are *not available*. Accordingly, the scope of the "when available" language is insolubly ambiguous, rendering Claim 1 indefinite.

**II.   Claim 185 of the '231 Patent is indefinite because it is impossible to determine which mobile stations make up the set of mobile stations designated as '$M_p$'**

Claim 185 of the '231 Patent is invalid as indefinite under § 112, ¶ 2 because it is impossible to determine which mobile stations make up the set of mobile stations designated as $M_p$ in this claim. While Claim 185 purports to recite four sets of mobile stations designated as $M_n$, $M_i$, $M_k$, and $M_p$, it does so in an ambiguous and confusing manner, rendering the mobile stations identified as $M_p$ indefinite. To illustrate, Claim 185 purports to define the following sets of mobile stations:

- mobile stations $M_n$, which represent a plurality of mobile stations whose locations have been requested;

- mobile stations $M_i$, which represent the subset of mobile stations $M_n$ whose location information is determined using transmitting stations not supported on the Earth's surface (*e.g.*, satellites);

- mobile stations $M_k$, which represent the subset of mobile stations $M_n$ whose location information is dependent upon the location of one or more communication stations;

- mobile station $M_p$, whose scope is insolubly ambiguous.

The following is the relevant portion of Claim 185 regarding the mobile stations designated as $M_p$:

> (C) wherein for at least *one mobile station ($M_p$)* of the *mobile stations $M_k$* and the corresponding location for *$M_p$* according to (B) above, *the location indicative data for $\underline{M_n}$ is not obtained* using geographic data indicative of a spatial range between the mobile station *$M_p$* and one or more transmitting stations above and not supported on the Earth's surface, wherein the geographic data would have to be determined using signals received at the mobile station *$M_p$* from the one or more transmitting stations.

While this claim element purports to identify mobile station $M_p$ in relation to mobile stations $M_k$ and $M_n$, it is impossible to actually identify which mobile stations are being referenced by $M_p$ and $M_n$. For example, Claim 185 generally identifies $M_p$ as being from the set of mobile stations $M_k$. But this claim then proceeds to further identify $M_p$ by explaining that for mobile station $M_p$, the location indicative data for *another* mobile station — mobile station $M_n$ — is not obtained using certain geographic data relating to mobile station $M_p$.[8] This is horribly confusing and

---

[8] Moreover, even the manner in which Claim 185 requires the location indicative data of the unidentifiable mobile station $M_n$ not to be obtained is insolubly ambiguous. While Claim 185 requires the location indicative data for $M_n$ not to be obtained using geographic data associated with transmitting stations above and not supported on the Earth's surface (*e.g.*, satellites), it also states that the geographic data would *have* to be obtained using these same transmitting stations. Thus, Claim 185 inconsistently requires the same mobile station $M_n$ to be located both with and without using transmitting stations not supported on the Earth's surface.

plainly ambiguous. For example, while Claim 185 purports to identify mobile station $M_p$ in relation to mobile station $M_n$, mobile station $M_n$ includes all mobile stations whose locations have been requested, and it is impossible to ascertain which mobile station $M_n$ is actually being referenced. Consequently, it is also impossible to identify mobile station $M_p$ since mobile station $M_p$ is identified in relation to the unidentifiable mobile station $M_n$. Claim 185 is thus invalid for indefiniteness.

### III. Claim 27 of the '484 Patent and Claim 10 of the '231 Patent are indefinite

#### A. It is impossible to distinguish between "input requests" and "location requests"

Claim 27 of the '484 Patent and Claim 10 of the '231 Patent are invalid as indefinite under § 112, ¶ 2 because it is impossible to distinguish between the scope of the recited "input requests" and "location requests." The following is the relevant portion of Claim 27:

> *receiving,* from a plurality of *location requesting sources*, a plurality of **input requests** for locations of the mobile stations, …;
>
> *for each of the* **input requests**, *providing* one or more **location requests** for location information, related to a location of one of said mobile stations, *to one or more mobile station location determining sources*;
>
> *first obtaining, in response to* a first of *the* **location requests** *received from a first of the requesting sources*, at least first location information of a first location of a first of said mobile stations, …;
>
> *second obtaining, in response to* a second of *the* **location requests** *received from a second of the requesting sources*, at least second location information of a second location of a second of said mobile stations ….

Thus, Claim 27 initially requires (i) *receiving* **input requests** from *location requesting sources*, and (ii) in response to each received input request, *providing* **location requests** to *location determining sources*. Claim 27 subsequently refers to the **location requests** as being *received* from the *location requesting sources*. It is the "input requests," however, that were initially described as being received from the "location requesting sources," while the "location requests" were initially described as being provided to the "location determining sources" in response to each input request. Thus, while it is evident that the "input requests" and "location requests" were intended to have different meanings, the confusingly inconsistent language in '484 Claim 27 makes it impossible to distinguish between these separate claim terms.

