## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| TRACBEAM, L.L.C., | **Case No. 6:11-cv-00096-LED** |
| *Plaintiff*, | |
| v. | **JURY TRIAL DEMANDED** |
| AT&T INC.; AT&T MOBILITY L.L.C.; METROPCS COMMUNICATIONS, INC.; METROPCS WIRELESS, INC.; TEXAS RSA 7B3, L.P. d/b/a PEOPLES WIRELESS SERVICES; SPRINT NEXTEL CORPORATION; SPRINT SPECTRUM L.P.; NEXTEL OF CALIFORNIA, INC.; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC.; NEXTEL OF NEW YORK, INC.; NEXTEL SOUTH CORP.; NEXTEL OF TEXAS, INC.; NEXTEL WEST CORP.; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; GOOGLE, INC.; and SKYHOOK WIRELESS, INC., | |
| *Defendants*, | |
| TELECOMMUNICATION SYSTEMS, INC., | |
| *Consolidated Defendant*, | |
| and | |
| LOCATION LABS, | |
| *Intervenor*. | |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY BASED ON INDEFINITENESS

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ...................................................................................................1

II.  STATEMENT OF ISSUES .....................................................................................1

III.  STATEMENT OF UNDISPUTED MATERIAL FACTS .................................2

IV.  LEGAL STANDARD.............................................................................................2

V.  ARGUMENT...........................................................................................................3

    A.  The "when available" limitations of Claim 1 of the '231 Patent are
insolubly ambiguous ......................................................................................3

    B.  Claim 185 of the '231 Patent is indefinite because there is no way to
determine which mobile stations make up the set of mobile stations
designated as "$M_p$".........................................................................................5

    C.  Claim 27 of the '484 Patent and Claim 10 of the '231 Patent are indefinite ...........7

        1.  There is no way to distinguish between the "input requests" and
the "location requests" .................................................................................7

        2.  The phrase "wherein for at least one of said first and second output
criteria there is an output criteria for another of the location
requests that is different from said at least one output criteria" is
insolubly ambiguous ...................................................................................10

VI.  CONCLUSION.......................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ariba, Inc. v. Emptoris, Inc.*,
   2008 U.S. Dist. LEXIS 59862 (E.D. Tex. Aug. 7, 2008) ........................................................1

*Datamize, L.L.C. v. Plumtree Software, Inc.*,
   417 F.3d 1342 (Fed. Cir. 2005)...................................................................................1, 2

*Halliburton Energy Servs., Inc. v. M-I LLC*,
   514 F.3d 1244 (Fed. Cir. 2008)...........................................................................................2

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,
   430 F.3d 1377 (Fed. Cir. 2005)...........................................................................................2

*Morton Int'l, Inc. v. Cardinal Chem. Co.*,
   5 F.3d 1464 (Fed. Cir. 1993)..............................................................................................2

*Mossman v. Broderbund Software, Inc.*,
   1999 U. S. Dist. LEXIS 8014 (E.D. Mich. May 18, 1999)....................................................1

STATUTES

35 U.S.C. §112, ¶ 2 ...................................................................................................... passim

OTHER AUTHORITIES

Fed. R. Civ. P. 56 ..................................................................................................................1

M.P.E.P. § 2173.05(e).............................................................................................................9

## TABLE OF EXHIBITS AND APPENDICES[1]

**Exhibit 1**    U.S. Patent No. 7,764,231

**Exhibit 2**    U.S. Patent No. 7,525,484

**Exhibit 3**    Expert Declaration of Dr. Vijay Madisetti

* * * * *

**Appendix A**    Text of Relevant Claims (with highlights)

---

[1] Each of these Exhibits and the Appendix are attached to the concurrently filed Declaration of Jon V. Swenson ("Swenson Decl.").  The Exhibits will be referenced as "Ex. [#]" in this Motion.

