IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **TRACBEAM, L.L.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:11-CV-96** |
| | § | |
| **AT&T INC., ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## ORDER

Before the Court are the following motions: (1) Defendants AT&T Inc. and AT&T Mobility LLC's Motion to Strike Plaintiff TracBeam, LLC's Infringement Contentions (Docket No. 161); and (2) Defendant Cellco Partnership's Motion to Strike Plaintiff's Infringement Contentions (Docket No. 213). For the reasons set forth below, the Court **DENIES** both motions.

## BACKGROUND

Plaintiff TracBeam, L.L.C. ("TracBeam") sued a number of cell-phone related defendants in February 2011, including AT&T Inc. and AT&T Mobility L.L.C. ("AT&T") and Cellco Partnership d/b/a Verizon Wireless ("Cellco") (collectively "Defendants"). Docket No. 1. In September 2011, TracBeam served AT&T and Cellco its infringement contentions (the "Infringement Contentions"). *See* Docket No. 99. TracBeam's Infringement Contentions against AT&T and Cellco are nearly identical:

> Plaintiff TracBeam asserts that each Defendant infringes the Asserted Claims by making, using, selling, offering to sell, operating, directing, and controlling the methods or systems listed below. The components used by Defendants are more particularly identified in the attached claim charts.

1

AT&T
- AT&T's location-based platform
- Each of AT&T's location-based services
- AT&T Location Information Services
- E911
- Navigator
- FamilyMap
- Fleet Management

Verizon
- Verizon's location-based platform
- Each of Verizon's location-based services
- E911
- VZ Navigator
- VZ Navigator Global
- Family Locator
- Field Force Manager
- Fleet Administrator
- Machine to Machine Asset Management
- Machine to Machine Telematics
- 411 Search

Docket No. 161, Ex. 1 at 3–4. AT&T and Cellco each filed motions to strike TracBeam's Infringement Contentions. *See* Docket Nos. 161 & 213. Because the Infringement Contentions against each Defendant are nearly identical and each motion presents the same legal issue, the Court will analyze the motions jointly.

The parties dispute the exact nature of the products and services TracBeam accused of infringement. TracBeam contends the accused instrumentality (singular) is each Defendant's "location-based platform," while Defendants argue the accused instrumentalities (plural) are their "location-based services." *Compare* Docket No. 191 at 2, *with* Docket No. 182 at 2. Essentially, Defendants believe TracBeam accused a number of each Defendant's individual products (the so-called location-based services) of infringement, while TracBeam argues it accused the entire platform Defendants use to facilitate these services.

Pursuant to its belief that it accused a single instrumentality of infringement, TracBeam disclosed a single claim chart to each Defendant for that Defendant's location-based platform. *See* Docket No. 161, Ex. 2. These claim charts contain periodic references to Defendants' location-based services, but TracBeam did not provide claim charts for each individual location-based service. *Id*. Defendants contend the Infringement Contentions violate the local patent rules because they do not provide separate claim charts for each accused instrumentality. Under Defendants' view, TracBeam accused a number of different location-based services of infringement, so TracBeam must produce multiple claim charts.[1] Conversely, if TracBeam accused only a single instrumentality of infringement, Defendants contend TracBeam must provide a claim chart with no references to Defendants' location-based services. *See* Docket Nos. 161 & 213.

After meeting and conferring, TracBeam offered to amend its Infringement Contentions. Defendants rejected TracBeam's proposed amendments. *See* Docket No. 161 at 11; Docket No. 213 at 13. TracBeam's proposed amendments were:

AT&T

AT&T's location-based platform (including servers, computer hardware, associated software, network interfaces, and associated communications channels) when used for location-based services including the following: E-911, AT&T Location Information Services, Navigator, FamilyMap, Fleet Management.

Cellco

Verizon's location-based platform (including servers, computer hardware, associated software, network interfaces, and associated communications channels) when used for location-based services including the following: E-911, VZ Navigator, VZ Navigator Global, Family Locator, Field Force Manager, Fleet Administrator, Machine to Machine Asset Management, Machine to Machine Telematics, and 411 Search.

---

[1] AT&T contends TracBeam accused seven of its individual location-based services. Docket No. 161 at 9. Cellco contends TracBeam accused eleven of its individual location-based services. Docket No. 213 at 13.

