IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TRACBEAM, L.L.C., | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § | CASE NO. 6:11-CV-96 |
| AT&T INC., ET AL., | | |
| Defendants. | | |

**ORDER**

Before the Court are the following motions: (1) Plaintiff TracBeam, L.L.C.'s ("TracBeam") Motion to Strike Portions of Defendants' Invalidity Contentions (Docket No. 199); and (2) Defendants' Motion for Leave to Amend Invalidity Contentions (Docket No. 212). For the reasons set forth below, the Court **GRANTS** Defendants' Motion for Leave to Amend Invalidity Contentions (Docket No. 212) and **DENIES** Plaintiff's Motion to Strike Invalidity Contentions (Docket No. 199).

**BACKGROUND**

These two motions boil down to a dispute over five prior art references. Defendants[1] served their original invalidity contentions on December 16, 2011. *See* Docket Nos. 129–33. As part of their original disclosures, Defendants identified around thirty prior art references, ten of which were not accompanied by charts identifying where each claim term was found in that

---

[1] The moving defendants include: AT&T Inc.; AT&T Mobility L.L.C.; MetroPCS Communications, Inc.; MetroPCS Wireless, Inc.; Cellco Partnership d/b/a Verizon Wireless; Google, Inc.; Skyhook Wireless, Inc. This order refers to the moving defendants collectively as "Defendants."

reference. Docket No. 199 at 3. Five of these uncharted references (the "Five References") are now at issue.

On April 4, 2012, Plaintiff TracBeam moved to strike the ten uncharted references from Defendants' invalidity contentions. *See id*. On April 19, 2012, Defendants countered by seeking leave to amend their original invalidity contentions. *See* Docket No. 212. Defendants seek to amend their original invalidity contentions by including charts for the Five References and dropping the remaining five uncharted references. *Id*.

Because of the unusual procedural history of this action, invalidity charts for the Five References have already been properly and timely disclosed to TracBeam. Docket No. 260 at 1. In February and March 2012, after Defendants filed their original invalidity contentions but prior to their seeking leave to amend, two new parties adverse to TracBeam joined this action.[2] Since they joined the action a year after Defendants, TCS and Location Labs were put on different discovery schedules than Defendants. Docket No. 214 at 5. Pursuant to their docket control orders, TCS and Location Labs served their original invalidity contentions to TracBeam on May 2 and April 30, respectively. *Id*. Both of their disclosures contained the five charts Defendants currently seek to add to their original invalidity contentions. *Id*.

## APPLICABLE LAW

Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's Docket Control Order upon a showing of good cause. FED. R. CIV. P. 16. The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow scheduling order

---

[2] Wavemarket Inc. d/b/a Location Labs ("Location Labs") intervened in this action on February 7, 2012. Docket No. 145. An action between TracBeam and TeleCommunications Systems, Inc. ("TCS") was consolidated with the present action on March 19, 2012. Docket No. 189.

modifications and considers four factors to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Id.* at 536; *Alt v. Medtronic, Inc.*, No. 2:04-cv-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (Davis, J.). A party's failure to meet a deadline due to mere inadvertence is tantamount to no explanation at all. *S&W Enters.*, 315 F.3d at 536; *MASS Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (E.D. Tex. May 30, 2008) (Davis, J.).

## ANALYSIS

### A. Leave to Amend Invalidity Contentions

Defendants maintain that they should be allowed to amend their invalidity contentions for number of reasons. First, Defendants argue they have been diligent in amending their contentions. Docket No. 212 at 6. Defendants represent that they did not learn of the Five References until a few days prior to the December 16, 2011, deadline to disclose invalidity contentions. *Id*. After disclosing the Five References without corresponding charts, Defendants argue they diligently sought to amend their original invalidity contentions to include charts for the Five References. *Id*. at 2. Second, Defendants are not seeking to add new references. *Id*. at 6. Rather, Defendants seek to disclose charts for references that have already been disclosed to TracBeam. *Id*. Finally, Defendants argue TracBeam will not be prejudiced by Defendants' amending their invalidity contentions. *Id*. at 7. TCS and Location Labs each disclosed invalidity contentions containing charts for the Five References. *Id*. Defendants argue the Five References and their claim charts "will be a part of this litigation one way or another," regardless of whether the Court grant's Defendants' motion for leave to amend. *Id*. at 9.

TracBeam argues Defendants should not be allowed to amend their invalidity contentions because they failed to meet their burden to establish diligence. Docket No. 235 at 3. Defendants waited almost four months after disclosing their initial invalidity contentions to seek leave to amend, and they provided very little explanation for the delay. *Id*. at 4. Further, TracBeam argues it will suffer prejudice if the Court grants Defendants' motion for leave to amend. *Id*. at 12. TracBeam notes that if TCS and Locations Labs settle, their invalidity contentions containing charts for the Five References will no longer be part of the case. *See* Docket No. 266 at 2.

TracBeam will likely suffer little, if any, prejudice if the Court grants Defendants leave to amend their invalidity contentions. There are two main reasons for this. First, Defendants do not seek to add any new prior art references to their contentions; the Five References were disclosed to TracBeam in December. *See* Docket No. 212 at 6. Second, and more importantly, the charts in question have already been disclosed to TracBeam by TCS and Location Labs. *See* Docket No. 260 at 1. This is not a situation where TracBeam will have to prepare for new invalidity arguments at an advanced stage of litigation. Rather, TracBeam will simply have to address duplicate arguments from additional parties. The only difference between any "new" invalidity arguments arising out of Defendants' amended invalidity contentions and the "old" invalidity arguments made by TCS and Location Labs would be the party making the argument.

Accordingly, Defendants' Motion for Leave to Amend Invalidity Contentions is **GRANTED**.

4

B. **Strike Invalidity Contentions**

TracBeam's motion to strike addresses the same invalidity contentions and Five References as Defendants' motion for leave to amend. Thus, for the same reasons stated above, TracBeam's motion to strike (Docket No. 199) is **DENIED**.

## CONCLUSION

For all of the reasons set forth above, the Court **GRANTS** Defendants' Motion for Leave to Amend Invalidity Contentions (Docket No. 212) and **DENIES** Plaintiff's Motion to Strike Invalidity Contentions (Docket No. 199).

**So ORDERED and SIGNED this 19th day of October, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

5