IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **TRACBEAM, L.L.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:11-CV-96** |
| | § | |
| **AT&T INC., ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Intervenor Location Labs' Motion to Dismiss Plaintiff TracBeam's Allegations for Failure to State a Claim of Willful Infringement (Docket No. 200). For the reasons set forth below, the Court **DENIES** the motion.

**BACKGROUND**

Plaintiff TracBeam, LLC ("TracBeam") filed its original complaint in February 2011 against a number of defendants, including AT&T, Inc. and AT&T Mobility, LLC (collectively "AT&T"). Docket No. 1. One of the accused instrumentalities is AT&T's Family Map, a service that gives customers the ability to track the location of other mobile devices within that customer's account. Docket No. 141 at 3. Wavemarket, Inc., d/b/a Location Labs ("Location Labs") provides AT&T with software used in AT&T's Family Map service. *Id*. at 1. As part of the contractual agreement between AT&T and Location Labs, Location Labs agreed to indemnify AT&T for any third party claims against AT&T relating to Location Labs' software. *Id*. at 3.

1

In early October 2011, AT&T requested indemnification from Location Labs for any liability resulting from TracBeam's claims against AT&T's Family Map. *Id*. After Location Labs agreed to indemnify AT&T, Location Labs requested a copy of TracBeam's infringement contentions against AT&T (the "Infringement Contentions"). *Id*. TracBeam sent a copy of the Infringement Contentions to Location Labs on October 27, 2011. *Id*. at 4.

On February 1, 2012, Location Labs moved to intervene in the lawsuit, seeking a declaratory judgment of invalidity and non-infringement. *See id*. TracBeam responded by bringing a counterclaim against Location Labs for infringement. Docket No. 159. As part of its counterclaim, TracBeam accused Location Labs of willfully infringing the patents in suit. TracBeam's allegations contained the following language:

> Location Labs' infringement of the [patents in suit] has been and continues to be willful. Upon information and belief, Location Labs knew or should have known of an objectively high likelihood that its actions constitute infringement of the [patents in suit] no later than October 2011, when counsel for AT&T Mobility L.L.C. contacted Location Labs regarding indemnification for certain infringement alleged in this Action. Location Labs disregarded and continues to disregard this objective risk.

*Id*. at 6. Location Labs moved to dismiss the allegations of willful infringement for failure to state a claim under FED. R. CIV. P. 12(b)(6). Docket No. 200.

## APPLICABLE LAW

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id*. at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must

plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–79, 684–85 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). "Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A patentee must have a good faith basis to allege willful infringement. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003). If a patentee asserts willful infringement in its complaint, the claim must be grounded in the accused infringer's pre-filing conduct. *Seagate*, 497 F.3d at 1374. To establish willful infringement, a patentee must demonstrate: (1) the accused infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent; and (2) the objectively-defined risk was either known or so obvious that it should have been known to the accused infringer. *Id*. at 1371.

## ANALYSIS

Location Labs makes two major arguments that TracBeam's willful infringement claims should be dismissed. The Court will address each argument separately.

### A.  Objectively High Likelihood of Infringement

Location Labs first argues the allegations in TracBeam's pleading are insufficient to demonstrate that Location Labs acted despite an objectively high likelihood its actions

constituted infringement. Docket No. 200 at 10. Location Labs represents that upon receiving the Infringement Contentions, it took active steps to investigate the allegations contained therein. *Id.* at 12. After an internal analysis, it concluded it did not infringe TracBeam's patents, so it filed a lawsuit against TracBeam, seeking a declaratory judgment of non-infringement. *See* Docket No. 139. Further, Location Labs notes that its products play only a "minor role" in the Infringement Contentions and were addressed in only 8 of the 115 claim elements. Docket No. 200 at 11. Taken together, Location Labs argues these circumstances indicate it did not disregard an objectively high likelihood that its actions constituted infringement.

