IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | § | |
|---|---|---|
| TRACBEAM, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:11-CV-96 |
| | § | |
| AT&T, INC. et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Google, Inc.'s ("Google") Motion to Sever (Docket No. 209). For the reasons set forth below, this motion is **GRANTED**. It is **ORDERED** that Google be **SEVERED** into a separate cause of action.

## BACKGROUND

Google and Skyhook Wireless, Inc. ("Skyhook") are co-defendants in this lawsuit (the "Texas Suit"). In March 2012, Skyhook changed its counsel of record in the Texas Suit from Irell & Manella LLP, to Wilmer, Cutler, Pickering, Hale & Dorr LLP ("WilmerHale"). Docket No. 209 at 1. In addition to serving as Skyhook's litigation counsel in the Texas Suit, WilmerHale actively prosecutes patents for Skyhook. *Id*. WilmerHale first appeared on behalf of Skyhook in the Texas Suit two days after the Court issued a Stipulated Protective Order without a prosecution bar for any of the Defendants. *See* Docket Nos. 169, 173–176.

1

Skyhook and Google are presently adversaries in a separate litigation (the "Massachusetts Suit")[1] for patent infringement of a similar technology. Docket No. 209 at 1. The patents asserted by Skyhook against Google in the Massachusetts Suit were prosecuted by WilmerHale. *Id*. Two of the WilmerHale attorneys involved in the prosecution of Massachusetts Suit patents, Peter M. Dichiara and John V. Hobgood, have appeared on behalf of Skyhook in the Texas Suit. *Id*. WilmerHale is also currently the attorney of record on at least 37 pending Skyhook patent applications, including continuation applications of the patents asserted against Google in the Massachusetts Suit. *Id*. at 2.

Google moved to sever its case from the remaining Defendants. Skyhook does not oppose Google's motion for severance. Docket No. 233 at 2.

## APPLICABLE LAW

Defendants may be joined in an action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). In the patent infringement context, claims against independent defendants may not be joined under Rule 20 "unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." *In re EMC Corporation*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). That the accused products or processes of the defendants are similar is not enough. *Id.* Other relevant factors in considering whether joinder is proper include: (1) the temporal proximity of alleged infringement; (2) the relationship among defendants; (3) the use of common components in the accused products; (4) licensing or technology agreements between defendants; (5) shared

---

[1] *Skyhook Wireless, Inc. v. Google, Inc.*, No. 1:10-CV-11571 (D. Mass. 2010).

development and manufacturing; and (6) whether the damages sought are based on lost profits. *Id.* at 1359–60. An improperly joined party may be dropped from the action or have the claims against them severed. FED. R. CIV. P. 21.

## ANALYSIS

Google presents two arguments that its case should be severed from the remaining Defendants. First, Google argues it is prejudiced by being forced to collaborate with counsel from WilmerHale in the Texas Suit. Docket No. 209 at 6. Working with Skyhook's counsel will give Skyhook's prosecution counsel insight into Google's products and confidential technical information that may be used against it in the Massachusetts Suit. *Id.* at 8. Google argues it should not be forced to coordinate with an adversary's prosecution counsel in an unrelated litigation. *Id.*

Second, Google argues that severance is mandated under *In re EMC* because it and Skyhook are unrelated defendants. *Id.* at 9. Google contends that Plaintiff TracBeam, L.L.C. ("TracBeam") accused at least eighteen unrelated entities of infringement, and there is no allegation that any of the Defendants ever conspired with each other or acted in concert with each other. *Id.* at 4. Instead, TracBeam accused disparate products and services for each Defendant. *Id.* at 5.

TracBeam[2] counters that Google desires severance merely because Google does not want to be joined as co-defendants with a competitor. Docket No. 250 at 3. TracBeam argues that competitors are regularly forced to work together in joint defense groups, and this case is no exception. *Id.* Additionally, TracBeam contends that severance is not mandated by *In re EMC*. Docket No. 306 at 2. TracBeam cites five different features it contends are similar across all

---

[2] Skyhook does not oppose severance. Docket No. 233.

infringing products, and it argues that many of the accused elements are found in the phones of many Defendants. *Id*. at 2–4.

Google's position in this lawsuit is distinguishable from an ordinary situation where two competitors are joined as co-defendants. Google and Skyhook are more than competitor co-defendants—they are also adversaries in another lawsuit involving similar technologies and patents as the present suit. Docket No. 209 at 6. Skyhook also has pending patent applications claiming priority to patents asserted against Google in the Massachusetts Suit. *Id*. This creates a very real threat that Skyhook will (even unintentionally) use confidential information obtained from Google in the Texas Suit during prosecution of its pending applications. There is also a threat that Skyhook will use confidential Google information obtained in the Texas Suit against it in the Massachusetts Suit.

This conflict puts Google between Scylla and Charybdis. It must choose between: (A) sharing information with Skyhook to benefit the Texas Suit at the expense of the Massachusetts Suit; or (B) withholding information from Skyhook to benefit the Massachusetts Suit at the expense of the Texas Suit. Google's untenable position can be mitigated by severance from the remaining Defendants.[3] *See* FED. R. CIV. P. 20(b) (stating a court may order separate trials to protect a party from prejudice).

Google's severance is also proper under *In re EMC*. Two defendants cannot be joined in a patent suit unless the infringement claims against each defendant share "an aggregate of operative facts." *In re EMC*, 677 F.3d at 1359. Defendants cannot be joined merely because the accused products are similar or infringe in a similar manner. *Id*. This is the scenario here.

---

[3] The Defendants in the Texas Suit (including Skyhook) are not under a prosecution bar. Docket No. 169. WilmerHale first appeared on behalf of Skyhook in the Texas Suit two days after the Court issued its Stipulated Protective Order. *See* Docket Nos. 173–76. For the previous eight months, Skyhook had been represented by different counsel. *See* Docket No. 88.

TracBeam argues that joinder is proper because there is substantial overlap between the accused instrumentalities of different Defendants. Docket No. 306 at 2–4. However, when dissected, TracBeam's main argument is that the accused products infringe in a similar manner.

For example, TracBeam relies upon the same AT&T and Verizon cell phone base stations as "communication stations" in its infringement contentions against AT&T, Verizon, and Google. *Id*. at 2–3. This is merely accusing two different products or methods of infringing in a similar manner (i.e. by using the same cell tower). Another example is TracBeam's argument regarding "satellites" and "non-terrestrial transmitters." TracBeam relies upon the same GPS satellites in its infringement contentions against Google and other Defendants. *Id*. at 3. Once again, this is merely accusing two distinct defendants of infringing in a similar manner. TracBeam cannot satisfy the *EMC* joinder standard by asserting that there is some overlap in the way multiple Defendants meet a particular claim limitation. *See In re EMC*, 677 F.3d at 1359 ("The sameness of the accused products is not enough to establish that claims of infringement arise from the 'same transaction.'"). Under *In re EMC*, Google must be severed from the remaining Defendants.[4]

## CONCLUSION

For the foregoing reasons, Google's Motion to Sever (Docket No. 209) is **GRANTED**. It is **ORDERED** that Google be **SEVERED** into a separate cause of action.

---

[4] Because of the inherent prejudice to Google resulting from its concurrent lawsuit against Skyhook, the Court will not consolidate Google with the remaining Defendants for pre-trial under *Norman IP*. *See Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, 2012 WL 3307942 (E.D. Tex. Aug. 10, 2012) (Davis, J.).

**So ORDERED and SIGNED this 23rd day of January, 2013.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**