IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TRACBEAM L.L.C., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CASE NO. 6:11-CV-96 |
| AT&T INC. ET AL., | § § § | |
| Defendants. | § § § | |

## ORDER

Before the Court are Defendant AT&T Mobility L.L.C's (AT&T") Motion for Summary Judgment of Invalidity and Supplemental Claim Construction (Docket No. 572), Plaintiff TracBeam L.L.C.'s ("TracBeam") Motion to Strike Dr. Bartone's Opinions (Docket No. 568), and AT&T's Motion to Strike Dr. Rose's Second Supplemental Report (Docket No. 569). For the following reasons, all three motions are **DENIED**.

### AT&T'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY AND SUPPLEMENTAL CLAIM CONSTRUCTION

On October 25, 2013, the Court issued an order clarifying its construction of claim 25 of U.S. Patent No. 7,764,231 ("the '231 Patent"). Docket Nos. 517, 551. Claim 25 is a method claim with three steps. The Court explained that the "second obtaining step" was conditional. Docket No. 551 at 13–14. Specifically, the second obtaining step may but need not be performed in the circumstances in which the "first collection of measurements" is available. *Id.* Generally speaking, if the first step of the claim is performed, then the claim no longer requires the second obtaining step. AT&T now moves for further clarification and requests that the

1

second location technique be construed as conditional in the same manner. In the event the Court rejects AT&T's construction, AT&T moves for summary judgment of invalidity arguing claim 25 improperly claims both a system and a method.

Claim 25 recites a method of using two location techniques to provide a location estimate of a mobile station. The first location technique is directed to using satellites for determining the mobile station's location information, and the second location technique is directed to using terrestrial stations for determining the mobile station's location information. Step 1 of the claim, the "first obtaining step," uses the first location technique to obtain the mobile station's location information. This step is performed when the first collection of measurements is available. Docket No. 551 at 13–14. Step 2 of the claim, the "second obtaining step," uses the second location technique to obtain the mobile station's location information. This step may, but need not, be performed when the first collection of measurements is available. Docket No. 551 at 13–14. The second technique is to be used at least when the first collection of measurements is unavailable (and therefore the first technique cannot be used).

In other words, claim 25 describes the conditions in which one or both of the techniques are used to obtain location information. While there are circumstances in which the second technique is not used to obtain location information, the method still requires both the first and second techniques. Therefore, the Court declines to adopt AT&T's proposed construction that the second technique is conditional.

AT&T argues if the second location technique is required, then the claim is invalid because it covers both a system and a method for using that system. AT&T conflates a technique and the structure used to implement the technique. *Cf. IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) (holding invalid the following claim as covering both

2

a system and a method: "The system of claim 2 [including an input means] wherein the predicted transaction information comprises both a transaction type and transaction parameters associated with that transaction type, and the user uses the input means to either change the predicted transaction information or accept the displayed transaction type and transaction parameters." (emphasis in original)). Here, claim 25 is a method of using the first and second techniques, but does not claim the structure or system that uses these two techniques. Therefore, the Court **DENIES** AT&T's Motion for Summary Judgment of Invalidity. Accordingly, AT&T's Motion in its entirety is **DENIED**.

## TRACBEAM'S MOTION TO STRIKE DR. BARTONE'S CLAIM CONTRUCTIONS

TracBeam objects to AT&T's technical expert Dr. Bartone's opinion regarding the "outputting," "determining," and "location related response information" terms.[1] In its *Markman* Order, the Court determined no construction was necessary for any of these terms. Docket No. 352 at 37–38. In offering his interpretation of these terms, Dr. Bartone bolsters his opinions by relying on "suggestions" he finds in the *Markman* Order's "reasoning." Docket No. 568 at 2–7. At the December 2, 2013 pretrial hearing, the Court told AT&T that Dr. Bartone may not refer to the Markman in this manner for support of his opinions. AT&T has assured the Court Dr. Bartone would not do so. Docket No. 577 at 2.

TracBeam further objects to Dr. Bartone's opinions regarding the "outputting" and "determining" terms as contrary to the plain and ordinary meaning of the terms. Docket No. 568 at 1–6. Specifically, TracBeam asserts that for these two terms, precluding Dr. Bartone from referring to the *Markman* Order is not enough. According to TracBeam, Dr. Bartone's opinions contradict the plain and ordinary meaning of these two terms to such an extent they must be

---

[1] TracBeam has made a similar request in its Motion in Limine No. 1. Docket No. 494 at 1–4.

excluded altogether. AT&T counters Dr. Bartone's opinions are legally sufficient and that he correctly applies his interpretation of the plain and ordinary meaning of these two terms.

The excerpts of Dr. Bartone's opinions provided in AT&T's response brief do not contradict the plain and ordinary meaning of the terms to such an extent for the Court to exclude them. *See* Docket No. 577 at 5–6. It is true that AT&T's expert disagrees with TracBeam's expert regarding the plain and ordinary meaning. Such a dispute is expected and Dr. Bartone's opinions are not so far afield from the *Markman* Order as to hold them legally insufficient. Therefore the issue of whether Dr. Bartone is correct in his application of the plain and ordinary meaning is a question of fact for the jury. Accordingly, TracBeam's Motion is **DENIED**.

**AT&T'S MOTION TO STRIKE DR. ROSE'S SECOND SUPPLEMENTAL REPORT**

TracBeam's technical expert, Dr. Rose, served a supplemental infringement report on November 9, 2013. The Court previously granted AT&T's motion to strike a limited portion of Dr. Rose's report. Docket No. 568. In the instant motion, AT&T requests the Court to strike the entirety of Dr. Rose's November 9 report.

Though AT&T's motion requests Dr. Rose's entire report be stricken, the parties' briefing focuses on Dr. Rose's treatment of the confidence value in his infringement theory. AT&T claims Dr. Rose has made a 180-degree turn. According to AT&T, Dr. Rose originally opined that the location estimate "depends" upon the confidence value because it "includes" the confidence value. Docket No. 569 at 4–5. However, in his November 9 report, according to AT&T, Dr. Rose claims the location estimate is dependent upon the confidence value if it includes an uncertainty radius that was calculated using a confidence value. *Id.* Additionally, AT&T argues Dr. Rose's November 9 report was untimely and should be excluded for that reason as well.

TracBeam argues these opinions were necessary in light of AT&T's supplemental infringement report filed on November 4. According to TracBeam, that report contained new metrics not previously disclosed and Dr. Rose has a right and obligation to respond to them. TracBeam also argues it has been preparing for a December 9 trial on the assumption that AT&T did not object to the other portions of Dr. Rose's report and that it is too close to trial to allow AT&T to now move to strike Dr. Rose's entire report.

Here, AT&T has failed to show it would suffer significant prejudice if Dr. Rose was allowed to rely upon his November 9 report. AT&T produced metrics concerning the confidence value in its November 4 report. The Court has previously ruled AT&T may rely on this evidence. Docket No. 565 at 2. Dr. Rose's rebuttal opinions appear to be a fair response to this previously undisclosed information. The fact that AT&T has not moved to strike these opinions sooner tends to support this assessment. Accordingly, AT&T's Motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, AT&T's Motion for Summary Judgment of Invalidity and Supplemental Claim Construction is **DENIED**, TracBeam's Motion to Strike Dr. Bartone's Opinions is **DENIED**, and AT&T's Motion to Strike Dr. Rose's Second Supplemental Report is **DENIED**.

**So ORDERED and SIGNED this 6th day of December, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**