Claim 27 includes other inconsistent language which further muddles the differences between the recited "input requests" and "location requests." For example, Claim 27 simply refers to the "first request" and "second request" with conflicting indications of whether the claim is referring to the "input requests" or the "location requests."[9]

---

[9] *Cf.* Manual of Patent Examination and Procedure § 2173.05(e) ("Similarly, if two different levers are recited earlier in the claim, the recitation of 'said lever' in the same or subsequent claim would be unclear where it is uncertain which of the two levers was intended.").

Honorable Judge Davis                              Page 5

Claim 10 of the '231 Patent suffers from the same maladies as Claim 27 of the '484 Patent. Because it is impossible to distinguish between the scope of the recited "input requests" and "location requests," these two independent claims are invalid for indefiniteness.

      **B.    The phrase "wherein for at least one of said first and second output criteria there is an output criteria for another of the location requests that is different from said at least one output criteria" is insolubly ambiguous**

Claim 27 of the '484 Patent and Claim 10 of the '231 Patent are also indefinite because the recited phrase "wherein for at least one of said first and second output criteria there is an output criteria for another of the location requests that is different from said at least one output criteria" is insolubly ambiguous. This is an independent basis for invalidating these two claims under § 112, ¶ 2.

For example, '484 Claim 27 recites "determining … first output location data according to a first output criteria" and then "determining … second output location data according to a second output criteria." Claim 27 then recites that "for at least one of the first and second output criteria, there is an output criteria for another of the location requests that is *different* from said at least one output criteria." However, it is left unexplained what constitutes a "*different*" output criteria. It is unclear whether the "different" output criteria must be a different *type* of criteria (*e.g.*, accuracy criteria vs. granularity criteria), or whether it could be the same type of criteria but with a different *value* (*e.g.*, accuracy criteria of within 30 meters vs. accuracy criteria of within 100 meters).

This phrase is also insolubly ambiguous given that it is unclear whether the "different" output criteria is associated with, or a part of, the first or second output criteria. Relatedly, while this phrase recites that "*there* is an output criteria," it is unclear as to exactly *where* this different output criteria resides, is accessed, or received.

Taken as a whole, this phrase provides no meaningful metes and bounds for determining the scope of Claim 27 of the '484 Patent. Claim 10 of the '231 Patent recites the same language and suffers from the same infirmities, and is invalid for the same reasons.

**IV.    Conclusion**

For the above reasons, the Court should grant Defendants permission to file a motion for summary judgment on each of the above-described indefiniteness issues.

                                                                          Very truly yours,

                                                                          Christopher W. Kennerly

Dated: August 31, 2012　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　By:　　*/s/ Christopher W. Kennerly*
　　　　　　　　　　　　　　　　　　Bryant C. Boren, Jr., Lead Attorney
　　　　　　　　　　　　　　　　　　State Bar No. 02664100
　　　　　　　　　　　　　　　　　　Email: bryant.c.boren@bakerbotts.com
　　　　　　　　　　　　　　　　　　Christopher W. Kennerly
　　　　　　　　　　　　　　　　　　State Bar No. 00795077
　　　　　　　　　　　　　　　　　　Email: chris.kennerly@bakerbotts.com
　　　　　　　　　　　　　　　　　　Kevin E. Cadwell
　　　　　　　　　　　　　　　　　　State Bar No. 24036304
　　　　　　　　　　　　　　　　　　Email: kevin.cadwell@bakerbotts.com
　　　　　　　　　　　　　　　　　　Jon V. Swenson (pro hac vice)
　　　　　　　　　　　　　　　　　　jon.swenson@bakerbotts.com
　　　　　　　　　　　　　　　　　　**BAKER BOTTS L.L.P.**
　　　　　　　　　　　　　　　　　　1001 Page Mill Road
　　　　　　　　　　　　　　　　　　Building One, Suite 200
　　　　　　　　　　　　　　　　　　Palo Alto, California 94304
　　　　　　　　　　　　　　　　　　650.739.7501 – Voice
　　　　　　　　　　　　　　　　　　650.739.7601 – Facsimile

　　　　　　　　　　　　　　　　　　Chad C. Walters
　　　　　　　　　　　　　　　　　　State Bar No. 24034730
　　　　　　　　　　　　　　　　　　Email: chad.walters@bakerbotts.com
　　　　　　　　　　　　　　　　　　Ross G. Culpepper
　　　　　　　　　　　　　　　　　　State Bar No. 24069559
　　　　　　　　　　　　　　　　　　Email: ross.culpepper@bakerbotts.com
　　　　　　　　　　　　　　　　　　**BAKER BOTTS L.L.P.**
　　　　　　　　　　　　　　　　　　2001 Ross Avenue
　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　214.953.6500 – Voice
　　　　　　　　　　　　　　　　　　214.953.6503 – Facsimile