## I.      INTRODUCTION

Pursuant to Fed. R. Civ. P. 56 and the Court's Order granting permission (Dkt. No. 311),

Defendants[2] move for partial summary judgment of invalidity based on indefiniteness of asserted

Claims 1, 10, and 185 of U.S. Patent No. 7,764,231 (the "'231 Patent") and asserted Claim 27 of

U.S. Patent No. 7,525,484 (the "'484 Patent") (and thus their respective dependent claims).[3]

Those claims are indefinite (and therefore invalid under 35 U.S.C. § 112, ¶ 2) because they

include certain terms and phrases that are so vague as to render the claims insolubly ambiguous

to a person of ordinary skill in the art at the time the patent applications were filed.

## II.     STATEMENT OF ISSUES

1.  Whether independent Claim 1 of the '231 Patent is indefinite because the "when available" limitations are insolubly ambiguous.

2.  Whether independent Claim 185 of the '231 Patent is indefinite because there is no way to determine which mobile stations make up the set of mobile stations designated as "$M_p$."

3.  Whether independent Claim 27 of the '484 Patent and independent Claim 10 of the '231 Patent are indefinite because there is no way to distinguish between the "input requests" and "location requests."

4.  Whether independent Claim 27 of the '484 Patent and independent Claim 10 of the '231 Patent are indefinite because the phrase "wherein for at least one of said first and second output criteria there is an output criteria for another of the location requests that is different from said at least one output criteria" is insolubly ambiguous.

---

[2] This Motion is filed on behalf of AT&T Inc. and AT&T Mobility LLC ("AT&T"), MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. ("MetroPCS"), Cellco Partnership ("Cellco"), Google, Inc. ("Google"), Skyhook Wireless, Inc. ("Skyhook"), TeleCommunication Systems, Inc. ("TCS"), and Location Labs.  Each Defendant moves for summary judgment only with respect to the implicated claims in this Motion asserted against that Defendant.  However, no Defendant opposes this Motion with respect to the implicated claims not asserted against it.  Due to the summary judgment page limitations coupled with the sheer length of the claims and the patents in suit, Defendants are focusing this Motion on the clearest candidates for invalidity under § 112, ¶ 2; Defendants reserve all rights to raise additional indefiniteness arguments identified in their Invalidity Contentions at an appropriate juncture in this case.

[3] Of course, a determination that an independent claim is invalid for indefiniteness also invalidates all claims depending therefrom under § 112, ¶ 2.  *See, e.g., Mossman v. Broderbund Software, Inc.*, 1999 U. S. Dist. LEXIS 8014, *24 (E.D. Mich. May 18, 1999) ("Claim 1 of the '173 patent is therefore fatally indefinite.  Because claim 1 fails, so to does claims 2-4 which depend on claim 1.").  *Accord Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347, 1356 (Fed. Cir. 2005); *Ariba, Inc. v. Emptoris, Inc.*, 2008 U.S. Dist. LEXIS 59862, *24-25 (E.D. Tex. Aug. 7, 2008).

## III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

The undisputed material facts are the language of the claims and the content of the specifications of the '231 and '484 Patents.  (*See* Swenson Decl., Appendix A.)[4]

## IV.    LEGAL STANDARD

Patent claims must be sufficiently definite such that a person of ordinary skill in the art can understand what is claimed, and potential competitors can determine whether or not they are infringing.  35 U.S.C. § 112 ¶ 2; *Morton Int'l, Inc. v. Cardinal Chem. Co.*, 5 F.3d 1464, 1470 (Fed. Cir. 1993).  A claim is indefinite if it is "not amenable to construction." *Datamize, L.L.C. v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005).  In other words, a claim is indefinite if "a skilled artisan could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area." *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249-50 (Fed. Cir. 2008).