Docket No. 161 at 11; Docket No. 213 at 13.

## APPLICABLE LAW

Patent Rule 3-1(c) requires a party asserting infringement provide each defending party a "Disclosure of Asserted Claims and Infringement Contentions," which shall contain "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c). Although the Patent Rules require separate charts for each accused product, this Court has allowed plaintiffs to use a single chart applicable to multiple products where separate charts would be identical for each product. *See ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528–29 (E.D. Tex. 2005) (Davis, J.) ("[T]he Court ORDERS ConnecTel to designate exemplar accused infringing products and compare those products to each asserted patent on a claim by claim, element by element basis."); *Juxtacomm Techs., Inc., v. Ascential Software Corp.*, 548 F. Supp. 2d 379, 381 (E.D. Tex. 2008) (Davis, J.); *cf. Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 823 (E.D. Tex. 2007) (striking plaintiff's infringement contentions against Vista because plaintiff had only charted the Windows XP product and it was undisputed that Vista and Windows XP are only seventy percent similar).

## ANALYSIS

Defendants argue TracBeam failed to identify each accused instrumentality with the specificity required by the local rules. Docket No. 161 at 5; Docket No. 213 at 1. Defendants contend TracBeam accused multiple "location-based services" of infringement but only disclosed one infringement chart. Docket No. 161 at 9; Docket No. 213 at 3. AT&T further notes that "location-based platform" is neither a product nor a service offered by AT&T. Docket No. 161 at 5. Instead, it is a term developed by TracBeam for this litigation. *Id.* To correct the

perceived deficiencies in the Infringement Contentions, Defendants believe TracBeam must amend them in one of two ways: (1) submit separate claim charts for each location-based service; or (2) submit a single claim chart for the location-based platform, but remove all references to individual location-based services. Docket No. 213 at 2.

TracBeam argues its Infringement Contentions satisfy the local rules. Docket No. 182 at 3; Docket No. 248 at 2. TracBeam maintains that it accused a single entity of infringement—AT&T and Cellco's respective location-based platforms. Docket No. 182 at 2; Docket No. 248 at 2. Accordingly, TracBeam contends it does not need to submit individual claim charts for the location-based services. Docket No. 182 at 2; Docket No. 248 at 3. Further, TracBeam argues it should not be required to remove references to location-based services from its Infringement Contentions because those references were included to provide as much detail as possible about the accused location-based platforms. Docket No. 182 at 7–9; Docket No. 248 at 6–7.

The local patent rules were adopted to ensure each side has the information necessary to litigate its case. *Computer Acceleration Corp.*, 503 F. Supp. 2d at 823. Under the local rules, a plaintiff's infringement contentions must set forth its specific theories of infringement. *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) (Davis, J.). Infringement contentions must contain enough specificity to provide defendants with notice of the plaintiff's infringement theories. *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 706 (E.D. Tex. 2008). However, infringement contentions do not need to meet the level of detail required for a motion for summary judgment; infringement contentions "are not meant to provide a forum for litigation of the substantive issues." *Id*. at 713.

TracBeam's Infringement Contentions, proposed amendments, and the resulting correspondence between the parties give Defendants sufficient notice of TracBeam's theory of

infringement. The Infringement Contentions articulate TracBeam's specific theory of infringement against AT&T and Cellco—TracBeam accused Defendants' respective "location-based platforms" of infringement. Each individual location-based service operates within the larger context of Defendants' location-based platforms. Since the accused instrumentalities are AT&T and Cellco's overall location-based platforms, it would be improper to require TracBeam to submit individual claim charts for each location-based service. Instead, TracBeam's Infringement Contentions satisfy the local rules. Accordingly, Defendants' motions are **DENIED**.

**CONCLUSION**

For all of the reasons set forth above, the Court **DENIES** Defendants AT&T Inc. and AT&T Mobility LLC's Motion to Strike Plaintiff TracBeam's LLC's Infringement Contentions (Docket No. 161). The Court also **DENIES** Defendant Cellco Partnership's Motion to Strike Plaintiff's Infringement Contentions (Docket No. 213).

**So ORDERED and SIGNED this 19th day of October, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**