TracBeam contends its pleadings rise "well above" the level required to overcome a motion to dismiss. Docket No. 217 at 4. TracBeam pled that it disclosed its Infringement Contentions to Location Labs, so Location Labs was aware of TracBeam's exact litigation position. *Id.* at 4–5. TracBeam argues these allegations provide more than enough detail to satisfy the pleading requirements of *Twombly* and *Iqbal*. *Id.* at 6.

To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. TracBeam's pleading meets this standard. TracBeam pled that it disclosed its Infringement Contentions to Location Labs in October 2011, but Location Labs disregarded the information for over three months. *See* Docket No. 159 at 6. From this statement, the Court can reasonably infer Location Labs ignored an objectively high likelihood its actions constituted infringement. *Cf. Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012) ("All well-pleaded facts in the complaint are accepted as true and viewed in the light most favorable to the nonmovant."). The Infringement Contentions armed Location Labs with the knowledge that its product had been accused of infringement, yet Location Labs disregarded the risk and continued

4

to supply services to AT&T. All together, these allegations rise well above the requirements of *Twombly* and *Iqbal*. *See id.* (stating that dismissal is only appropriate when the plaintiff "has not alleged enough facts to state a claim to relief that is plausible on its face or has failed to raise his right to relief above the speculative level").

Additionally, Location Labs' arguments addressing its internal investigation after receiving the Infringement Contentions are irrelevant in a motion for judgment on the pleadings. These arguments go to the merits of the claim—whether Location Labs knowingly disregarded an objectively high risk of infringement. At the pleadings stage, TracBeam does not have to prove it is entitled to relief on the merits of its claim. *See Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). It must only state a claim for relief "that is plausible on its face." *See Iqbal*, 556 U.S. at 678. TracBeam's allegations rise above this level.

### B.  Pre-Filing Conduct

Location Labs also argues TracBeam's allegations of willful infringement must be dismissed because they fail to allege pre-lawsuit willfulness. Docket No. 234 at 5. "A willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate*, 497 F.3d at 1374. Location Labs contends TracBeam's willfulness allegations are based entirely on *post-filing* conduct, while TracBeam contends its willfulness allegations are based exclusively on *pre-filing* conduct.

The parties' disagreement centers around their differing views of this action's start date. TracBeam initially filed this lawsuit in February 2011 against a number of defendants, including AT&T. Location Labs did not join this action until a year later—February 1, 2012—when it moved to intervene. *See* Docket Nos. 139 & 141. TracBeam filed its answer (including the disputed counterclaim for willful infringement) on February 23, 2012. Docket No. 159.

TracBeam now argues this action started when Location Labs intervened in February 2012. Docket No. 217 at 6. Location Labs believes the action started when TracBeam filed its initial complaint in February 2011. Docket No. 234 at 5.

Although neither party cites any authority to support its stance, TracBeam's asserts the logical position. Location Labs did not intervene in this action until February 2012. Before that date, Location Labs was a non-party. *See U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) ("A party to litigation is one by or against whom a lawsuit is brought. An individual may also *become* a party to a lawsuit by intervening in the action.") (internal citations and quotations omitted) (emphasis added); *Karcher v. May*, 484 U.S. 72, 77 (1987). It was not bound by any Court decision, and the Court could not have entered judgment against it. *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 (2011) (articulating the general rule that only parties can be bound by prior judgments).

By advocating that the action between Location Labs and TracBeam commenced in February 2011, Location Labs seeks to obtain the benefit of an earlier starting date even though it never shouldered the burdens associated with that earlier date. It would be counterintuitive to hold that the action commenced in February 2011 when Location Labs could not have been bound by an adverse Court decision until a full year later. Thus, the action between TracBeam and Location Labs commenced in February 2012, so TracBeam has pled willfulness grounded in pre-filing conduct. *See In re Seagate*, 497 F.3d at 1374 (noting willfulness must be pled based on the accused infringer's pre-filing conduct).

## CONCLUSION

For the foregoing reasons, Intervenor Location Labs' Motion to Dismiss TracBeam's Allegations for Failure to State a Claim of Willful Infringement (Docket No. 200) is **DENIED**.

**So ORDERED and SIGNED this 19th day of October, 2012.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**