　　　　　　　　　　　　　　　　　　Trey Yarbrough
　　　　　　　　　　　　　　　　　　State Bar No. 22133500
　　　　　　　　　　　　　　　　　　Debby E. Gunter
　　　　　　　　　　　　　　　　　　State Bar No. 24012752
　　　　　　　　　　　　　　　　　　YARBROUGH ♦ WILCOX, PLLC
　　　　　　　　　　　　　　　　　　100 E. Ferguson St., Ste. 1015
　　　　　　　　　　　　　　　　　　Tyler, TX 75702
　　　　　　　　　　　　　　　　　　(903) 595-3111
　　　　　　　　　　　　　　　　　　Fax: (903) 595-0191
　　　　　　　　　　　　　　　　　　trey@yw-lawfirm.com
　　　　　　　　　　　　　　　　　　debby@yw-lawfirm.com

　　　　　　　　　　　　　　　　　　***Attorneys for Defendants***
　　　　　　　　　　　　　　　　　　***AT&T Inc. and AT&T Mobility L.L.C.***

By:   */s/ Siddhesh V. Pandit (with permission)*
E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
**POTTER MINTON, P.C.**
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846

Edward A. Pennington (pro hac vice)
Stephanie D. Scruggs (pro hac vice)
Siddhesh V. Pandit (pro hac vice)
**MURPHY & KING, P.C.**
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, DC 20007
Tel: (202) 403-2100
Fax: (202) 429-4380
eap@murphyking.com
sds@murphyking.com
svp@murphyking.com

*Attorneys for Defendants*
*MetroPCS Communications, Inc. and*
*MetroPCS Wireless, Inc.*

*Attorneys for Consolidated Defendant*
*TeleCommunication Systems, Inc.*

By:	*/s/ Vincent J. Belusko (with permission)*
Vincent J. Belusko (pro hac vice)
vbelusko@mofo.com
Martin M. Noonen (pro hac vice)
mnoonen@mofo.com
Alex S. Yap (pro hac vice)
ayap@mofo.com
Jason J. Lee (pro hac vice)
jlee@mofo.com
**MORRISON & FOERSTER LLP**
555 West Fifth Street
Los Angeles, California 90013-1024
(213) 892-5200 (telephone)
(213) 892-5454 (facsimile)

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
(903) 597-8311 (telephone)
(903) 593-0846 (facsimile)

*Attorneys for Defendant*
*Cellco Partnership d/b/a Verizon Wireless*

By:   */s/ Alan D Albright (with permission)*
Alan D Albright
State Bar No. 00973650
Benjamin L. Bernell
State Bar No. 24059451
**Bracewell & Giuliani LLP**
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Tel: 512-472-7800
Fax: 800-404-3970
alan.albright@bgllp.com
ben.bernell@bgllp.com

Christopher Schenck
Admitted Pro Hac Vice
**Bracewell & Giuliani LLP**
701 Fifth Avenue, Suite 6200
Seattle, Washington 98104
Tel: 206-204-6200
Fax: 800-404-3970
chris.schenck@bgllp.com

Robert C. Bertin
Admitted Pro Hac Vice
Susan Baker Manning
Admitted Pro Hac Vice
**Bingham McCutchen LLP**
2020 K Street NW
Washington, DC 20003-1806
Tel: 202-373-6000
Fax: 202-373-6001
r.bertin@bingham.com
susan.manning@bingham.com

Michael E Jones
State Bar No. 10929400
**Potter Minton PC**
110 N. College, Suite 500
Tyler, Texas 75710-0359
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

*Attorneys for Defendant Google, Inc.*

By:    */s/ Cynthia D. Vreeland (with permission)*
Cynthia D. Vreeland
Peter M. Dichiara
John V. Hobgood
Joshua L. Stern
**WILMER CUTLER PICKERING HALE & DORR LLP**
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Fax: (617) 526-5000
cynthia.vreeland@wilmerhale.com
peter.dichiara@wilmerhale.com
john.hobgood@wilmerhale.com
joshua.stern@wilmerhale.com

Wesley Hill
Tex. Bar No. 24032294
**WARD & SMITH LAW FIRM**
111 W. Tyler St.
Longview, Texas 75601
Telephone: (903) 757-6400
Fax: (903) 757-2323
Email: wh@wsfirm.com

***Attorneys for Defendant Skyhook Wireless, Inc.***

By: */s/ Mark L. Hogge (with permission)*
Mark L. Hogge (DC Bar No. 404882)
Admitted to Eastern District of Texas
SNR Denton US LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
Telephone: (202) 408-6400
Facsimile: (202) 408-6399
Email: mark.hogge@snrdenton.com

Shailendra K. Maheshwari (DC Bar No. 484966)
Admitted to Eastern District of Texas
shailendra.maheswari@snrdenton.com
**SNR DENTON US LLP**
1301 K Street, N.W., Suite 600
Washington, D.C. 20005
Telephone: (202) 408-6400
Facsimile: (202) 408-6399

Imran A. Khaliq (CA Bar No. 232607)
Admitted Pro Hac Vice
imran.khaliq@snrdenton.com
**SNR DENTON US LLP**
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0329
Facsimile: (650) 798-0310

***Attorneys for Intervenor***
***Location Labs***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 31, 2012.

                                           */s/ Christopher W. Kennerly*
                                           Christopher W. Kennerly