Indefiniteness is a question of law for the court to decide as part of its duty to construe the claims.  *See IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005).  If even a single phrase renders a claim indefinite, that claim and every claim depending from it are invalid.  *See, e.g., Halliburton*, 514 F.3d at 1249; *Datamize*, 417 F.3d at 1356.  Where the claims are not sufficiently precise, summary judgment of invalidity based on indefiniteness is required as a matter of law.  *Id.*

---

[4] For the Court's convenience, the relevant claims are reproduced in Appendix A with highlighted text and labels for each claim element.  Where appropriate, this Motion references specific claim elements using the labels from Appendix A.  Throughout this Motion, quoted language from the claims may be highlighted for emphasis.

## V.    ARGUMENT

### A. The "when available" limitations of Claim 1 of the '231 Patent are insolubly ambiguous

Claim 1 of the '231 Patent is invalid as indefinite under § 112, ¶ 2 because the "when available" limitations are insolubly ambiguous.  Claim 1 requires "*location related information*" to be *received* from location estimation determiners *that provide "geographical indications*" of the location of a mobile station.   Claim 1 subsequently recites that "when available," the "location related information" includes a "geographical indication" for a location of the mobile station.   However, there is no way to determine whether the "when available" language refers to the "location related information" or the "geographical indication."    Moreover, regardless of which of those items the "when available" language does refer to, it is insolubly ambiguous how either of those items could possibly be *unavailable* when they have both *already been received* in the claimed method.

The following are the relevant limitations of Claim 1 of the '231 Patent:[5]

> *receiving first and second <u>location related information</u>, respectively, from computational machinery performing* first and second mobile station location estimation determiners, wherein *said location estimation determiners provide different <u>geographical indications</u> of an unknown location of said mobile station M* when said location estimation determiners are supplied with corresponding input data obtained using wireless signal measurements obtained by transmissions between said mobile station M and the communication stations;
>
> wherein, <u>*when available,*</u> *the first <u>location related information</u> includes at least a first <u>geographical indication</u>* for a location of the mobile station M; [and]
>
> wherein, <u>*when available,*</u> *the second <u>location related information</u> includes at least a second <u>geographical indication</u>* for the location of the mobile station M;
> ….

From a grammatical perspective, "when available" appears to refer to the availability of the "first and second location related information" since either the "first location related

---

[5] *See* Appendix A, claim elements 1(b, c, d) (emphasis added).

information" or the "second location related information" immediately follow it.  Based on a closer look at Claim 1 and its dependent claims, however, there is no way to ascertain what claim language "when available" is intended to modify.  For example, dependent Claim 212 requires using a coverage area technique "when the first location related information is *unavailable*," which suggests that "when available" in Claim 1 does indeed refer to the first and second "location related information."[6]  Dependent Claim 217, on the other hand, makes evident that the first geographical indication is not always available, suggesting that "when available" in Claim 1 is actually referring to the first and second "geographical indication[s]."[7]  These dependent claims provide conflicting guidance on the proper interpretation of the ambiguous "when available" recitations.

Moreover, irrespective of the ambiguity in whether "when available" modifies the "location related information" or the "geographical indications," Claim 1 is also indefinite because it is insolubly ambiguous how either of those claim terms could possibly be "unavailable" when they have both *already been received* in the claimed method.[8]  There is no way to determine the scope of the claim without knowing how something that was clearly present, received, and required by the claim (*i.e.*, the "location related information" and the "geographical indication[s]") subsequently becomes *unavailable*.

---

[6] Claim 212 recites:  "wherein … said first location estimation determiner is provided by computational machinery performing *a coverage area location technique* …, wherein the estimated location is included in the resulting location estimate of the mobile station M *when the first location related information is unavailable* or unsatisfactory for the location L."  *See* Appendix A, Claim 212 (emphasis added).

[7] Claim 217 recites:  "wherein for at least one occurrence of locating one of the mobile stations for being M, *the first geographical indication is not obtained* …."  *See* Appendix A, Claim 217 (emphasis added).

[8] Claim 1 requires *receiving* the "first and second location related information."  Moreover, given that the "geographical indications" are provided as part of the received "first and second location related information," they must be received as well.  For example, the "first and second location related information" are received from location estimation determiners that "provide different *geographical indications*" of the location of the mobile station.  *See* Appendix A, claim element 1(b) (emphasis added).

Accordingly, the scope of the "when available" language is insolubly ambiguous, rendering Claim 1 of the '231 Patent indefinite.

### B. Claim 185 of the '231 Patent is indefinite because there is no way to determine which mobile stations make up the set of mobile stations designated as "$M_p$"

Claim 185 of the '231 Patent is invalid as indefinite because there is no way to determine which mobile stations make up the set of mobile stations designated as "$M_p$."  Element (C) of Claim 185 contains the relevant claim language regarding the mobile stations designated as "$M_p$":

> (C) wherein *for at least one mobile station ($M_p$)* of the *mobile stations $M_k$* and the corresponding location for $M_p$ according to (B) above, *the location indicative data for $M_n$ is not obtained* using geographic data indicative of a spatial range between the mobile station $M_p$ and one or more transmitting stations above and not supported on the Earth's surface, wherein *the geographic data would have to be determined* using signals received at the mobile station $M_p$ from the one or more transmitting stations.[9]

This language is so obscure that coherently articulating its particular infirmities is even a challenge.  Nonetheless, at a high level this claim language is indefinite because of numerous deficiencies that render it impossible to identify the mobile stations referenced as $M_p$.

To provide context, the following sets of mobile stations are identified throughout Claim 185 (which Defendants have mapped into the diagram below):

- mobile stations $M_n$, which represent a plurality of mobile stations whose locations have been requested;
- mobile stations $M_i$, which represent the subset of mobile stations $M_n$ whose locations are determined using transmitting stations not supported on the Earth's surface (*e.g.*, satellites);
- mobile stations $M_k$, which represent the subset of mobile stations $M_n$ whose locations are determined using one or more terrestrial communication stations; and
- mobile station(s) $M_p$, which are insolubly ambiguous.

---

[9] *See* Appendix A, claim element 185(j) (emphasis added).



Element (C) of Claim 185 begins by identifying mobile station $M_p$ as being from the set of mobile stations $M_k$. But Element (C) then further identifies mobile station $M_p$ by explaining that the location indicative data of another mobile station — mobile station $M_n$ — is *not* obtained using certain geographic data relating to mobile station $M_p$. This is confusing and ambiguous. For example, there is no way to identify which mobile station $M_n$ is being referenced, since mobile stations $M_n$ represent *all* mobile stations whose locations have been requested. Moreover, it makes no sense how mobile station $M_p$ could possibly be identified based on the manner in which the location indicative data of another mobile station ($M_n$) is *not* obtained. These ambiguities render it impossible to identify which mobile station(s) are being referenced as $M_p$ in this phrase. (*See* Ex. 3, Expert Declaration of Dr. Vijay Madisetti ("Madisetti Decl.") at ¶¶ 32-34.)

To add to the confusion, while Element (C) requires the location indicative data of mobile station $M_n$ *not to be obtained* using certain geographic data relating to mobile station $M_p$, it simultaneously requires the location indicative data of $M_n$ *to be obtained* using that same geographic data. Specifically, Element (C) specifies that "the location indicative data for $M_n$ is

*not obtained* using geographic data indicative of a spatial range between the mobile station $M_p$ and *one or more transmitting stations* above and not supported on the Earth's surface," while also reciting that the same "geographic data would *have to be determined* using signals received at the mobile station $M_p$ *from the one or more transmitting stations*."[10]   Thus, Element (C) inconsistently requires the same mobile station $M_n$ to be located *both with and without* using transmitting stations not supported on the Earth's surface (*e.g.*, satellites).   (Madisetti Decl. at ¶ 35.)   Again, this makes no sense and further muddles the interpretation of this already ambiguous claim language.

Due to these obscurities, there is no way to discern the boundaries of this claim phrase, and it is impossible to identify which mobile station(s) are being referenced as $M_p$ in this phrase. Accordingly, Claim 185 of the '231 Patent is invalid for indefiniteness. (*See id.* at ¶¶ 25-38.)

### C.   Claim 27 of the '484 Patent and Claim 10 of the '231 Patent are indefinite

Claim 27 of the '484 Patent and Claim 10 of the '231 Patent are invalid as indefinite due to the following deficiencies:   (1) there is no way to distinguish between the claimed "input requests" and "location requests"; and (2) the phrase "wherein for at least one of said first and second output criteria there is an output criteria for another of the location requests that is different from said at least one output criteria" is insolubly ambiguous.   These deficiencies each provide an independent basis for invalidating these two claims.

#### 1.   There is no way to distinguish between the "input requests" and the "location requests"

Claim 27 of the '484 Patent and Claim 10 of the '231 Patent are both indefinite because there is no way to distinguish between the "input requests" and the "location requests."

---

[10] *See* Appendix A, claim element 185(j) (emphasis added).

The following are the relevant portions of Claim 27:[11]

> *receiving, from a plurality of* <u>*location requesting sources*</u>, a plurality of <u>*input requests*</u> for locations of the mobile stations …;

> *for each of the* <u>*input requests*</u>, *providing one or more* <u>*location requests*</u> for location information, related to a location of one of said mobile stations, *to one or more mobile station* <u>*location determining sources*</u>;

> first obtaining, in response to a first of the <u>*location requests*</u> *received from a first of the* <u>*requesting sources*</u>, at least first location information of a first location of a first of said mobile stations …;

> second obtaining, in response *to* a second of the <u>*location requests*</u> *received from a second of the* <u>*requesting sources*</u>, at least second location information of a second location of a second of said mobile stations ….

In this claim, "input requests" for "locations of the mobile stations" are initially received from location requesting sources.   Then, in response to each "input request," one or more "location requests" for "location information" are provided to one or more location determining sources.   Thus, it is evident that the "input requests" and the "location requests" were intended be different things with different meanings.[12]   However, while the "location requests" were initially provided in response to the "input requests" received from the location requesting sources, Claim 27 subsequently references the "location requests" (rather than the "input requests") as also being received from the location requesting sources.   This confusing language makes it impossible to distinguish between the scope of these two types of requests.   (*See generally* Madisetti Decl. at ¶¶ 39-51.)  For example, because both of these types of requests are apparently received from the location requesting sources, there is no way to determine whether a given request from a location requesting source is an "input request" or a "location request."   (*Id.* at ¶¶ 45-46.)

---

[11] *See* Appendix A, claim elements 27(b, c, d, f) (emphasis added).

[12] For example, upon receiving a single "input request" for the location of a particular mobile station, multiple "location requests" for that mobile station may be provided to various location determining sources which each may estimate the location of the mobile station using different "wireless location techniques." *See* Appendix A, claim elements 27(b, c, d, f).

Claim 27 includes other inconsistent language which further muddles the distinction between the "input requests" and the "location requests."  For example, Claim 27 subsequently refers to "the first request" and "the second request" without identifying whether the claim is referring to the "input requests" or the "location requests":[13]

> first determining … first output location data according to a first output criteria for the corresponding destination for *the first request* …;
>
> second determining … second output location data according to a second output criteria for the corresponding destination for *the second request* …;

It is unclear which "requests" are being referenced.  *See* M.P.E.P. § 2173.05(e) ("Similarly, if two different levers are recited earlier in the claim, the recitation of 'said lever' in the same or subsequent claim would be unclear where it is uncertain which of the two levers was intended.").

Claim 10 of the '231 Patent suffers from the same maladies as Claim 27 of the '484 Patent.  (*See* Madisetti Decl. at ¶ 51.)  For example, Claim 10 also specifies that "input requests" are received from location requesting sources and "location requests" are provided to location determining sources in response to each "input request."[14]   As with Claim 27, Claim 10 subsequently refers to the "location requests" as being received from the location requesting sources,[15] even though it is the "input requests" (not the "location requests") that were previously received from the location requesting sources.   Moreover, as with Claim 27, Claim 10

---

[13] *See* Appendix A, claim elements 27(e, g) (emphasis added).

[14] *See* Appendix A, claim elements 10(b, c) ("*receiving, from a plurality of location requesting sources, a plurality of input requests for locations of the mobile stations*" and "*for each of the input requests, providing to one or more mobile station location determining sources*, one or more *location requests* for location information related to a location of one of said mobile stations") (emphasis added).

[15] *See* Appendix A, claim elements 10(i, k) ("*first obtaining, in response to a first of the location requests received from a first of the requesting sources*, first output location data …" and "*second obtaining, in response to a second of the location requests received from a second of the requesting sources*, second output location data …") (emphasis added).

ambiguously refers to "the first request" and "the second request" without identifying whether the claim is referring to "input requests" or "location requests."[16]

Finally, the specification has no disclosure that distinguishes among different types of requests that are received from location requesting sources, but instead discloses only one type of request that is received from location requesting sources.[17]  (*See* Madisetti Decl. at ¶ 48.)  Thus, the specification does not resolve this discrepancy regarding the claimed "input requests" and "location requests."  Because it is impossible to distinguish between the "input requests" and the "location requests," these two claims are invalid for indefiniteness.

> **2. The phrase "wherein for at least one of said first and second output criteria there is an output criteria for another of the location requests that is different from said at least one output criteria" is insolubly ambiguous**

Claim 27 of the '484 Patent and Claim 10 of the '231 Patent are also indefinite because the phrase "wherein for at least one of said first and second output criteria there is an output criteria for another of the location requests that is different from said at least one output criteria" is insolubly ambiguous.[18]  This is an independent basis for invalidating these claims.

For example, Claim 27 of the '484 Patent recites "determining … first output location data according to a first output criteria" and "determining … second output location data according to a second output criteria."  Similarly, Claim 10 of the '231 Patent recites that "the first output location data is obtained according to a first output criteria" and "the second output location data is obtained according to a second output criteria."  Both of these claims then recite

---

[16] *See* Appendix A, claim elements 10(j, l) ("wherein the first output location data is obtained according to a first output criteria for *the first request*" and "wherein the second output location data is obtained according to a second output criteria for *the second request*") (emphasis added).

[17] Specifically, "location requests" are the only type of requests disclosed by the specification that are received from location requesting sources.  (*See* '231 Patent at 10:44-55.)  The term "input request" is not used by the specification.

[18] *See* Appendix A, claim elements 10(m) and 27(h).

that "for at least one of the first and second output criteria, there is an output criteria for another of the location requests that is *different* from said at least one output criteria."  However, it is left unexplained what constitutes a "*different*" output criteria.  It is unclear whether the "different" output criteria must be a different *type* of criteria (*e.g.*, accuracy criteria vs. granularity criteria), or whether it could be the same type of criteria but with a different *value* (*e.g.*, accuracy criteria of within 30 meters vs. accuracy criteria of within 100 meters).  This phrase is also insolubly ambiguous because it is unclear whether the "different" output criteria is associated with, or a part of, the first or second output criteria.

Furthermore, because this language requires there to be a different output criteria "for at least one of" the first and second output criteria, it encompasses the situation where there is a different output criteria for *both* the first and second criteria.  However, in that situation, it is insolubly ambiguous whether there is only one "different" criteria for both the first and second criteria *or* whether there are separate "different" criteria for each of the first and second criteria.

Finally, while this phrase recites that "*there* is an output criteria," it is unclear exactly *where* this different output criteria resides, is accessed, or received.

Taken as a whole, this phrase provides no meaningful metes and bounds for determining the scope of Claim 27 of the '484 Patent and Claim 10 of the '231 Patent, and accordingly renders these claims indefinite.

## VI.    CONCLUSION

For the foregoing reasons, independent Claims 1, 10, and 185 of the '231 Patent and independent Claim 27 of the '484 Patent, and all claims depending therefrom (including asserted dependent Claims 7, 65, 69, 106, 212, and 215 of the '231 Patent and asserted dependent Claims 33, 34, and 36 of the '484 Patent), should be held indefinite and invalid as a matter of law under 35 U.S.C. § 112, ¶ 2.

Dated:  September 25, 2012        Respectfully submitted,

By:    */s/ Christopher W. Kennerly*
        Bryant C. Boren, Jr., Lead Attorney
        State Bar No. 02664100
        Email: bryant.c.boren@bakerbotts.com
        Christopher W. Kennerly
        State Bar No. 00795077
        Email: chris.kennerly@bakerbotts.com
        Kevin E. Cadwell
        State Bar No. 24036304
        Email: kevin.cadwell@bakerbotts.com
        Jon V. Swenson (pro hac vice)
        jon.swenson@bakerbotts.com
        **BAKER BOTTS L.L.P.**
        1001 Page Mill Road
        Building One, Suite 200
        Palo Alto, California 94304
        650.739.7501 – Voice
        650.739.7601 – Facsimile

        Chad C. Walters
        State Bar No. 24034730
        Email: chad.walters@bakerbotts.com
        Ross G. Culpepper
        State Bar No. 24069559
        Email: ross.culpepper@bakerbotts.com
        **BAKER BOTTS L.L.P.**
        2001 Ross Avenue
        Dallas, Texas 75201
        214.953.6500 – Voice
        214.953.6503 – Facsimile

        Trey Yarbrough
        State Bar No. 22133500
        Debby E. Gunter
        State Bar No. 24012752
        YARBROUGH ♦ WILCOX, PLLC
        100 E. Ferguson St., Ste. 1015
        Tyler, TX 75702
        (903) 595-3111
        Fax: (903) 595-0191
        trey@yw-lawfirm.com
        debby@yw-lawfirm.com

        ***Attorneys for Defendants***
        ***AT&T Inc. and AT&T Mobility L.L.C.***

12

By:     */s/ Siddhesh V. Pandit (with permission)*
        E. Glenn Thames, Jr.
        Texas Bar No. 00785097
        glennthames@potterminton.com
        **POTTER MINTON, P.C.**
        110 N. College Avenue, Suite 500
        Tyler, Texas 75702
        Telephone: 903-597-8311
        Facsimile: 903-593-0846

        Edward A. Pennington (pro hac vice)
        Stephanie D. Scruggs (pro hac vice)
        Siddhesh V. Pandit (pro hac vice)
        **MURPHY & KING, P.C.**
        1055 Thomas Jefferson Street, N.W., Suite 400
        Washington, DC 20007
        Tel: (202) 403-2100
        Fax: (202) 429-4380
        eap@murphyking.com
        sds@murphyking.com
        svp@murphyking.com

        ***Attorneys for Defendants***
        ***MetroPCS Communications, Inc. and***
        ***MetroPCS Wireless, Inc.***

        ***Attorneys for Consolidated Defendant***
        ***TeleCommunication Systems, Inc.***

13

CASE 6:11-cv-00096-LED   Document 316   Filed 09/25/12   Page 18 of 22 PageID #:  8676

By:     _/s/ Vincent J. Belusko (with permission)_____
     Vincent J. Belusko (pro hac vice)
     vbelusko@mofo.com
     Martin M. Noonen (pro hac vice)
     mnoonen@mofo.com
     Alex S. Yap (pro hac vice)
     ayap@mofo.com
     Jason J. Lee (pro hac vice)
     jlee@mofo.com
     **MORRISON & FOERSTER LLP**
     555 West Fifth Street
     Los Angeles, California  90013-1024
     (213) 892-5200 (telephone)
     (213) 892-5454 (facsimile)

     Michael E. Jones
     State Bar No. 10929400
     mikejones@potterminton.com
     Allen F. Gardner
     State Bar No. 24043679
     allengardner@potterminton.com
     **POTTER MINTON, P.C.**
     A Professional Corporation
     110 N. College, Suite 500
     Tyler, Texas  75702
     (903) 597-8311 (telephone)
     (903) 593-0846 (facsimile)

     *Attorneys for Defendant*
     *Cellco Partnership d/b/a Verizon Wireless*

14

By:     */s/ Alan D Albright (with permission)*
      Alan D Albright
      State Bar No. 00973650
      Benjamin L. Bernell
      State Bar No. 24059451
      **Bracewell & Giuliani LLP**
      111 Congress Avenue, Suite 2300
      Austin, Texas 78701
      Tel: 512-472-7800
      Fax: 800-404-3970
      alan.albright@bgllp.com
      ben.bernell@bgllp.com

      Christopher Schenck
      Admitted Pro Hac Vice
      **Bracewell & Giuliani LLP**
      701 Fifth Avenue, Suite 6200
      Seattle, Washington 98104
      Tel: 206-204-6200
      Fax: 800-404-3970
      chris.schenck@bgllp.com

      Robert C. Bertin
      Admitted Pro Hac Vice
      Susan Baker Manning
      Admitted Pro Hac Vice
      **Bingham McCutchen LLP**
      2020 K Street NW
      Washington, DC 20003-1806
      Tel: 202-373-6000
      Fax: 202-373-6001
      r.bertin@bingham.com
      susan.manning@bingham.com

      Michael E Jones
      State Bar No. 10929400
      **Potter Minton PC**
      110 N. College, Suite 500
      Tyler, Texas 75710-0359
      Tel: 903-597-8311
      Fax: 903-593-0846
      mikejones@potterminton.com

      ***Attorneys for Defendant***
      ***Google, Inc.***

15

By: */s/ Cynthia D. Vreeland (with permission)*
  Cynthia D. Vreeland
  Peter M. Dichiara
  John V. Hobgood
  Joshua L. Stern
  **WILMER CUTLER PICKERING**
  **HALE & DORR LLP**
  60 State Street
  Boston, MA  02109
  Phone: (617) 526-6000
  Fax: (617) 526-5000
  cynthia.vreeland@wilmerhale.com
  peter.dichiara@wilmerhale.com
  john.hobgood@wilmerhale.com
  joshua.stern@wilmerhale.com

  Wesley Hill
  Tex. Bar No. 24032294
  **WARD & SMITH LAW FIRM**
  111 W. Tyler St.
  Longview, Texas 75601
  Telephone: (903) 757-6400
  Fax: (903) 757-2323
  Email: wh@wsfirm.com

  ***Attorneys for Defendant***
  ***Skyhook Wireless, Inc.***

By:     */s/ Mark L. Hogge (with permission)*
        Mark L. Hogge (DC Bar No. 404882)
        Admitted to Eastern District of Texas
        SNR Denton US LLP
        1301 K Street, N.W.
        Suite 600, East Tower
        Washington, D.C. 20005
        Telephone: (202) 408-6400
        Facsimile: (202) 408-6399
        Email: mark.hogge@snrdenton.com

        Shailendra K. Maheshwari (DC Bar No. 484966)
        Admitted to Eastern District of Texas
        shailendra.maheswari@snrdenton.com
        **SNR DENTON US LLP**
        1301 K Street, N.W., Suite 600
        Washington, D.C. 20005
        Telephone: (202) 408-6400
        Facsimile: (202) 408-6399

        Imran A. Khaliq (CA Bar No. 232607)
        Admitted Pro Hac Vice
        imran.khaliq@snrdenton.com
        **SNR DENTON US LLP**
        1530 Page Mill Road, Suite 200
        Palo Alto, CA 94304-1125
        Telephone: (650) 798-0329
        Facsimile: (650) 798-0310

        ***Attorneys for Intervenor***
        ***Location Labs***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record for Plaintiff in the above-captioned action is being served with this document via e-mail, in accordance with Local Rule CV-5(d), on the 25th day of September, 2012.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly
